JUDGE DANIELS

James M. Lenaghan (JL 6473)
Aimee P. Levine (AL 4386)
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

**07 CV    7310**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

METROPOLITAN LIFE INSURANCE
COMPANY,

                    Plaintiff,

      -against-

KATHRYN CLAIRE CAMPBELL,
CATHERINE LEE WERNER, and SHARON
CAMPBELL,

                    Defendants.

-------------------------------------------------------X

Civil Action No.

**COMPLAINT IN
INTERPLEADER**

      Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, d'Arcambal, Levine & Ousley, LLP, for its interpleader complaint, alleges as follows:

### PARTIES

    1.    Interpleader plaintiff MetLife is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York, New York. MetLife is duly licensed to do business in the State of New York.

    2.    Upon information and belief, defendant Catherine Lee Werner ("Werner") is the spouse of Cole Campbell (the "Decedent"). She resides in St. Louis, Missouri (having recently moved there from Nevada).

3.    Upon information and belief, defendant Kathryn Claire Campbell ("K. Campbell") is a surviving daughter of the Decedent. She resides in Brooklyn, New York.

4.    Upon information and belief, defendant Sharon D. Campbell ("S. Campbell") is an ex-spouse of the Decedent. She resides in Chapel Hill, North Carolina.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967)*.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) (the district where the claim substantially arose).

7.    Nationwide service of process is authorized under 28 U.S.C. § 2361.

## CAUSE OF ACTION IN INTERPLEADER

8.    The Decedent was insured under Plaintiff's Certificate Number 0000003220 under a group variable universal life insurance policy sponsored by Pulitzer Publishing Company. The death benefit under the policy was $1,026,000.

9.    Upon information and belief, the Decedent was a resident of Nevada on the date of his death.

10.    On January 5, 2007, the Decedent died. A true and correct copy of the certified death certificate is attached hereto as *Exhibit A*.

11.    On the most recent designation of beneficiary form on file, one beneficiary of record was Werner for 70% of the proceeds. Other beneficiaries of record were K. Campbell for 20% of the proceeds and S. Campbell for 10% of the proceeds. A true and correct copy of the printout of said March 10, 2003 beneficiary designation is attached hereto as *Exhibit B*.

12.    As a consequence of the Decedent's death, $1,026,000 in life insurance benefits became available in total to the beneficiaries.

13.    Werner as beneficiary of 70% of the policy proceeds has been paid her claim for that percentage of the policy proceeds.

14.    However, a dispute has arisen for the remaining 30% of the policy proceeds. K. Campbell claims 20% of the policy proceeds ($205,200) and S. Campbell claims 10% of the policy proceeds ($102,600). Their claims are based primarily on the shares listed in the March 2003 designation of beneficiary form. Further, K. Campbell has filed a civil lawsuit with the number CV07 01631 in the Second Judicial District Court for Washoe County, Nevada ("the Nevada lawsuit") seeking payment of 20% of the proceeds. A true and correct copy of the Nevada lawsuit is attached hereto as *Exhibit C*.

15.    Werner also claims this remaining 30% share of the proceeds. She bases her claim on several items, including an affidavit from the Decedent's financial planner, an income worksheet, prepared by the Decedent shortly before his death, and a letter from a financial services professional. A true and correct copy of a letter from MetLife to Werner, S. Campbell, and Natalie Reed, the attorney for K. Campbell, and reciting the factual dispute in detail is attached hereto as *Exhibit D*. Further, in the Nevada lawsuit Werner has filed a cross-claim against MetLife seeking entitlement to the proceeds and other amounts in costs, fees and potential damages. A true and correct copy of that cross-claim is attached hereto as *Exhibit E*.

16.     Given this factual dispute and the pendency of the Nevada lawsuit and cross-claim, MetLife cannot determine whether the respective 20% and 10% shares of the policy proceeds may be safely paid to K. Campbell and S. Campbell as the designated beneficiaries, or whether Werner should receive the remaining 30% of the proceeds.

17.     By reason of the actual or potential claims of the interpleading defendants, MetLife is, or may be, exposed to multiple liability.

18.     MetLife, as a mere stakeholder, has no interest (except to recover its attorneys fees and costs of this action) in the total benefits payable, and respectfully requests that this Court determine to whom said benefits should be paid.

19.     MetLife accordingly will deposit into the Registry of the Court the current value of the 30% of the policy proceeds which is due and owing in accordance with the terms of the insurance contract for disbursement in accordance with the judgment of this Court.

20.     MetLife has not brought this Complaint in Interpleader at the request of any or all of the claimants; there is no fraud or collusion between MetLife and any or all of the claimants; and MetLife brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

21.     Until this Court rules on the issue of whether Werner, or, in the alternative K. Campbell and S. Campbell, are entitled to the remaining proceeds in question, MetLife cannot safely determine the proper recipient(s) of the policy proceeds without risking exposure to multiple liability.

**WHEREFORE,** MetLife demands judgment as follows:

i.    Restraining each of the defendants by Order and Injunction of this Court from instituting or pursuing any action, including but not limited to the Nevada lawsuit and cross-claim, against MetLife for the recovery of any proceeds under the policy pursuant to 28 U.S.C. § 2361;

ii.   Requiring the defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject proceeds in this action;

iii.  Enjoining each of the defendants from instituting or prosecuting any proceeding in any state or United States court, including but not limited to the Nevada lawsuit, affecting the policy proceeds or interest involved in this Interpleader action pursuant to 28 U.S.C. § 2361;

iv.   Requiring that defendants settle and adjust among themselves, or upon their failure to do so, that this Court settle and adjust the claims and determine to whom the remaining policy proceeds should be paid;

v.    Permitting MetLife to deposit the amount of said proceeds, $307,800 (plus applicable interest, if any), into the Registry of this Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

vi.   Dismissing MetLife with prejudice and discharging MetLife and Decedent's employer Pulitzer Publishing Co. from any further liability upon payment of the aforementioned proceeds into the Registry of this Court or as otherwise directed by this Court and dismissing with prejudice this action as to MetLife as well as the Nevada lawsuit and cross-claim;

vii.  Awarding MetLife its costs and attorneys fees;

viii. Awarding MetLife any other and further relief that this Court deems just and proper.

Dated:  August 15, 2007
New York, New York

d'ARCAMBAL, LEVINE & OUSLEY, LLP

By: _____

James M. Lenaghan
Aimee P. Levine

40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Interpleader Plaintiff
Metropolitan Life Insurance Company

Exhibit A

# WASHOE COUNTY DISTRICT HEALTH DEPARTMENT
## VITAL STATISTICS
### Reno, Nevada

## CERTIFICATE OF DEATH

**2007000045**
STATE FILE NUMBER

**TYPE OR PRINT IN PERMANENT BLACK INK**

**DECEDENT**

| 1a. DECEASED-NAME FIRST | 1b. MIDDLE | 1c. LAST | 2. DATE OF DEATH (Mo/Day/Year) | 3a. COUNTY OF DEATH |
|---|---|---|---|---|
| Cole | Charles | CAMPBELL | January 05, 2007 | Washoe |

| 3b. CITY, TOWN, OR LOCATION OF DEATH | 3c. HOSPITAL OR OTHER INSTITUTION - Name(If not either, give street and number) | 3d. If Hosp. or Inst. indicate DOA,OP/Emer. Rm. inpatient(Specify) | 4. SEX |
|---|---|---|---|
| Reno | Renown Regional Medical Center | Inpatient | Male |

| 5. RACE-(e.g., White, Black, American Indian) (Specify) | 6. Was Decedent of Hispanic Origin? If yes, specify Mexican, Cuban, Puerto Rican, etc. | 7a. AGE-Last birthday (Years) | 7b. UNDER 1 YEAR MOS / DAYS | 7c. UNDER 1 DAY HOURS / MINS | 8. DATE OF BIRTH (Mo/Day/Yr) |
|---|---|---|---|---|---|
| White | Non-hispanic | No | 53 | | | August 10, 1953 |

| 9a. STATE OF BIRTH (If not U.S.A. name country) | 9b. CITIZEN OF WHAT COUNTRY | 10. EDUCATION | 11. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) | 12. SURVIVING SPOUSE (if wife, give maiden name) |
|---|---|---|---|---|
| Virginia | United States | 16 | Married | Catherine L WERNER |

| 13. SOCIAL SECURITY NUMBER | 14a. USUAL OCCUPATION (Give Kind of Work Done During Most of Working Life, Even if Retired) | 14b. KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| 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 | Dean Of School Of Journalism | Nevada State University |

| 15a. RESIDENCE - STATE | 15b. COUNTY | 15c. CITY, TOWN OR LOCATION | 15d. STREET AND NUMBER | 15e. INSIDE CITY LIMITS (Specify Yes or No) |
|---|---|---|---|---|
| Nevada | Washoe | Reno | 4955 Aberfeldy Road | Yes |

**PARENTS**

| 16. FATHER - NAME (First Middle Last Suffix) | 17. MOTHER - NAME (First Middle Last Suffix) |
|---|---|
| John Robley CAMPBELL | Susie C CLARKE |

| 18a. INFORMANT-NAME (Type or Print) | 18b. MAILING ADDRESS (Street or R.F.D. No, City or Town, State, Zip) |
|---|---|
| Catherine L WERNER | 4955 Aberfeldy Road Reno, Nevada 89519 |

**DISPOSITION**

| 19a. BURIAL, CREMATION, REMOVAL, OTHER (Specify) | 19b. CEMETERY OR CREMATORY NAME | 19c. LOCATION City or Town State |
|---|---|---|
| Cremation | Sierra Crematory | Reno Nevada 89501 |

| 20a. FUNERAL DIRECTOR - SIGNATURE (Or Person Acting as Such) | 20b. FUNERAL DIRECTOR LICENSE | 20c. NAME AND ADDRESS OF FACILITY |
|---|---|---|
| TAMMY DERMODY SIGNATURE AUTHENTICATED | 08 | Walton's Funeral Home, Reno 875 West Second St Reno NV 89503 |

**TRADE CALL** — TRADE CALL - NAME AND ADDRESS

**CERTIFIER**

| 21a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) | 22a. On the basis of examination and/or investigation, in my opinion, death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) VERNON MCCARTY SIGNATURE AUTHENTICATED |
|---|---|

| 21b. DATE SIGNED (Mo/Day/Yr) | 21c. HOUR OF DEATH | 22b. DATE SIGNED (Mo/Day/Yr) January 09, 2007 | 22c. HOUR OF DEATH 10:55 |
|---|---|---|---|

| 21d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) | 22d. PRONOUNCED DEAD (Mo/Day/Yr) January 05, 2007 | 22e. PRONOUNCED DEAD AT (Hour) 10:55 |
|---|---|---|

| 23a. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, ATTENDING PHYSICIAN, MEDICAL EXAMINER, OR CORONER) (Type or Print) Coroner Vernon McCarty Po Box 11130 Reno, NV 89520 | 23b. LICENSE NUMBER WCC S.35 |
|---|---|

**REGISTRAR**

| 24a. REGISTRAR (Signature) LAURA DANIELS SIGNATURE AUTHENTICATED | 24b. DATE RECEIVED BY REGISTRAR (Mo/Day/Yr) January 10, 2007 | 24c. DEATH DUE TO COMMUNICABLE DISEASE YES ☐ NO ☒ |
|---|---|---|

**CAUSE OF DEATH**

**CONDITIONS IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE STATING THE UNDERLYING CAUSE LAST**

| 25. IMMEDIATE CAUSE (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c)) | Interval between onset and death |
|---|---|
| PART I (a) Cervical fracture with asphyxia | |
| DUE TO, OR AS A CONSEQUENCE OF (b) Blunt force automobile trauma | Interval between onset and death |
| DUE TO, OR AS A CONSEQUENCE OF (c) | Interval between onset and death |

| PART II OTHER SIGNIFICANT CONDITIONS-Conditions contributing to death but not resulting in the underlying cause given in Part 1. | 26. AUTOPSY (Specify Yes or No) Yes | 27. WAS CASE REFERRED TO CORONER (Specify Yes or No) Yes |
|---|---|---|

| 28a. ACC., SUICIDE, HOM., UNDET. OR PENDING INVEST. (Specify) ACCIDENT | 28b. DATE OF INJURY (Mo/Day/Yr) January 05, 2007 | 28c. HOUR OF INJURY 0959 | 28d. DESCRIBE HOW INJURY OCCURRED Driver of automobile that left roadway and overturned |
|---|---|---|---|

| 28e. INJURY AT WORK (Specify Yes or No) No | 28f. PLACE OF INJURY-At home, farm, street, factory, office building, etc. (Specify) Street | 28g. LOCATION STREET OR R.F.D. No. South McCarran Boulevard north of Greensburg Circle | CITY OR TOWN Reno | STATE Nevada |
|---|---|---|---|---|

**STATE REGISTRAR**

**RECEIVED**

**FEB 01 2007**

MetLife Claims Dept.
St. Louis, MO

This is to certify that the above is a true and legal copy of the record on file in this office.

Deputy Registrar: _Mary A. Anderson_    Date: JAN 12 2007

WARNING: IT IS ILLEGAL TO ALTER OR COPY THIS DOCUMENT

Exhibit B



GVUL eServices : Transaction Details - Microsoft Internet Explorer

Address https://gvuleservice.metlife.com/ins/v

File  Edit  View  Favorites  Tools  He

MetLife

St. Louis, MO 63105
190 Carondelet Plaza

| | |
|---|---|
| Owner Name | COLE C CAMPBELL |
| Insured Name | COLE C CAMPBELL |
| Certificate Number | 0000003220 |
| Date | 3/10/03 |
| Time | 5:14 PM |
| Type | Change Beneficiary |

Transaction Status    Processed
Status Effective Date  3/11/2003

(314) 756-0124 TOLL FREE
(314) 862-4502 FAX

Request Type: Change Beneficiary
Primary Beneficiary(1)
Name: Catherine Lee Werner
Street Address: 724 W Briar Place
No 1
City: Chicago
State: IL
Country: USA
Zip: 60657
Relationship to Insured: Spouse
Designation Amount: 70%
Primary Beneficiary(2)
Name: Kathryn Claire Campbell
Street Address: 519 West 121st Street
Apt 5
City: New York
State: NY
Country: USA
Zip: 10027
Relationship to Insured: Daughter
Designation Amount: 20%
Primary Beneficiary(3)
Name: Sharon Dennis Campbell
Street Address: 106 Channing
City: Chapel Hill
State: NC
Country: USA
Zip: 27516
Relationship to Insured: Ex-wife
Designation Amount: 10%
E-mail Address: colecc@rcn.com
Daytime Phone Number: 773-348-2729
Best time for contact: 9 a.m. to 5 p.m.

View Website
Transactions

Insurance Needs
Calculator

Features and Benefits

Freq. Asked Questions

Glossary

Contact Us

Site Map

View Another
Certificate

Logout

Exhibit C

10:35
7-24-07

Code: 4085

# IN THE SECOND JUDICIAL DISTRICT COURT

## STATE OF NEVADA, COUNTY OF WASHOE

KATHRYN CLAIRE CAMPBELL

**PLAINTIFF,**

vs

CATHERINE WERNER; SHARON
D. CAMPBELL; METROPOLITAN **DEFENDANT.**
LIFE INSURANCE COMPANY, a Foreign
corporation; and
DOES I-V,

Case No. **CV07 01631**

Dept. No. _____

**SUMMONS** ~~METROPOLITAN LIFE INSURANCE COMPANY,~~ a Foreign corporation

*TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND, IN WRITING, WITHIN 20 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.*

A civil complaint or petition has been filed by the plaintiff against you for the relief as set forth in that document (see complaint or petition on file). When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4 (b). The object of this action is: _____

1. If you intend to defend this lawsuit, you must do the following within 20 days after service of this summons, exclusive of the day of service:

   a. File with the Clerk of Court, whose address is shown below, a formal written answer to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;

   b. Serve a copy of your answer upon the attorney or plaintiff whose name and address is shown below.

2. Unless you respond, a default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the complaint.

   Dated this _____ day of **JUL 2 0 2007** _____,  _____

Issued on behalf of plaintiff or plaintiff's attorney:        RONALD A. LONGTIN, JR., CLERK OF THE COURT

Name: Barry L. Breslow/Natalie J. Reed          By: _____ **D. Jaramillo**
Address: 71 Washington Street
Reno, NV 89503                                  SECOND JUDICIAL DISTRICT COURT
Phone Number: (775) 329-3151                    75 COURT STREET
                                                RENO, NEVADA 89501

**AFFIDAVIT OF SERVICE**
(For General Use)

STATE OF _____ )
                                  )ss:
COUNTY OF _____ )

_____, being first duly sworn, deposes and says: That affiant is a
citizen of the United States, over 18 years of age, and that affiant received the Summons on the _____ day of
_____, _____, and personally served _____,
the within named defendant, on the _____ day of _____, in the County of
_____, State of _____, by delivering a copy of the Summons
attached to a copy of the Complaint/Petition.
(If other documents are also served, list here)

_____
_____
_____
_____
_____

                                             _____
                                             Signature of Person Making Service
Subscribed and Sworn to before me this
_____ day of _____, _____.

_____
Notary Public

**AFFIDAVIT OF MAILING**
(For use when service is by *publication and mailing*)

STATE OF _____ )
                                  )ss:
COUNTY OF _____ )

_____, being first duly sworn, deposes and says: That on the
_____ day of _____, _____, affiant deposited in the United States mail at Reno, Nevada,
a copy of the within Summons and Complaint/Petition addressed as follows:
                Name of Defendant: _____
                      Address: _____
                               _____
                               _____

                                             _____
                                             Signature of Person Who Mailed the Document
Subscribed and Sworn to before me this
_____ day of _____, _____.

_____
Notary Public

NOTE: If service is made in any manner permitted by NRCP Rule 4, other than personally upon the defendant, or is
made outside the United States, a special affidavit or return must be made.

$1425
BARRY L. BRESLOW, ESQ.
Nevada State Bar No. 3023
NATALIE J. REED, ESQ.
Nevada State Bar No. 7495
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, Nevada 89503
Telephone:   (775) 329-3151
Facsimile:    (775) 329-7169
Attorneys for Plaintiff Kathryn Claire Campbell

FILED

2007 JUL 20 PM 3: 58

RONALD A. LONGTIN, JR.

BY_____D. Jaramillo
           DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

KATHRYN CLAIRE CAMPBELL,

      Plaintiff,

vs.

CATHERINE WERNER; SHARON
D. CAMPBELL; METROPOLITAN
LIFE INSURANCE COMPANY, a
Foreign corporation; and DOES I-V,

      Defendants.

_____/

CASE NO.   CV07 01631

DEPT.

### COMPLAINT FOR DECLARATORY RELIEF
### (EXEMPTION FROM ARBITRATION REQUESTED)

For her Complaint, Plaintiff Kathryn Claire Campbell (hereinafter "Plaintiff")

alleges as follows:

### PARTIES

1.   Plaintiff is a resident of the State of New York, and the named

beneficiary of a twenty percent (20%) interest in life insurance policy number

0000003220 issued by Defendant Metropolitan Life Insurance Company

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

(hereinafter "MetLife") on the life of Cole C. Campbell (hereinafter "the life insurance policy").

2.    Upon information and belief, Defendant Catherine Werner ("Werner") is a resident of Washoe County, Nevada and a named beneficiary of a seventy percent (70%) interest in the life insurance policy.

3.    Upon information and belief Defendant Sharon D. Campbell (hereinafter "Defendant Campbell") is a resident of North Carolina and a named beneficiary of a ten percent (10%) interest in the life insurance policy.

4.    Upon information and belief, MetLife is a Foreign corporation qualified and doing business in the State of Nevada with its principal place of business in St. Louis, Missouri.

5.    Defendants DOES I - V, inclusive, are the fictitious names of Defendants who are the agents, representatives, and/or employees of the named Defendants who are equally responsible for Plaintiff's damages as alleged herein, in either a representative capacity or by virtue of independent acts or omissions. When the true names and identities of these DOE Defendants are ascertained, Plaintiff will seek leave to amend this Complaint to insert their true names and identities.

## FACTUAL ALLEGATIONS

6.    Cole C. Campbell (hereinafter the "Decedent") died February 5, 2007, in Washoe County, Nevada.

7.    Plaintiff is the Decedent's daughter.

8.    Defendant Werner is the Decedent's surviving spouse.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

2

9.    Defendant Campbell is the Decedent's ex-wife.

10.    Plaintiff received a letter from Defendant MetLife dated January 19, 2007, stating that Plaintiff was a named beneficiary of the Decedent's life insurance policy.  A true and correct copy of that letter is attached hereto as **Exhibit A**.

11.    Plaintiff filed a claim with Defendant MetLife to receive her twenty percent (20%) share of the Decedent's life insurance policy.

12.    Upon information and belief, Defendant Werner has filed a written objection with MetLife to the distribution of Plaintiff's twenty percent (20%) share of the Decedent's life insurance policy.

13.    Upon information and belief, Defendant Werner has also filed a written objection with MetLife to the distribution of Defendant Campbell's ten percent (10%) share of the Decedent's life insurance policy.

14.    As of this date, Plaintiff has not received her twenty percent (20%) share of the Decedent's life insurance policy from MetLife as a result of Defendant Werner's actions.

15.    Upon information and belief, Defendant Campbell has not received her ten percent (10%) share of the Decedent's life insurance policy from MetLife as a result of Defendant Werner's actions.

16.    Although Plaintiff has demanded that MetLife release the Plaintiff's twenty percent (20%) interest in the Decedent's life insurance policy to Plaintiff, Defendant MetLife has refused, and continues to refuse, to do so.

17.    Upon information and belief, although Defendant Campbell has

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

demanded that MetLife release Defendant Campbell's ten percent (10%) interest in the Decedent's life insurance policy to Defendant Campbell, Defendant MetLife has refused, and continues to refuse, to do so.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief Against All Defendants)

18.    Plaintiff incorporates the allegations contained in paragraphs 1 through 17 of her Complaint as though set forth herein.

19.    A dispute exists as to whether Plaintiff is entitled to her twenty percent (20%) interest in the Decedent's life insurance policy. Plaintiff maintains that she is entitled to a twenty percent (20%) interest, and Defendant Werner maintains that Plaintiff is not entitled to that twenty percent (20%) interest.

20.    Upon information and belief, a dispute exists as to whether Defendant Campbell is entitled to her ten percent (10%) interest in the Decedent's life insurance policy. Upon information and belief, Defendant Campbell maintains that she is entitled to a ten percent (10%) interest, and Defendant Werner maintains that Defendant Werner is not entitled to that twenty percent (20%) interest.

21.    Defendant MetLife is unwilling to release to Plaintiff her twenty percent (20%) interest in the Decedent's life insurance policy without a judicial determination of Plaintiff's rights.

22.    Accordingly, Plaintiff seeks a declaratory judgment from the Court pursuant to NRCP 57 and NRS Chapter 30 that she is entitled to a twenty percent (20%) distribution of the Decedent's life insurance policy, notwithstanding the objection of any Defendant hereto.

23.    Plaintiff further asserts that there is no just cause or other legal

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

4

impediment to a distribution of her twenty percent (20%) interest in the Decedent's life insurance policy, and asks the Court to so hold.

24.    Due to Defendant Werner's action, Plaintiff has incurred legal fees and costs associated with prosecuting this action, and seeks reimbursement therefore to the extent allowed under Nevada law.

WHEREFORE, Plaintiff prays for relief as follows:

1.    For declaratory relief in the form of an Order by this Court finding her the beneficiary of twenty percent (20%) of Cole C. Campbell's MetLife Insurance Policy with accrued interest from the date of the Decedent's death, and ordering distribution to her by MetLife immediately;

2.    For costs of court and attorney's fees incurred;

3.    For such other and further relief as the Court finds just and proper.

DATED this ____20____ day of July, 2007.

ROBISON, BELAUSTEGUI, SHARP & LOW
A Professional Corporation
71 Washington Street
Reno, Nevada 89503


BARRY L. BRESLOW
NATALIE J. REED
Attorneys for Kathryn Claire Campbell


J:\WPData\NJR\25090.001-CAMPBELL Probate\P-Complaint.NJR.7.20.07.wpd

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
ENO, NEVADA 89503
TELEPHONE
(7751 329-3151

5

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, **COMPLAINT**; filed in case number:

☒     Document does not contain the social security number of any person.

-OR-

☐     Document contains the social security number of a person as required by:

    ☐     A specific State or Federal Law, to wit:

_____

(state specific State or Federal Law)

-or-

    ☐     For the administration of a public program.

-or-

    ☐     For a application for a Federal or State Grant.

DATED this 20th day of July, 2007.

ROBISON, BELAUSTEGUI, SHARP & LOW
a Professional Corporation
71 Washington Street
Reno, Nevada 89503

By: _____

BARRY L. BRESLOW
NATALIE J. REED
Attorneys for Kathryn Claire Campbell

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
ENO, NEVADA 89503
TELEPHONE
(775) 329-3151

6

Exhibit D

190 Carondelet Plaza
St. Louis, MO 63105

# MetLife®

June 26, 2007

Ms. Catherine Lee Werner
4955 Aberfeldy Road
Reno, NV 89519
Via Federal Express

(800) 846-0124
(314) 756-4502 FAX

Ms. Sharon D. Campbell
106 Channing Lane
Chapel Hill, NC 27516
Via Federal Express

Natalie Reed, Esq.
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, NV 89503
Via Fax: 775-329-7941

Re:  Insured:            Campbell, Cole C. ("decedent")
     Group and No.:       Pulitzer Publishing Co./0103061E
     Amount:              $307,800 (30% of the total benefit)(GVUL)
     Ms. Reed's Client:   Ms. Kathryn Claire Campbell

Dear Ms. Werner, Ms. Campbell and Ms. Reed:

We have thoroughly reviewed your claims for the referenced benefits, which constitute 30% of the total benefit amount of $1,026,000. As you know, the remaining 70% of the benefit amount is not at issue, and has been previously paid to Ms. Catherine Lee Werner.

Unfortunately, Kathryn Claire Campbell's claim for 20% of the total benefit [$205,200] and Sharon D. Campbell's claim for 10% of the total benefit [$102,600], both based on the latest beneficiary designation on file; and Ms. Catherine Lee Werner's claim, based on documentary and other evidence that the decedent intended that Ms. Werner be sole primary beneficiary and receive 100% of the total benefit, and he believed the latest beneficiary designation on file so provided, are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing MetLife to the danger of double liability.

The certificate of insurance provides that the beneficiary is "The person named in the application or by later designation to receive the proceeds in the event of the insured's death." It further provides, in relevant part, that "During the insured's lifetime you may change the ownership and beneficiary designations, subject to any restrictions as stated in the Owner or Beneficiary provisions. You must make the change in written form satisfactory to us."

Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell rely on the latest beneficiary designation on file, which name them as beneficiaries for 20% and 10%, respectively, of the total benefit amount. As noted above, Ms. Catherine Lee Werner is named as the beneficiary for the remaining 70% of the total benefit amount, which is not at issue and has been paid. However, Ms. Werner has also submitted a claim for the remaining 30% of the total benefit amount, and in support of her claim has submitted to MetLife documentary and other evidence, including a sworn affidavit from the decedent's financial

June 26, 2007
Page 2

planner, an income worksheet prepared by the decedent shortly before his death, and a letter from a financial services professional. The evidence submitted by Ms. Werner raises both factual and legal issues regarding the decedent's intent with respect to the remaining 30% of the total benefit at issue. More specifically, the documentation and information provided by Ms. Werner raises factual issues as to whether the decedent intended that the entire 100% of the benefit amount be paid to Ms. Werner; and whether the decedent believed that Ms. Werner was in fact named as the sole primary beneficiary for 100% of the benefit amount. We cannot tell whether a court would find that the documentation and information provided by Ms. Werner is factually and legally sufficient to evidence the decedent's intent that the remaining benefit be paid to her. If a court were to so find, then the benefits would be payable to Ms. Werner. If a court were to find the evidence insufficient, then the benefits would be payable to Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell, in accordance with the percentages indicated in the beneficiary designation on file.

Thus, it is unclear whether Ms. Werner is the proper beneficiary, or Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell are the proper beneficiaries. Consequently, MetLife is presented with questions of fact and/or law that it cannot resolve without exposing it to the danger of double liability.

MetLife is therefore required by law to initiate what is called an interpleader action to permit a court to decide between the claims. Before doing so, however, MetLife will give you the opportunity to try to resolve the matter in order to preserve the proceeds from litigation costs and fees. Please inform this office in writing within thirty days of the date of this letter whether you believe you will be able to reach an amicable compromise of these claims. If you cannot reach an agreement, or you do not timely contact this office in writing, you will be notified of the lawsuit in due course. If you can reach an agreement, you may submit a duly-executed settlement agreement setting forth the details of your compromise regarding the referenced benefit plan sufficient to permit MetLife to draw the checks correctly, and also releasing any and all claims against MetLife. If these documents are acceptable to MetLife, the proceeds will be paid in accordance with your compromise. If they are not, we may ask you to sign an additional release.

If you have any questions, you may contact the undersigned at 314-719-5339.

Sincerely,

Andrea White

Andrea White
Customer Relations Specialist / Claims
Group Life Products - GVUL
Registered Representative

Exhibit E

1137
Sandra G. Lawrence, NV Bar No. 2737
Paul Cotsonis, NV Bar No. 8786
Dyer, Lawrence, Penrose
Flaherty & Donaldson
2805 Mountain Street
Carson City, NV 89703
Telephone: (775) 885-1896
Attorneys for Defendant Catherine Werner

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| KATHRYN CLAIRE CAMPBELL, | CASE NO.: CV07 01631 |
| Plaintiff, | ANSWER TO COMPLAINT FOR DECLARATORY RELIEF; and CROSS CLAIM |
| vs. | |
| CATHERINE WERNER; SHARON D. CAMPBELL; METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation; and, DOES I-V, | |
| Defendants, | |
| and | |
| CATHERINE LEE WERNER, | |
| Cross Claimant, | |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation; and DOES I-V, | |
| Cross Defendants | |

Defendant, Catherine Lee Werner, (hereinafter "Defendant Werner") in answer to the complaint for declaratory relief, filed in the above-captioned matter, does herein admit, deny, and allege as follows:

1. Answering paragraph 1, Defendant Werner admits, based on information and belief, that Plaintiff is a resident of the State of New York. Defendant Werner further admits the existence of a life insurance policy number 0000003220 issued by Defendant

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

1    Metropolitan Life Insurance Company (hereinafter "MetLife") on the life of Cole C.

2    Campbell (hereinafter the "Life Insurance Policy").    Defendant Werner denies the

3    remaining allegations in paragraph 1.

4        2. Answering paragraph 2, Defendant Werner admits that she received a seventy

5    percent (70%) interest in the proceeds of the Life Insurance Policy as a named beneficiary

6    of that policy, but denies the remaining allegations in paragraph 2.    Defendant Werner

7    herein alleges that her domicile is in the State of Missouri.

8        3. Answering paragraph 3, Defendant Werner admits, based on information and

9    belief, that Defendant Sharon D. Campbell (hereinafter "Defendant Campbell") is a resident

10   of North Carolina but denies the remaining allegation in paragraph 3.

11       4. Answering paragraph 4, Defendant Werner is without information sufficient to

12   form a belief as to the truth or falsity of the allegation contained in paragraph 4, and

13   therefore denies such allegation.

14       5. Answering paragraph 5, Defendant Werner is without information sufficient to

15   form a belief as to the truth or falsity of the allegations contained in paragraph 5, and

16   therefore denies such allegations.

17       6. Answering paragraph 6, Defendant Werner admits the allegation in paragraph

18   6, except that Cole C. Campbell (hereinafter "Decedent") died on January 5, 2007, not on

19   February 5, 2007, as averred in the Complaint.

20       7. Answering paragraph 7, Defendant Werner admits the allegation in paragraph

21   7.

22       8. Answering paragraph 8, Defendant Werner admits the allegation in paragraph

23   8.

24       9. Answering paragraph 9, Defendant Werner admits the allegation in paragraph

25   9.

26       10. Answering paragraph 10, Defendant Werner is without information sufficient to

27   form a belief as to the truth or falsity of the allegations contained in paragraph 10, and

28   therefore denies such allegations.

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

11. Answering paragraph 11, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 11, and therefore denies such allegation.

12. Answering paragraph 12, Defendant Werner admits that she has filed a written objection with MetLife in regard to the distribution of a portion of the life insurance proceeds under the terms of the policy, but denies the remaining allegation in paragraph 12.

13. Answering paragraph 13, Defendant Werner admits that she has filed a written objection with MetLife in regard to the distribution of a portion of the life insurance proceeds under the terms of the policy, but denies the remaining allegation in paragraph 13.

14. Answering paragraph 14, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 14, and therefore denies such allegation.

15. Answering paragraph 15, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 15, and therefore denies such allegation.

16. Answering paragraph 16, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 16, and therefore denies such allegation.

17. Answering paragraph 17, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 17, and therefore denies such allegation.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief Against All Defendants)

18. Answering paragraph 18, Defendant Werner incorporates by reference each admission and denial made by her in answer to paragraphs 1 through 17, inclusive.

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

1    19. Answering paragraph 19, Defendant Werner admits that a dispute exists as to

2    whether plaintiff is entitled to any interest in decedent's life insurance policy. Defendant

3    Werner denies the remaining allegations.

4    20. Answering paragraph 20, Defendant Werner admits that a dispute exists as to

5    whether Defendant Campbell is entitled to any interest in decedent's life insurance policy.

6    Defendant Werner denies the remaining allegations.

7    21. Answering paragraph 21, Defendant Werner is without information sufficient to

8    form a belief as to the truth or falsity of the allegation contained in paragraph 21, and

9    therefore denies such allegation.

10    22. Answering paragraph 22, Defendant Werner is without information sufficient

11    to form a belief as to the truth or falsity of the allegation contained in paragraph 22, and

12    therefore denies such allegation.

13    23. Answering paragraph 23, Defendant Werner is without information sufficient

14    to form a belief as to the truth or falsity of the allegation contained in paragraph 23, and

15    therefore denies such allegation.

16    24. Answering paragraph 24, Defendant denies the allegation in paragraph 24.

17    <u>FIRST AFFIRMATIVE DEFENSE</u>

18    Plaintiff's complaint fails to set forth a claim upon which relief can be granted against

19    Defendant Werner based on a number of reasons, including, but not limited to, (1)

20    Defendant Werner is not responsible for MetLife's refusal to pay, if it is obligated to do so,

21    (2) MetLife is not an agent under the control of Defendant Werner and, therefore,

22    Defendant Werner is not liable for the actions or inactions of MetLife, and/or (3) the

23    intention of Decedent was that his spouse Defendant Werner receive all the proceeds of

24    his life insurance Policy, in their entirety..

25    <u>SECOND AFFIRMATIVE DEFENSE</u>

26    Plaintiff's complaint should fail for lack of jurisdiction over the subject matter pled.

27    ///

28    ///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 883-1896

- 4 -

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint should fail for lack of jurisdiction over the person of Defendant Werner.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to set forth a claim upon which legal fees and costs can be awarded against Defendant Werner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint as to any claims raised on behalf of Defendant Campbell should fail as Plaintiff has no right to raise such claims on behalf of Defendant Campbell.

### SIXTH AFFIRMATIVE DEFENSE

Defendant MetLife should be estopped from claiming it has no obligation to pay the remaining life insurance proceeds to Defendant Werner in light of the misrepresentations MetLife made to Decedent regarding Decedent's Policy, including but not limited to, inaccurate or misleading information on its eServices web site that indicated that Defendant Werner was Decedent's sole primary beneficiary.

### SEVENTH AFFIRMATIVE DEFENSE

As to any alleged right of Defendant Sharon D. Campbell to the life insurance proceeds, such right arose out of an alimony obligation owed by Decedent under a Decree of Divorce and said obligation has been satisfied. Therefore there has been accord and satisfaction for said obligation and it would be unjust enrichment for Defendant Campbell to receive any insurance proceeds from Decedent.

WHEREFORE, Defendant Werner prays for judgment in its favor and against Plaintiff as follows:

1. That Plaintiff take nothing by way of her complaint and that the same be dismissed;

2. That the Complaint be dismissed for lack of subject matter jurisdiction;

///

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 5 -

3. That the Complaint be dismissed for lack of in personam jurisdiction over Defendant Werner;

4. For an order declaring the that Defendant Catherine Werner is entitled to the remaining life insurance proceeds of the Policy and not Plaintiff or Defendant Campbell;

5. That the Court issue a briefing schedule for the parties to brief the declaratory judgment issues raised in this Complaint;

6. For costs of suit herein incurred;

7. For reasonable attorney's fees; and

8. For such other and further relief as the Court may deem just and proper.

## CROSS CLAIM

Comes now, Cross Claimant, Catherine Werner (hereinafter "Werner"), by and through her attorneys, Dyer, Lawrence, Penrose, Flaherty & Donaldson and files this Cross Claim against Cross Defendant METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, d.b.a. MetLife, Inc. as follows:

## PARTIES

1. Werner resides in Saint Louis, Missouri.

2. Werner is the widow of Cole C. Campbell (hereinafter "Decedent"), who died in Reno, Nevada, on January 5, 2007.

3. Based upon information and belief, Cross Defendant METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, d.b.a. MetLife, Inc., (hereinafter "MetLife") is believed to be a foreign corporation qualified to do business in the State of Nevada and in the State of Missouri, and its principle place of business is in Saint Louis, Missouri.

## STATEMENT OF FACTS

4. At the time of his death, Decedent was the owner of a $1,000,000.00 Metropolitan Life Insurance, Flexible Premium Life Policy, Group: MetLife GVUL ACH Group, Policy Number 0000003220 (hereinafter the "Policy").

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

5. After Decedent's death, Werner filed a claim with MetLife for the proceeds under the Policy, and was informed by MetLife that she would receive only 70% of the Policy proceeds. MetLife has distributed 70% of the Policy proceeds to Werner. Werner is contesting the remaining distribution of the 30 % Policy proceeds.

6. Decedent intended Werner to be the sole primary beneficiary of Decedent's Policy.

7. In 2001, Decedent complied with MetLife's requirement to provide written authorization for MetLife to accept and process electronic transaction requests via MetLife's eServices web site (hereinafter the "eServices").

8. In 2003 and 2005, Decedent used and relied upon the eServices system to administer and make authorized changes to his Policy information, including the designation of beneficiaries.

9. In 2005 MetLife represented to Decedent, on the eServices system, that Werner was the sole Primary Beneficiary of Decedent's Policy.

10. On more then one occasion in 2005 and 2006, Decedent informed Werner that she was the sole beneficiary of his Policy.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

11.    Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10 of this Cross Claim as if each were fully set forth herein.

12. Werner is a  person who may sue for a declaratory judgment under NRS 30.040.

13. A declaration of Werner's rights and status under Decedent's Policy is necessary to determine whether Werner is entitled to the remaining proceeds of the Decedent's Policy.

///

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

## SECOND CLAIM FOR RELIEF

### (Breach of Contract; Breach of Implied Covenant)

14. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Cross Claim as if each were fully set forth herein.

15. The Policy is a contract between MetLife and Decedent. The law implies in every contract a covenant of good faith and fair dealing wherein each party promises to perform the terms and conditions of the contract in good faith and to deal fairly with the other parties to the contract.

16. Werner was a third-party beneficiary of the contact between MetLife and Decedent.

17. MetLife had a legal, contractual and fiduciary obligation to provide accurate and complete information to Decedent regarding his Policy under the eServices system, so that Decedent was able to review, consider, and make changes in the terms of his Policy, including the name(s) of the primary beneficiary.

18. If there are additional primary beneficiaries under Decedent's Policy, then MetLife's eServices system and procedure was or is flawed, and amounted to a breach of MetLife's legal, contractual, or fiduciary obligations to Decedent, to the detriment and injury of Decedent's intended beneficiary, Werner.

19. By failing to provide accurate and correct information to Decedent and refusing to pay the remaining Policy proceeds to Werner, MetLife breached the covenant of good faith and fair dealing that they entered into with Decedent.

20. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

///

///

///

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

## THIRD CLAIM FOR RELIEF

### (Negligence/Misrepresentation)

21. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Cross Claim as if each were fully set forth herein.

22. At all times relevant to this Cross Claim, MetLife was under a duty to provide Decedent accurate and correct information regarding his Policy on the eServices system. MetLife breached this duty by failing to exercise due care in regard to the information it placed on the eServices system. The actions of MetLife constitute misrepresentation or negligence.

23. Alternatively, if the eServices representation showing Werner as the sole Primary Beneficiary was a mistake, error, or misrepresentation then Werner was damaged as a consequence of that mistake, error, or misrepresentation.

24. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

## FOURTH CLAIM FOR RELIEF

### (Promissory Estoppel)

25. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 of this Cross Claim as if each were fully set forth herein.

26. MetLife knew or should have known that Decedent would rely on information present on the eServices system regarding his Policy and his beneficiary designations because MetLife intended, in creating the eServices system, that it be used for that purpose by policyholders using eServices.

27. Decedent was not aware of the true state of the facts of his Policy information because of the inaccurate, incorrect, or omitted information placed on the eServices system by MetLife regarding Decedent's choice of a primary beneficiary.

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

1    28.  Decedent relied, to his detriment, on the information on eServices and as a

2    result of his reliance on that information, Werner was been damaged because she did not

3    receive the full Policy proceeds intended by the Decedent.

4    29.  Based on the intent, use and application of the eServices system in relation to

5    Decedent's account,  MetLife should be estopped from asserting that Werner is not the

6    primary beneficiary of the remaining thirty percent (30%) of the Policy.

7    30.  Werner has been harmed by the actions of MetLife and said harm has resulted

8    in damages to Werner.

9    ### FIFTH CLAIM FOR RELIEF

10   ### (Nonfeasance; Misfeasance)

11   31.  Werner hereby alleges and incorporates by reference each and every allegation

12   contained in paragraphs 1 through 30 of this Cross Claim as if each were fully set forth

13   herein.

14   32.  MetLife's failure to provide accurate information on its eServices system

15   regarding Decedent's policy is nonfeasance or in the alternative is misfeasance.

16   33.  As a result of (1) the nonfeasance or (2) the misfeasance of MetLife by failing

17   to provide accurate information on its eServices system regarding Decedent's Policy,

18   Werner has been harmed and said harm has resulted in damages to Werner.

19   ### SIXTH CLAIM FOR RELIEF

20   ### (Damages)

21   34.  Werner hereby alleges and incorporates by reference each and every allegation

22   contained in paragraphs 1 through 33 of this Cross Claim as if each were fully set forth

23   herein.

24   35.  Werner has been damaged by MetLife's actions.  Said damages include, but

25   are not limited to the value of the remaining proceeds of the Policy, the loss of the use of

26   those proceeds, attorneys fees and costs, and general damages in excess of Ten

27   Thousand Dollars ($10,000.00).

28   ///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

WHEREFORE, Cross Claimant Werner prays for judgment in its favor and against Cross Defendant MetLife as follows:

1. For Judgment in favor of Cross Claimant Werner and against Cross Defendant MetLife on each and every allegation and claim of this Cross Claim;

2. For Judgment in favor of Cross Claimant Werner and against all Cross Defendants for damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

3. For an order declaring that Cross Claimant Werner is entitled to the remaining life insurance proceeds of the Policy;

4. That the Court issue a briefing schedule for the parties to brief the declaratory Judgment issues raised in this Cross Claim;

5. For costs of suit herein incurred;

6. For reasonable attorney's fees; and

7. For such other and further relief as the Court may deem just and proper.

DATED this 9th day of August, 2007.

Dyer, Lawrence, Penrose
Flaherty & Donaldson

By: Sandra G. Lawrence
Attorneys for Defendant
Catherine Werner

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of DYER, LAWRENCE, PENROSE, FLAHERTY & DONALDSON, and that on the 9th day of August, 2007, I caused to be mailed, postage prepaid, a true and correct copy of the within ANSWER TO COMPLAINT FOR DECLARATORY RELIEF; and CROSS CLAIM addressed to:

Barry L. Breslow, Esq.
Nevada State Bar No. 3023
Natalie J. Reed, Esq.
Nevada State Bar No. 7495
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, NV 89503

Attorneys for Plaintiff
Kathryn Claire Campbell

Sharon D. Campbell
106 Channing Lane
Chapel Hill, NC 27516
VIA CERTIFIED MAIL

Metropolitan Life Insurance Company
c/o The Corporation Trust Company of Nevada
6100 Neil Road, Suite 500
Reno, NV 89511
VIA CERTIFIED MAIL

*Sharon Coates*

Sharon Coates, PP, PLS