1137
Sandra G. Lawrence, NV Bar No. 2737
Paul Cotsonis, NV Bar No. 6786
Dyer, Lawrence, Penrose
 Flaherty & Donaldson
2805 Mountain Street
Carson City, NV 89703
Telephone: (775) 885-1896
Attorneys for Defendant Catherine Werner

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| KATHRYN CLAIRE CAMPBELL, | CASE NO.: CV07 01631 |
| Plaintiff, | ANSWER TO COMPLAINT FOR DECLARATORY RELIEF; and |
| vs. | CROSS CLAIM |
| CATHERINE WERNER; SHARON D. CAMPBELL; METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation; and, DOES I-V, | |
| Defendants, | |
| and | |
| CATHERINE LEE WERNER, | |
| Cross Claimant, | |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation; and DOES I-V, | |
| Cross Defendants | |

    Defendant, Catherine Lee Werner, (hereinafter "Defendant Werner") in answer to the complaint for declaratory relief, filed in the above-captioned matter, does herein admit, deny, and allege as follows:

    1. Answering paragraph 1, Defendant Werner admits, based on information and belief, that Plaintiff is a resident of the State of New York. Defendant Werner further admits the existence of a life insurance policy number 0000003220 issued by Defendant

///

Case 1:07-cv-07310-GBD    Document 5-4    Filed 09/07/2007    Page 2 of 13

1137
Sandra G. Lawrence, NV Bar No. 2737
Paul Cotsonis, NV Bar No. 8786
Dyer, Lawrence, Penrose
 Flaherty & Donaldson
2805 Mountain Street
Carson City, NV 89703
Telephone: (775) 885-1896
Attorneys for Defendant Catherine Werner

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| KATHRYN CLAIRE CAMPBELL, | CASE NO.: CV07 01631 |
| Plaintiff, | ANSWER TO COMPLAINT FOR DECLARATORY RELIEF; and CROSS CLAIM |
| vs. | |
| CATHERINE WERNER; SHARON D. CAMPBELL; METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation; and, DOES I-V, | |
| Defendants, | |
| and | |
| CATHERINE LEE WERNER, | |
| Cross Claimant, | |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation; and DOES I-V, | |
| Cross Defendants | |

Defendant, Catherine Lee Werner, (hereinafter "Defendant Werner") in answer to the complaint for declaratory relief, filed in the above-captioned matter, does herein admit, deny, and allege as follows:

1. Answering paragraph 1, Defendant Werner admits, based on information and belief, that Plaintiff is a resident of the State of New York. Defendant Werner further admits the existence of a life insurance policy number 0000003220 issued by Defendant

///

Metropolitan Life Insurance Company (hereinafter "MetLife") on the life of Cole C. Campbell (hereinafter the "Life Insurance Policy"). Defendant Werner denies the remaining allegations in paragraph 1.

2. Answering paragraph 2, Defendant Werner admits that she received a seventy percent (70%) interest in the proceeds of the Life Insurance Policy as a named beneficiary of that policy, but denies the remaining allegations in paragraph 2. Defendant Werner herein alleges that her domicile is in the State of Missouri.

3. Answering paragraph 3, Defendant Werner admits, based on information and belief, that Defendant Sharon D. Campbell (hereinafter "Defendant Campbell") is a resident of North Carolina but denies the remaining allegation in paragraph 3.

4. Answering paragraph 4, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 4, and therefore denies such allegation.

5. Answering paragraph 5, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies such allegations.

6. Answering paragraph 6, Defendant Werner admits the allegation in paragraph 6, except that Cole C. Campbell (hereinafter "Decedent") died on January 5, 2007, not on February 5, 2007, as averred in the Complaint.

7. Answering paragraph 7, Defendant Werner admits the allegation in paragraph 7.

8. Answering paragraph 8, Defendant Werner admits the allegation in paragraph 8.

9. Answering paragraph 9, Defendant Werner admits the allegation in paragraph 9.

10. Answering paragraph 10, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore denies such allegations.

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89700
(775) 883-1896

- 2 -

11. Answering paragraph 11, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 11, and therefore denies such allegation.

12. Answering paragraph 12, Defendant Werner admits that she has filed a written objection with MetLife in regard to the distribution of a portion of the life insurance proceeds under the terms of the policy, but denies the remaining allegation in paragraph 12.

13. Answering paragraph 13, Defendant Werner admits that she has filed a written objection with MetLife in regard to the distribution of a portion of the life insurance proceeds under the terms of the policy, but denies the remaining allegation in paragraph 13.

14. Answering paragraph 14, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 14, and therefore denies such allegation.

15. Answering paragraph 15, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 15, and therefore denies such allegation.

16. Answering paragraph 16, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 16, and therefore denies such allegation.

17. Answering paragraph 17, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 17, and therefore denies such allegation.

**FIRST CLAIM FOR RELIEF**
(Declaratory Relief Against All Defendants)

18. Answering paragraph 18, Defendant Werner incorporates by reference each admission and denial made by her in answer to paragraphs 1 through 17, inclusive.

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 3 -

19. Answering paragraph 19, Defendant Werner admits that a dispute exists as to whether plaintiff is entitled to any interest in decedent's life insurance policy. Defendant Werner denies the remaining allegations.

20. Answering paragraph 20, Defendant Werner admits that a dispute exists as to whether Defendant Campbell is entitled to any interest in decedent's life insurance policy. Defendant Werner denies the remaining allegations.

21. Answering paragraph 21, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 21, and therefore denies such allegation.

22. Answering paragraph 22, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 22, and therefore denies such allegation.

23. Answering paragraph 23, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 23, and therefore denies such allegation.

24. Answering paragraph 24, Defendant denies the allegation in paragraph 24.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to set forth a claim upon which relief can be granted against Defendant Werner based on a number of reasons, including, but not limited to, (1) Defendant Werner is not responsible for MetLife's refusal to pay, if it is obligated to do so, (2) MetLife is not an agent under the control of Defendant Werner and, therefore, Defendant Werner is not liable for the actions or inactions of MetLife, and/or (3) the intention of Decedent was that his spouse Defendant Werner receive all the proceeds of his life insurance Policy, in their entirety..

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint should fail for lack of jurisdiction over the subject matter pled.

///
///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 4 -

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint should fail for lack of jurisdiction over the person of Defendant Werner.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to set forth a claim upon which legal fees and costs can be awarded against Defendant Werner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint as to any claims raised on behalf of Defendant Campbell should fail as Plaintiff has no right to raise such claims on behalf of Defendant Campbell.

### SIXTH AFFIRMATIVE DEFENSE

Defendant MetLife should be estopped from claiming it has no obligation to pay the remaining life insurance proceeds to Defendant Werner in light of the misrepresentations MetLife made to Decedent regarding Decedent's Policy, including but not limited to, inaccurate or misleading information on its eServices web site that indicated that Defendant Werner was Decedent's sole primary beneficiary.

### SEVENTH AFFIRMATIVE DEFENSE

As to any alleged right of Defendant Sharon D. Campbell to the life insurance proceeds, such right arose out of an alimony obligation owed by Decedent under a Decree of Divorce and said obligation has been satisfied. Therefore there has been accord and satisfaction for said obligation and it would be unjust enrichment for Defendant Campbell to receive any insurance proceeds from Decedent.

WHEREFORE, Defendant Werner prays for judgment in its favor and against Plaintiff as follows:

1. That Plaintiff take nothing by way of her complaint and that the same be dismissed;

2. That the Complaint be dismissed for lack of subject matter jurisdiction;

///
///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 5 -

3. That the Complaint be dismissed for lack of in personam jurisdiction over Defendant Werner;

4. For an order declaring the that Defendant Catherine Werner is entitled to the remaining life insurance proceeds of the Policy and not Plaintiff or Defendant Campbell;

5. That the Court issue a briefing schedule for the parties to brief the declaratory judgment issues raised in this Complaint;

6. For costs of suit herein incurred;

7. For reasonable attorney's fees; and

8. For such other and further relief as the Court may deem just and proper.

### CROSS CLAIM

Comes now, Cross Claimant, Catherine Werner (hereinafter "Werner"), by and through her attorneys, Dyer, Lawrence, Penrose, Flaherty & Donaldson and files this Cross Claim against Cross Defendant METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, d.b.a. MetLife, Inc. as follows:

### PARTIES

1. Werner resides in Saint Louis, Missouri.

2. Werner is the widow of Cole C. Campbell (hereinafter "Decedent"), who died in Reno, Nevada, on January 5, 2007.

3. Based upon information and belief, Cross Defendant METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, d.b.a. MetLife, Inc., (hereinafter "MetLife") is believed to be a foreign corporation qualified to do business in the State of Nevada and in the State of Missouri, and its principle place of business is in Saint Louis, Missouri.

### STATEMENT OF FACTS

4. At the time of his death, Decedent was the owner of a $1,000,000.00 Metropolitan Life Insurance, Flexible Premium Life Policy, Group: MetLife GVUL ACH Group, Policy Number 0000003220 (hereinafter the "Policy").

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 6 -

5. After Decedent's death, Werner filed a claim with MetLife for the proceeds under the Policy, and was informed by MetLife that she would receive only 70% of the Policy proceeds. MetLife has distributed 70% of the Policy proceeds to Werner. Werner is contesting the remaining distribution of the 30 % Policy proceeds.

6. Decedent intended Werner to be the sole primary beneficiary of Decedent's Policy.

7. In 2001, Decedent complied with MetLife's requirement to provide written authorization for MetLife to accept and process electronic transaction requests via MetLife's eServices web site (hereinafter the "eServices").

8. In 2003 and 2005, Decedent used and relied upon the eServices system to administer and make authorized changes to his Policy information, including the designation of beneficiaries.

9. In 2005 MetLife represented to Decedent, on the eServices system, that Werner was the sole Primary Beneficiary of Decedent's Policy.

10. On more then one occasion in 2005 and 2006, Decedent informed Werner that she was the sole beneficiary of his Policy.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

11. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10 of this Cross Claim as if each were fully set forth herein.

12. Werner is a person who may sue for a declaratory judgment under NRS 30.040.

13. A declaration of Werner's rights and status under Decedent's Policy is necessary to determine whether Werner is entitled to the remaining proceeds of the Decedent's Policy.

///
///

- 7 -

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

## SECOND CLAIM FOR RELIEF

### (Breach of Contract; Breach of Implied Covenant)

14. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Cross Claim as if each were fully set forth herein.

15. The Policy is a contract between MetLife and Decedent. The law implies in every contract a covenant of good faith and fair dealing wherein each party promises to perform the terms and conditions of the contract in good faith and to deal fairly with the other parties to the contract.

16. Werner was a third-party beneficiary of the contact between MetLife and Decedent.

17. MetLife had a legal, contractual and fiduciary obligation to provide accurate and complete information to Decedent regarding his Policy under the eServices system, so that Decedent was able to review, consider, and make changes in the terms of his Policy, including the name(s) of the primary beneficiary.

18. If there are additional primary beneficiaries under Decedent's Policy, then MetLife's eServices system and procedure was or is flawed, and amounted to a breach of MetLife's legal, contractual, or fiduciary obligations to Decedent, to the detriment and injury of Decedent's intended beneficiary, Werner.

19. By failing to provide accurate and correct information to Decedent and refusing to pay the remaining Policy proceeds to Werner, MetLife breached the covenant of good faith and fair dealing that they entered into with Decedent.

20. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

///
///
///
///

- 8 -

## THIRD CLAIM FOR RELIEF

### (Negligence/Misrepresentation)

21. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Cross Claim as if each were fully set forth herein.

22. At all times relevant to this Cross Claim, MetLife was under a duty to provide Decedent accurate and correct information regarding his Policy on the eServices system. MetLife breached this duty by failing to exercise due care in regard to the information it placed on the eServices system. The actions of MetLife constitute misrepresentation or negligence.

23. Alternatively, if the eServices representation showing Werner as the sole Primary Beneficiary was a mistake, error, or misrepresentation then Werner was damaged as a consequence of that mistake, error, or misrepresentation.

24. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

## FOURTH CLAIM FOR RELIEF

### (Promissory Estoppel)

25. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 of this Cross Claim as if each were fully set forth herein.

26. MetLife knew or should have known that Decedent would rely on information present on the eServices system regarding his Policy and his beneficiary designations because MetLife intended, in creating the eServices system, that it be used for that purpose by policyholders using eServices.

27. Decedent was not aware of the true state of the facts of his Policy information because of the inaccurate, incorrect, or omitted information placed on the eServices system by MetLife regarding Decedent's choice of a primary beneficiary.

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 883-1856

- 9 -

28. Decedent relied, to his detriment, on the information on eServices and as a result of his reliance on that information, Werner was been damaged because she did not receive the full Policy proceeds intended by the Decedent.

29. Based on the intent, use and application of the eServices system in relation to Decedent's account, MetLife should be estopped from asserting that Werner is not the primary beneficiary of the remaining thirty percent (30%) of the Policy.

30. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

### FIFTH CLAIM FOR RELIEF
### (Nonfeasance; Misfeasance)

31. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Cross Claim as if each were fully set forth herein.

32. MetLife's failure to provide accurate information on its eServices system regarding Decedent's policy is nonfeasance or in the alternative is misfeasance.

33. As a result of (1) the nonfeasance or (2) the misfeasance of MetLife by failing to provide accurate information on its eServices system regarding Decedent's Policy, Werner has been harmed and said harm has resulted in damages to Werner.

### SIXTH CLAIM FOR RELIEF
### (Damages)

34. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 of this Cross Claim as if each were fully set forth herein.

35. Werner has been damaged by MetLife's actions. Said damages include, but are not limited to the value of the remaining proceeds of the Policy, the loss of the use of those proceeds, attorneys fees and costs, and general damages in excess of Ten Thousand Dollars ($10,000.00).

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

WHEREFORE, Cross Claimant Werner prays for judgment in its favor and against Cross Defendant MetLife as follows:

1. For Judgment in favor of Cross Claimant Werner and against Cross Defendant MetLife on each and every allegation and claim of this Cross Claim;

2. For Judgment in favor of Cross Claimant Werner and against all Cross Defendants for damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

3. For an order declaring that Cross Claimant Werner is entitled to the remaining life insurance proceeds of the Policy;

4. That the Court issue a briefing schedule for the parties to brief the declaratory Judgment issues raised in this Cross Claim;

5. For costs of suit herein incurred;

6. For reasonable attorney's fees; and

7. For such other and further relief as the Court may deem just and proper.

DATED this 9th day of August, 2007.

Dyer, Lawrence, Penrose
Flaherty & Donaldson

By: /s/ Sandra G. Lawrence
Sandra G. Lawrence
Attorneys for Defendant
Catherine Werner

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 11 -