JUDGE DANIELS

James M. Lenaghan (JL 6473)
Aimee P. Levine (AL 4386)
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

**07 CV 7310**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
METROPOLITAN LIFE INSURANCE
COMPANY,

              Plaintiff,

              -against-

KATHRYN CLAIRE CAMPBELL,
CATHERINE LEE WERNER, and SHARON
CAMPBELL,

              Defendants.
-------------------------------------------------------X

Civil Action No.

**COMPLAINT IN**
**INTERPLEADER**

Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, d'Arcambal, Levine & Ousley, LLP, for its interpleader complaint, alleges as follows:

### PARTIES

1. Interpleader plaintiff MetLife is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York, New York. MetLife is duly licensed to do business in the State of New York.

2. Upon information and belief, defendant Catherine Lee Werner ("Werner") is the spouse of Cole Campbell (the "Decedent"). She resides in St. Louis, Missouri (having recently moved there from Nevada).

3. Upon information and belief, defendant Kathryn Claire Campbell ("K. Campbell") is a surviving daughter of the Decedent. She resides in Brooklyn, New York.

4. Upon information and belief, defendant Sharon D. Campbell ("S. Campbell") is an ex-spouse of the Decedent. She resides in Chapel Hill, North Carolina.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) (the district where the claim substantially arose).

7. Nationwide service of process is authorized under 28 U.S.C. § 2361.

## CAUSE OF ACTION IN INTERPLEADER

8. The Decedent was insured under Plaintiff's Certificate Number 0000003220 under a group variable universal life insurance policy sponsored by Pulitzer Publishing Company. The death benefit under the policy was $1,026,000.

9. Upon information and belief, the Decedent was a resident of Nevada on the date of his death.

10. On January 5, 2007, the Decedent died. A true and correct copy of the certified death certificate is attached hereto as *Exhibit A*.

11. On the most recent designation of beneficiary form on file, one beneficiary of record was Werner for 70% of the proceeds. Other beneficiaries of record were K. Campbell for 20% of the proceeds and S. Campbell for 10% of the proceeds. A true and correct copy of the printout of said March 10, 2003 beneficiary designation is attached hereto as *Exhibit B*.

12. As a consequence of the Decedent's death, $1,026,000 in life insurance benefits became available in total to the beneficiaries.

13. Werner as beneficiary of 70% of the policy proceeds has been paid her claim for that percentage of the policy proceeds.

14. However, a dispute has arisen for the remaining 30% of the policy proceeds. K. Campbell claims 20% of the policy proceeds ($205,200) and S. Campbell claims 10% of the policy proceeds ($102,600). Their claims are based primarily on the shares listed in the March 2003 designation of beneficiary form. Further, K. Campbell has filed a civil lawsuit with the number CV07 01631 in the Second Judicial District Court for Washoe County, Nevada ("the Nevada lawsuit") seeking payment of 20% of the proceeds. A true and correct copy of the Nevada lawsuit is attached hereto as *Exhibit C*.

15. Werner also claims this remaining 30% share of the proceeds. She bases her claim on several items, including an affidavit from the Decedent's financial planner, an income worksheet, prepared by the Decedent shortly before his death, and a letter from a financial services professional. A true and correct copy of a letter from MetLife to Werner, S. Campbell, and Natalie Reed, the attorney for K. Campbell, and reciting the factual dispute in detail is attached hereto as *Exhibit D*. Further, in the Nevada lawsuit Werner has filed a cross-claim against MetLife seeking entitlement to the proceeds and other amounts in costs, fees and potential damages. A true and correct copy of that cross-claim is attached hereto as *Exhibit E*.

3

16. Given this factual dispute and the pendency of the Nevada lawsuit and cross-claim, MetLife cannot determine whether the respective 20% and 10% shares of the policy proceeds may be safely paid to K. Campbell and S. Campbell as the designated beneficiaries, or whether Werner should receive the remaining 30% of the proceeds.

17. By reason of the actual or potential claims of the interpleading defendants, MetLife is, or may be, exposed to multiple liability.

18. MetLife, as a mere stakeholder, has no interest (except to recover its attorneys fees and costs of this action) in the total benefits payable, and respectfully requests that this Court determine to whom said benefits should be paid.

19. MetLife accordingly will deposit into the Registry of the Court the current value of the 30% of the policy proceeds which is due and owing in accordance with the terms of the insurance contract for disbursement in accordance with the judgment of this Court.

20. MetLife has not brought this Complaint in Interpleader at the request of any or all of the claimants; there is no fraud or collusion between MetLife and any or all of the claimants; and MetLife brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

21. Until this Court rules on the issue of whether Werner, or, in the alternative K. Campbell and S. Campbell, are entitled to the remaining proceeds in question, MetLife cannot safely determine the proper recipient(s) of the policy proceeds without risking exposure to multiple liability.

**WHEREFORE,** MetLife demands judgment as follows:

i. Restraining each of the defendants by Order and Injunction of this Court from instituting or pursuing any action, including but not limited to the Nevada lawsuit and cross-claim, against MetLife for the recovery of any proceeds under the policy pursuant to 28 U.S.C. § 2361;

ii. Requiring the defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject proceeds in this action;

iii. Enjoining each of the defendants from instituting or prosecuting any proceeding in any state or United States court, including but not limited to the Nevada lawsuit, affecting the policy proceeds or interest involved in this Interpleader action pursuant to 28 U.S.C. § 2361;

iv. Requiring that defendants settle and adjust among themselves, or upon their failure to do so, that this Court settle and adjust the claims and determine to whom the remaining policy proceeds should be paid;

v. Permitting MetLife to deposit the amount of said proceeds, $307,800 (plus applicable interest, if any), into the Registry of this Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

vi. Dismissing MetLife with prejudice and discharging MetLife and Decedent's employer Pulitzer Publishing Co. from any further liability upon payment of the aforementioned proceeds into the Registry of this Court or as otherwise directed by this Court and dismissing with prejudice this action as to MetLife as well as the Nevada lawsuit and cross-claim;

vii. Awarding MetLife its costs and attorneys fees;

viii. Awarding MetLife any other and further relief that this Court deems just and proper.

Dated: August 15, 2007
New York, New York

d'ARCAMBAL, LEVINE & OUSLEY, LLP

By: _____
James M. Lenaghan
Aimee P. Levine

40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Interpleader Plaintiff
Metropolitan Life Insurance Company