UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
METROPOLITAN LIFE INSURANCE
COMPANY,

           Plaintiff,

  -against-

KATHRYN CLAIRE CAMPBELL,
CATHERINE LEE WERNER, and
SHARON CAMPBELL,

           Defendants.
--------------------------------------------------------X

**ECF FILING**

07 CV 7310 (GBD)

**AFFIDAVIT OF BARRY L. BRESLOW, ESQ.**

STATE OF NEVADA    )
                              ) ss.
COUNTY OF WASHOE  )

Barry L. Breslow, being duly sworn, deposes and states as follows:

1. I am an attorney licensed to practice law in good standing in Nevada since 1987.

2. I have been an attorney with Robison, Belaustegui, Sharp & Low since 1988, and currently am a shareholder of that firm.

3. I am primary counsel for Defendant Kathryn Claire Campbell ("Claire").

4. Claire is the daughter of Cole Campbell ("Cole"), who died from injuries sustained in a motor-vehicle accident in Washoe County, Nevada on January 5, 2007.

5. At the time of his death, Cole was covered under a group variable life-insurance policy (the "Policy") underwritten by the Plaintiff.

6. Claire was a designated beneficiary of twenty percent of the proceeds of Cole's $1,026,000 Policy, while Sharon, Cole's ex-wife, was a designated beneficiary of ten percent of the proceeds of the Policy.

7. Catherine Werner ("Catherine"), was Cole's spouse at the time of his death and

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

was a designated beneficiary of seventy percent of the proceeds of the Policy.

8. Upon Cole's death, both Claire and Sharon filed claims with the Plaintiff to receive their designated percentage of the proceeds, as provided for by the terms of the Policy.

9. Catherine sent the Plaintiff a written objection to the Plaintiff's proposed distributions to Claire and Sharon.

10. It is my belief that Catherine believes that Cole mistakenly neglected to remove Claire and Sharon as beneficiaries of the proceeds of the Policy.

11. The Plaintiff refused, and continues to refuse, to distribute to Claire and Sharon their rightful percentage of the proceeds of the Policy.

12. On July 20, 2007, I caused a Complaint to be filed in the Second Judicial District Court of the State of Nevada, on Claire's behalf (the "Nevada lawsuit"), and caused the Complaint to be served on Metropolitan Life Insurance Company.

13. The Plaintiff, Sharon and Catherine each individually answered Claire's Nevada lawsuit, and Catherine filed a cross-claim against the Plaintiff for, among other things, negligence and breach of contract.

14. Each of Catherine's cross-claims arise out of the dispute over the proceeds of the Policy.

15. I served on the parties to the Nevada lawsuit a Notice to Set Trial, which setting is to take place on September 11, 2007.

16. It is my belief that trial in the Nevada lawsuit will commence sometime in late summer of 2008.

17. On September 11, 2007, counsel for the parties to the Nevada lawsuit will participate in an early case conference, pursuant to Nev. R. Civ. P. 16 wherein the parties will, among other things, meet and confer as to the scheduling of discovery, production of documents, and filing of dispositive motions. The parties will also disclose the identity and knowledge of potential witnesses.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

18. The Plaintiff commenced this Interpleader action on August 15, 2007.

19. The Plaintiff seeks to interplead the proceeds of the Policy and indicated an intent to seek an injunction prohibiting the parties from proceeding with the Nevada lawsuit.

20. Claire and Sharon respectfully ask that this Court abstain from exercising jurisdiction over this Interpleader action and dismiss the Interpleader Complaint. Alternatively, Claire and Sharon ask that this Court stay this Interpleader action pending resolution of the Nevada lawsuit.

21. It is my belief that the Interpleader and the Nevada lawsuit are parallel and concurrent.

22. Pursuant to conversations with counsel for Catherine Lee Warner, it is my belief that Catherine would prefer to litigate this matter in Nevada, and will not oppose this Motion.

23. Proceeding with litigation in the Southern District of New York has created, and will continue to create, a financial hardship on my client.

24. In the event that this Court agrees to dismiss the Interpleader, Claire will stipulate to an order of the Nevada court that will provide for the disputed thirty percent of the proceeds of the Policy to be placed in an interest bearing account until the matter is resolved, and thereafter paid out in accordance with the determination of the Nevada District Court.

DATED this __7__ day of September, 2007.

_____
BARRY L. BRESLOW

Subscribed and sworn to before me this __7th__ day of September, 2007, by Barry L. Breslow.

_____
NOTARY PUBLIC


MARY CARROLL DAVIS
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 94-0407-2 - Expires November 22, 2010

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

3