KILLIAN & SALISBURY, P.C.
Eugene Killian, Jr.
77 Brant Avenue
Suite 115
Clark, NJ   07066
732-827-8600
*Attorneys for Defendant, Catherine Lee Werner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

METROPOLITAN LIFE INSURANCE
COMPANY,

                              *Plaintiff,*

v.

KATHRYN CLAIRE CAMPBELL,
CATHERINE LEE WERNER, and
SHARON CAMPBELL,

                              *Defendants.*

---

Civil Action No. 07 CV 7310 (GBD)


**ANSWER TO COMPLAINT
IN INTERPLEADER; CROSS-CLAIMS
AND COUNTERCLAIM**


Interpleader Defendant, CATHERINE LEE WERNER ("Werner"), 39 Aberdeen Place, St.

Louis, MO 63105, answers the allegations in Plaintiff's Complaint in Interpleader as follows:

**PARTIES**

1.      The allegations in this paragraph of the Complaint in Interpleader do not apply to

Werner and therefore require no response. If such allegations are deemed to require a response, on

information and belief, Werner denies the allegations in Paragraph 1 of the Complaint in Interpleader

as the policy held by Cole C. Campbell ("decedent") was a Group Variable Universal Life ("GVUL")

insurance product distributed by Metropolitan Life Insurance Company, at its branch office located

at 190 Carondelet Plaza, St. Louis, MO 63105.

2.      Werner admits the allegations of Paragraph 2 of the Complaint in Interpleader.

3.      The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response. If such allegations are deemed to require a response, on information and belief, Werner denies the allegations in Paragraph 3 of the Complaint in Interpleader as she believes K. Campbell now resides in North Carolina.

4.      The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response. If such allegations are deemed to require a response, on information and belief Werner admits the allegations in Paragraph 4 of the Complaint in Interpleader.

### JURISDICTION AND VENUE

5.      The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response. If such allegations are deemed to require a response, on information and belief Werner admits the allegations in Paragraph 5 of the Complaint in Interpleader.

6.      Werner admits the allegations in Paragraph 6 of the Complaint in Interpleader; however, Werner reserves the right to object to the Southern District of New York as the proper venue and request a transfer to a more appropriate and convenient venue: Federal District Court of Missouri. Decedent entered into the GVUL insurance contract on 10-01-1996 while residing in Missouri and working for the St. Louis Post-Dispatch, located at 900 Tucker, St. Louis, Missouri 63101; MetLife's GVUL division is located in Missouri, and defendant Werner resides in Missouri.

7.      The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response. If such allegations are deemed to require a response,

Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph

7 of the Complaint in Interpleader.

CAUSE OF ACTION IN INTERPLEADER

8.    Werner admits the allegations in Paragraph 8 of the Complaint in Interpleader.

9.    Werner admits the allegations in Paragraph 9 of the Complaint in Interpleader.

10.    Werner admits the allegations in Paragraph 10 of the Complaint in Interpleader.

11.    Werner denies the allegations in Paragraph 11 of the Complaint in Interpleader.

12.    Werner denies the allegations in Paragraph 12 of the Complaint in Interpleader to the

extent it alleges that there is more then one beneficiary under decedent's life insurance policy.

13.    Werner denies the allegations in Paragraph 13 of the Complaint in Interpleader to the

extent it alleges that Werner is only a 70% beneficiary under the decedent's life insurance policy.

Werner is entitled to 100% of the proceeds under the policy.

14.    Werner denies the allegations in Paragraph 14 of the Complaint in Interpleader except

Werner admits the allegations in Paragraph 14 to the extent that it alleges a dispute exists as to 30%

of the policy proceeds and that K. Campbell claims she is entitled to 20% of the proceeds and S.

Campbell claims she is entitled to 10% of the proceeds.  Werner also admits that there is currently

a lawsuit pending in the Second Judicial District of Washoe County, Nevada.

15.    Werner admits the allegations in Paragraph 15 of the Complaint in Interpleader to the

extent they allege that she claims entitlement to the remaining 30% of the policy proceeds and that

she bases her claim on various items.  Werner further admits the allegations in Paragraph 15 of the

Complaint in Interpleader to the extent they allege that she has filed a cross-claim against MetLife

seeking entitlement to the proceeds and other amounts.  Werner denies the remaining allegations in

Paragraph 15 of the Complaint in Interpleader.

16.     The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response.  If such allegations are deemed to require a response, Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph 16 of the Complaint in Interpleader.

17.     The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response.  If such allegations are deemed to require a response, Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph 17 of the Complaint in Interpleader.

18.     The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response.  If such allegations are deemed to require a response, Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph 18 of the Complaint in Interpleader.

19.     The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response.  If such allegations are deemed to require a response, Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph 19 of the Complaint in Interpleader.

20.     The allegations in this paragraph of the Complaint in Interpleader do not apply to Werner and, therefore, require no response.  If such allegations are deemed to require a response, Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph 20 of the Complaint in Interpleader.

21.     The allegations in this paragraph of the Complaint in Interpleader do not apply to

Werner and, therefore, require no response. If such allegations are deemed to require a response, Werner has insufficient information to form a belief as to the truth for the allegations in Paragraph 21 of the Complaint in Interpleader.

**WHEREFORE,** Werner demands judgment dismissing the Complaint in Interpleader with prejudice, together with costs of suit, attorney's fees as permitted, and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint in Interpleader fails to state a claim against which relief can be granted.

### Second Affirmative Defense

The Complaint in Interpleader is barred by the doctrine of laches.

### Third Affirmative Defense

The Complaint in Interpleader is barred by the appropriate statute of limitations.

### Fourth Affirmative Defense

The Complaint in Interpleader is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

The Complaint in Interpleader is barred by the doctrine of waiver and estoppel.

### Sixth Affirmative Defense

The Complaint in Interpleader is barred by the doctrine of collateral estoppel.

### Seventh Affirmative Defense

The Complaint in Interpleader is barred by accord & satisfaction.

**WHEREFORE,** Werner demands judgment dismissing the Complaint in Interpleader with