prejudice, together with costs of suit, attorney's fees as permitted, and such other relief as the Court may deem appropriate.

## CROSS-CLAIM

### FIRST CLAIM FOR RELIEF
(For Declaratory Judgment Against Kathryn Campbell and Sharon Campbell)

1. This Court has ancillary subject matter jurisdiction over Werner's cross-claim under 28 U.S.C. § 1335 and Fed. R. Civ. P. 13(a) because this cross-claim arises out of the same occurrences that are the subject matter of this Interpleader action.

2. To the extent that venue is proper over the Complaint in Interpleader, venue is proper in this District for the cross-claim pursuant to 28 U.S.C. § 1391.

3. Werner currently resides at 39 Aberdeen Place, St. Louis, MO 63105.

4. Werner is the widow of Cole C. Campbell ("decedent"), who died in Reno, Nevada on January 5, 2007.

5. On information and belief, Cross Defendant Kathryn Claire Campbell, resides in North Carolina and is a surviving daughter of the decedent.

6. Cross Defendant Sharon Campbell, residing in Chapel Hill, North Carolina is an ex-spouse of decedent.

7. Decedent was the owner of a life insurance policy with a face amount of $1,000,000.00 through MetLife. The policy was a Flexible Premium Life Policy, Group: MetLife GVUL ACH Group, Policy No. 0000003220.

8. After decedent's death, Werner filed a claim with MetLife for the proceeds under the policy. At that time she was informed by MetLife that she would only receive 70% of the proceeds under the policy and that the remaining 30% would be distributed in the following manner: 20% to

Kathryn Claire Campbell and 10% to Sharon Campbell.

9. Werner has contested the distribution of the 30% of the proceeds of the policy to Kathryn Claire Campbell and Sharon Campbell. MetLife has paid Werner 70% of the proceeds of the decedent's policy as there is no dispute as to this amount; however, MetLife has refused to pay the remaining 30%.

10. Decedent intended Werner to be the sole, 100% beneficiary under his policy.

11. The policy was issued on August 1, 1996, with a maturity date of August 1, 2049. In 1996, decedent was married to his second wife, Sharon Dennis Campbell (a.k.a. Sharon Kilby Campbell). Decedent had a daughter from his first marriage to Kathryn Newsome Ahlport. Decedent's daughter's name is Kathryn Claire Campbell.

12. Decedent got a divorce from his second wife Sharon Dennis Campbell and a settlement was reached that included a fixed alimony payment and a requirement that he provide for Sharon Dennis Campbell in his life insurance policy until such time as his alimony payments were satisfied. Attached hereto as **Exhibit A** is a copy of the settlement agreement reached after the divorce of decedent and his second wife Sharon Dennis Campbell.

13. On March 11, 2003, decedent changed his primary beneficiaries on his Policy to 70% for his new wife, Catherine Lee Werner; 20% to his then only child, Kathryn Claire Campbell; and 10% to Sharon Campbell. At this time, decedent also changed his address to reflect his new home in Chicago, Illinois with Catherine Werner.

14. Decedent's alimony and divorce obligations to his ex-wife Sharon Dennis Campbell were satisfied completely in 2004. Attached hereto as **Exhibit B** is the letter of satisfaction of the divorce obligations from Sharon Campbell.

ANSWER TO COMPLAINT IN INTERPLEADER - 7

15. On February 13, 2005, decedent and Werner had a son, Clarke Werner Campbell. At the time, decedent, Werner and their son were living in Reno, Nevada after having moved there from Chicago, Illinois.

16. Following the birth of his son in February 2005, decedent took steps to revise his Last Will and Testament. The Will, executed on August 6, 2005, stated in Article Four that: "I expressly leave no money to Kathryn Newsome Ahlport (Augsut 19, 1954) or Sharon Kilby Campbell (December 13, 1939)." Decedent also expressly provided for his wife, (Catherine Werner) and his two children, Clarke Werner Campbell and Kathryn Claire Campbell.

17. On February 16, 2001, decedent provided written authorization to Paragon Life Insurance Company, a MetLife Company, to accept electronic transaction requests via Paragon's eServices website. A copy of this authorization is attached hereto as **Exhibit C**. Among other requests, decedent used this form to authorize changes to his designated beneficiaries. On July 29, 2005 decedent went to the MetLife website for accessing his policy in order to make changes to the terms of the policy. The MetLife GVUL eServices website was established by MetLife for its insurance policy holders so that the owner of an insurance policy could effectively make certain changes to the policy online. Changing beneficiaries was one of the changes policy holders were permitted to make using the eServices system.

18. On July 29, 2005, when decedent reviewed the "Primary Beneficiary Information," the only person listed as a primary beneficiary under the policy and the only person appearing on the "Primary Beneficiary Information" page was Catherine Lee Werner. Although there was space on the screen for additional beneficiaries, neither Kathryn Claire Campbell nor Sharon Campbell's names were listed as a primary beneficiary - just Catherine Lee Werner. Attached hereto as **Exhibit**

D is the GVUL eServices screen showing Catherine Lee Werner as the only primary beneficiary.

19.     Faced with MetLife's online records that showed Catherine Werner as the only primary beneficiary, decedent did not make any changes in this area of the screen.

20.     On several occasions in 2005 and 2006 decedent confirmed that Werner was to be the only beneficiary under the policy. For example, following the birth of Clarke Werner Campbell, Werner was not working and was financially dependent on decedent's salary. Decedent's other child, Kathryn Claire Campbell was married and had been employed and independent of the decedent for several years. Naturally, the policy proceeds would be used to care for decedent and Werner's son, Clarke, in the event of decedent's untimely death.

21.     In addition, decedent had meetings and communications with Brian Stallcop, associated with Edward Jones, to plan and discuss the financial needs and assets for decedent and Werner to raise their infant son. Attached hereto as **Exhibit E** is a copy of an Affidavit signed by Brian Stallcop, which demonstrates that Werner was intended to be the sole primary beneficiary of the policy.

22.     During the summer and fall of 2006, decedent had discussions with a New York Life Insurance agent, Michael Norman, to discuss more cost effective life insurance. In a meeting on August 15, 2006, decedent's verbal answers were written on a "Survivor Income Needs Worksheet." Question Number 3 and decedents' response were as follows: "How much of your current life insurance would be available to generate monthly income? $1,000,000." The response to this question clearly indicates decedent's intention that Werner was to receive the entire proceeds from the policy. Attached hereto as **Exhibit F** is a copy of the survivor income needs worksheet dated, August 15, 2006.

ANSWER TO COMPLAINT IN INTERPLEADER - 9

23. In the fall 2006, decedent completed paperwork and submitted himself to a physical with the purpose of obtaining a replacement to his current life insurance policy. When decedent applied for a New York Life insurance policy, he listed Catherine Werner as the 100% primary beneficiary. Attached hereto as **Exhibit G** is a letter from Michael Norman of New York Life confirming that Werner was the only beneficiary. Attached hereto as **Exhibit H** is the signed replacement policy request dated September 13, 2006.

24. A dispute exists as to the right to the remaining proceeds under the decedent's life insurance policy.

25. A declaration of the parties rights and status under decedent's life insurance policy is necessary to determine whether and to what extent they are entitled to the remaining proceeds of the policy.

WHEREFORE, Werner requests entry of judgment on this cross-claim as follows:

a) For an Order declaring that Werner is entitled to the remaining proceeds of decedent's life insurance policy.

b) Interest and costs of suit.

C. Such other relief as the Court may deem appropriate.

### SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

26. Werner repeats the prior allegations of this cross-claim.

27. Decedent provided for Plaintiff, Sharon Campbell, according to the terms of the settlement agreement reached after their divorce.

28. Decedent's alimony and divorce obligations to his ex-wife Sharon Dennis Campbell were satisfied completely in 2004.

ANSWER TO COMPLAINT IN INTERPLEADER - 10