29.     Decedent had no intention of providing for Sharon Campbell after he had fulfilled his divorce obligations and therefore did not intend Sharon Campbell to receive any of the proceeds of his life insurance policy.

30.     Decedent also fully provided for Plaintiff Kathryn Campbell in his will. Decedent therefore did not intend for Kathryn Campbell to receive any of the proceeds from his life insurance policy.

31.     Should either Sharon Campbell or Kathryn Campbell receive any of the remaining proceeds from the life insurance policy it would amount to unjust enrichment.

WHEREFORE, Werner requests entry of judgment on this cross-claim as follows:

a)     Compensatory damages.

B.     Interest and costs of suit.

C.     Such other relief as the Court may deem appropriate.

## COUNTERCLAIM

Defendant CATHERINE LEE WERNER ("Werner"), 39 Aberdeen Place, St. Louis, MO 63105, for her counterclaim against Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), alleges as follows:

1     This Court has ancillary subject matter jurisdiction over Werner's counterclaim under 28 U.S.C. § 1335 and Fed. R. Civ. P. 13(g) because the counterclaim arises out of the same occurrences that are the subject matter of this Interpleader action.

2.     To the extent that venue is proper over the Complaint in Interpleader, venue is proper in this District for the counterclaim pursuant to 28 U.S.C. § 1391.

3.     Metropolitan Life Insurance Company is a New York corporation that sells insurance

products, including life insurance policies, throughout the United States. MetLife's principal place of business is at 200 Park Avenue, New York, NY 10166; however, MetLife's GVUL division is located in Missouri.

4. Werner repeats paragraphs 3-31 of its cross-claim against Kathryn Claire Campbell and Sharon Campbell.

### FIRST CLAIM FOR RELIEF
(Declaratory Judgment)

5. Werner repeats the prior allegations of this counterclaim.

6. Werner may properly sue for a declaratory judgment.

7. A dispute exists as to the right to the remaining proceeds under the decedent's life insurance policy.

8. A declaration of Werner's rights and status under decedent's life insurance policy is necessary to determine whether Werner is entitled to the remaining proceeds of the policy.

WHEREFORE, Werner requests entry of judgment on this First Claim for Relief as follows:

a) For an Order declaring that Werner is entitled to the remaining proceeds of decedent's life insurance policy.

b) Interest and costs of suit.

C. Such other relief as the Court may deem appropriate.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

9. Werner repeats the prior allegations of this counterclaim.

10. The policy is a valid contract between MetLife and decedent.

11. Werner, was a third party beneficiary under the life insurance policy sold by MetLife

ANSWER TO COMPLAINT IN INTERPLEADER - 12

to decedent. Werner was intended to be the sole beneficiary under the policy.

12. Decedent complied with all of the provisions in the policy and the policy was in force at the time of decedent's death. Therefore, according to the terms of the policy, MetLife was required to pay death benefits to the named beneficiary, Werner.

13. MetLife has breached the life insurance policy by not paying the required proceeds upon the death of decedent.

14. Werner has suffered damages from MetLife's breach of the life insurance policy in that she has not received in excess of $300,000.00 due and owing to her according to the terms of the policy plus additional costs and fees associated with responding to the filing of at least two lawsuits.

WHEREFORE, Werner requests entry of judgment on this Second Claim for Relief as follows:

A. Compensatory damages.

B. Interest and costs of suit.

C. Such other relief as the Court may deem appropriate.

### THIRD CLAIM FOR RELIEF
(Negligence)

15. Werner repeats the prior allegations of this counterclaim.

16. MetLife was under a duty to provide accurate and correct information to decedent regarding his life insurance policy on the eServices system. MetLife breached this duty by failing to exercise due care in regard to ensuring the information on the eServices website was accurate. As a result of this breach of duty, decedent believed that Werner was the only beneficiary under his policy and accordingly did not make any changes reflecting that intent.

ANSWER TO COMPLAINT IN INTERPLEADER - 13

17.   Werner has been damaged by MetLife's negligent maintenance and operation of the eServices website in that she has not been paid the entire amount of the death benefits due and owing under decedent's Life insurance policy plus additional costs and fees associated with responding to the filing of at least two lawsuits and damages associated with emotional distress due to MetLife's failure to pay in whole the amounts due and owing. Werner has also incurred medical costs and emotional distress in conjunction with the Bell's Palsy condition she contracted as a result of the stress and anxiety imposed upon her from the filing of a lawsuit for the payment of the remaining 30% of decedent's life insurance proceeds.

18.   The actions of MetLife in failing to provide accurate information to decedent in regards to the beneficiaries on his life insurance policy are so egregious as to justify an award of punitive damages in an amount to be determined at trial.

WHEREFORE, Werner requests entry of judgment on this Third Claim for Relief as follows:

A.   Compensatory and punitive damages.

B.   Interest and costs of suit.

C.   Such other relief as the Court may deem appropriate.

## FOURTH CLAIM FOR RELIEF
(Promissory Estoppel)

18.   Werner repeats the prior allegations of this counterclaim.

19.   MetLife knew or should have known that decedent would rely on the information on the eServices system regarding his policy and more specifically his beneficiary designations. As one of the main purposes of a life insurance policy is that the proceeds are paid to the proper beneficiary, it was critical that this information was portrayed accurately.

20.   MetLife, in creating the eServices system intended that the policyholders use the

ANSWER TO COMPLAINT IN INTERPLEADER - 14