system to make changes to their policies, including changes to the beneficiary designation.

21.    Decedent was not aware of the true state of the facts of his policy because of the inaccurate or omitted information placed on the eServices website by MetLife regarding decedent's primary beneficiary.

22.    Decedent relied to his detriment on the information provided by MetLife on the eServices website as he did not make any changes to the beneficiary information because he believed it accurately reflected his intent.  As a result of his reliance on the eServices information and the resultant failure by decedent to "correct" the beneficiary designation, Werner has been damaged because she did not receive the full amount of the proceeds under the policy.

23.    Based on decedent's reliance on the eServices system provided by MetLife and the resultant damage, MetLife should be estopped from asserting that Werner is not the primary beneficiary to the remaining 30% of the policy.

WHEREFORE, Werner requests entry of judgment on this Fourth Claim for Relief as follows:

A.    Compensatory damages.

B.    Interest and costs of suit.

C.    Such other relief as the Court may deem appropriate.

Dated: Clark, New Jersey

November ___, 2007

KILLIAN & SALISBURY, P.C.
*Attorneys for Interpleader defendant*
*Catherine L. Werner*

BY: _____
      Eugene Killian, Jr.

ANSWER TO COMPLAINT IN INTERPLEADER - 15

**Demand for Jury Trial**

Werner, demands trial by jury with respect to all issues in this action so triable as of right.

Dated: Clark, New Jersey

November _____, 2007

KILLIAN & SALISBURY, P.C.
*Attorneys for Interpleader defendant*
*Catherine L. Werner*

BY: _____
Eugene Killian, Jr.

# Exhibit A