MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

FILED
SEP 21 1998
MAV~ T. THOMPSON
CLERK, CIRCUIT COURT
BY_____ DEPUTY

In Re the Marriage of:         )
                               )
SHARON D. CAMPBELL,            )
                               )
                Petitioner,    )    Cause No. 983-1662
                               )
v.                             )    Division 15
                               )
CHARLES COLE CAMPBELL,         )
                               )
                Respondent.    )

## SEPARATION AGREEMENT

This Agreement is made and entered into this 13th day of August, 1998, by and between Sharon D. Campbell, Petitioner, (hereinafter referred to as "Sharon") and Charles Cole Campbell, Respondent (hereinafter referred to as "Cole"), and collectively referred to as "the Parties".

The Parties desire to fully and finally settle all property rights, claims, and interests of and between them, and to make provisions regarding the disposition of: ; their property; debts; maintenance; attorney fees and court costs.

**NOW, THEREFORE, in consideration of the premises and of the mutual promises, covenants and agreements contained herein, the adequacy and sufficiency of which are hereby acknowledged, it is agreed as follows:**



## 1. SUPPORT OF A PERSON

### 1.1 Maintenance

a. **Terms of Payment and Duration** The Parties agree, after examining all relevant factors, including the situation of both Parties at the present time, that it is reasonable for and Cole agrees to pay to Sharon the sum of $5,000.00 per month as and for maintenance. The payments shall commence on the <u>1st</u> day of <u>January</u>, 1998 and on the same day of each month continuing for 84 months until the earlier of the following:

    i. January 1, 2005;

    ii. Sharon's remarriage;

    iii. The death of either party;

    iv. Cole's disability from his occupation as newspaper editor, as set forth below.

b. Payments to Sharon shall be made by direct deposit to a bank designated by Sharon. Sharon acknowledges that she has received payments from Cole in the amount of $40,000.00 as and for maintenance payments from January 1, 1998 through August 31, 1998.

c. It is further agreed between the Parties that during the period of time Cole is paying maintenance, in the event that Cole's employment terminates, or he becomes disabled to the point that he cannot perform his duties as a newspaper editor, or Cole's gross compensation for employment is reduced, the amount of maintenance he is obligated to pay to Sharon shall be reduced by the same percentage that his compensation and any bonuses, commissions or other payments from his employer or

disability income are reduced. Cole shall provide proof of such income reduction by providing copies of W-2 forms, pay stubs and tax returns for the year 1998 and the then current year in which income is reduced, as applicable. For purposes of this paragraph, the Parties stipulate that Cole's current gross compensation is $ 195,000.00 per year.

    c.    The Parties agree that this provision shall be non-modifiable by Court, and only subject to termination or reduction in accordance with the terms set forth above.

    d.    **Security for Payment**  During that period of time as set forth above in which Cole is obligated to pay maintenance to Sharon, in order to secure payment to Sharon of the maintenance herein provided, Cole shall keep in full force and effect insurance covering his life in the principal sum of not less than $420,000.00 for Sharon's benefit. This sum shall be payable to Sharon outright upon Cole's death, if it occurs during the time Cole is obligated to make said payments. If Cole fails to maintain such insurance, or if, for any reason, Sharon receives less than $420,000.00 from the insurance, Cole's estate shall be liable for the deficiency.

The amount of life insurance may be reduced on each anniversary date of the Decree in the amount $60,000.00.

Cole shall provide Sharon with documentation each year, including the name of the insurance company agent and his address, that the policy remains in full force and effect and that no liens exist on said policies. Cole will notify Sharon immediately of the change of any insurance company and policy. Cole is currently insured by Pulitzer Publishing Co. Paragon GVUL for $765,000, a portion of which will secure Sharon's maintenance.

1.2  **Waiver of Immediate Wage Withholding** The parties agree that there shall not be an immediate wage withholding for maintenance for the following reasons:

- that the obligor has made timely payments in the past for maintenance.

- that the parties feel it will be an inconvenience to obligor's employer that the parties do not want to impose on the employer and for the further reason that the withholding may have a negative impact on obligor's future employment relationship with the employer.

- that obligor's employer may impose a fee to cover the costs of the withholding and the parties believe that their income should be used to cover necessary living expenses and not go to unnecessary administrative expenses.

The parties further agree that if obligor becomes delinquent in an amount equal to one month's maintenance, then, upon application by the obligee or the Missouri Division of Maintenance Enforcement of the Department of Social Services, the obligor's wages or other income shall be subject to an immediate withholding without further notice. The parties agree that the withholding shall be for the current maintenance and shall include an additional amount, equal to fifty percent of one month's maintenance, which additional withholding shall continue until the delinquency is paid in full.

1.3  **Right to Income Tax Deduction** It is contemplated by, and the intention and agreement of, the Parties that the amounts payable by Cole to Sharon under this Section shall be deductible on Cole's federal and state income tax returns and shall constitute income to Sharon for Federal and state income tax purposes. In the event that any amounts so paid are determined not to constitute income to Sharon, then the amount payable to Sharon shall be reduced by the amount of Federal and state income