taxes saved by her as a result of such determination, and if Cole has made payment under this Section prior to such determination, Sharon agrees to fully cooperate with Cole and to do all things reasonable and necessary to enable and allow Cole to collect a refund from any applicable taxing agency of the taxes so saved by her, including, but not limited to, providing Cole with copies of all relevant documents necessary to pursue and obtain said refunds including, but not limited to, powers of attorney, claims for refund, court petitions and other documents, as are prepared by counsel for Cole and are satisfactory in form and content to lawyers for Sharon, which approval by Sharon's lawyers shall not be unreasonably withheld. Any such filing of a claim for refund or lawsuit and any proceedings related thereto are to be conducted by Cole, at his expense in Sharon's name. Sharon agrees to promptly pay to Cole the amount of taxes saved within ten days after receipt of her refund of such taxes.

1.4   **General Agreement to Fairness of Maintenance**   The Parties acknowledge that the sum which the Cole is required to pay hereunder is a fair, suitable and proper sum to be paid to Sharon for her support and maintenance; that it is commensurate with the financial means and social position of the Parties; that it will enable the Sharon to maintain her accustomed standard of living; and that it is within Cole's ability to pay.

## 2. DIVISION OF PROPERTY AND DEBTS

During the marriage, the Parties have accumulated property and assets considered as marital property, and it is understood and agreed that such property and assets have been accumulated through the joint efforts of the Parties, that both Parties have materially aided in the accumulation of such property and assets, and that both

q:\4448.001\Separatn.Agr.08/20/98(9:21am)

Parties have a vested interest in said property and assets. The Parties hereby agree to the following division of marital assets, thereby creating no taxable gain or loss to either party.

2.1    **Real Estate**    The Parties acknowledge that Cole has purchased and titled real estate at 5262 Waterman Blvd., St. Louis, Missouri 63108 in his sole name, the legal description of which is attached hereto, marked Exhibit A, and incorporated herein by reference.

The parties acknowledge Sharon signed a marital waiver and quit claim deed incident to Cole's purchase of this real estate. Said real estate shall be Cole's sole and exclusive property.

2.2    **Bank and Other Financial Accounts**    Sharon shall receive as her sole and exclusive property the following checking, savings and other bank accounts currently held in her name individually or jointly with another:

Harbor Federal #2130001236013, with an approximate balance of $300.00

Cole shall receive as his sole and exclusive property the following checking, savings and other bank accounts currently held in his name individually or jointly with another:

NationsBank Acct. #005045274935 in the approximate amount of $ 2,000.00

NationsBank Acct. #000096277180 in the approximate amount of $ 5,000.00

2.3    **Motor Vehicles**    Sharon shall receive as her sole and exclusive property the 1994 Plymouth Voyager, VIN 2P4GH453944583149, which is currently in her possession. Sharon shall pay and be responsible for any and all outstanding loan

balances due and owing on said automobile and shall indemnify and hold harmless Cole thereon.

Cole shall receive as his sole and exclusive property the 1992 Infinity G20, VIN #JNXOP0125NP301615, which is currently in his possession. Cole shall pay and be responsible for any and all outstanding loan balances due and owing on said automobile and shall indemnify and hold harmless Sharon thereon.

2.4.a **Pension Plans**

Sharon shall receive as her sole and exclusive property any and all pension and retirement accounts presently held in her name at her place of employment.

Cole shall receive as his sole and exclusive property any and all pension plans presently held in his name, including the following:

    A.) Pulitzer Publishing Pension Plan

    B.) Landmark Pension Plan

2.4.b. **Retirement Accounts**

Sharon shall receive as her sole and exclusive property the following retirement accounts:

Aetna 403(b) in the name of Sharon with an approximate balance of $26,000.00

Signature IRA in the name of Cole with an approximate balance of $120,000.00

Cole shall receive as his sole and exclusive property the following retirement accounts:

Pulitzer Publishing Savings Plan with an approximate balance of $8,270, the vested portion of which is $6,249.

Landmark Communications, Inc. Retirement Plus Plan with an annual benefit of $14,305, beginning when Cole reaches age 65.

2.5 **Securities** Sharon shall receive as her sole and exclusive property the Signature Financial Management account #85055-11 with an approximate balance of $191,000.00.

2.6 **Insurance Policies**

a. Sharon shall receive the following life insurance policy currently in full force and effect insuring her life. The Parties acknowledge that this policy is Sharon's separate property.

| Company | Face Amount | Cash Surrender Value |
|---|---|---|
| Principal Mutual Life Insurance | $ 15,000.00 | $ 1,800.00 |

b. Cole shall receive the following life insurance policies currently in full force and effect insuring his life:

| Company | Face Amount | Cash Surrender Value |
|---|---|---|
| Pulitzer Publishing Co. Paragon GVUL Plan | $ 750,000.00 | -0- |
| Banker's Life & Casualty | 5,000.00 | |
| Provident Mutual Life | 2,500.00 | |

2.7 **Stock Options** Cole shall receive as his sole and exclusive property the stock options in his name through Pulitzer Publishing Company.

2.8 **Personal Property** The Parties hereto have, before the execution of this Agreement, physically divided and taken into their respective personal possession all personal property in which either party hereto has an interest. Each party does hereby transfer and quitclaim unto the other party all of the personal property now in that party's possession. It is understood and agreed that each of the Parties shall retain all the