personal property that is in the possession of either of them as his or her sole and exclusive property, as the case may be.

Each party shall herewith deliver to the other all documents (if any) evidencing ownership of property which, by the terms of this Agreement, are to remain or become the property of the other.

2.9  **Cash on Hand**  Each Party hereby warrants and represents that he or she has no more than $250.00 in cash on hand on the date of his or her execution of this Agreement and shall retain that cash presently in his or her possession.

2.10  **Non-Marital Property**  The Parties agree that there is no non-marital property (Pursuant to Section 452.330.2 R.S.Mo.) to be set over to either party by the Court other than those items specifically set forth above.

2.11  **All Property Divided**  The Parties state that there remains no other or further property to be divided by the Court and that all property has been divided between them pursuant to the terms of this Agreement.

Each Party warrants and represents that he or she has no interest in any property not specifically mentioned herein and that there is no indebtedness or other liability associated with the property allocated to the other except as identified herein.

2.12  **Debts**

    a.  Each party agrees to pay and be responsible for any and all debts incurred by him or her individually since the date of separation of the Parties, July 1, 1997, and to indemnify and hold harmless the other party thereon.

    b.  Sharon and Cole hereby agree to indemnify and hold harmless the other and to defend him or her from and against all claims, demands and liabilities and

will reimburse the other for any and all expenses made or incurred by the other, either directly or indirectly, including a reasonable attorney's fee, suit expenses and court costs, as a result of his or her failure to timely pay or otherwise satisfy the specific debts and liabilities assumed by each herein and in enforcing this obligation to indemnify and hold the other harmless. This obligation to indemnify and hold harmless shall be non-dischargeable in bankruptcy.

    c.    Each party warrants to the other that no obligation exists upon which the other party is or may become personally liable, or which could be enforced at any time against an asset held or to be received under this Agreement by the other party, other than those obligations disclosed. Each party covenants not to incur any such obligation on or after the execution of this Agreement, except as specifically agreed to by both Parties.

2.13 **Income Tax Liability** If in connection with any joint income tax returns heretofore or hereafter filed by Sharon and Cole there is any deficiency assessment, the amount determined to be due thereon, together with any penalties and interest, shall be paid by Cole. In the event, however, to the extent that, the same has been caused by the failure or neglect of Sharon to disclose any income which should have been included on said returns or to the extent that any deductions solely allocable to Sharon's income are disallowed, Sharon shall promptly pay all sums due on account of any assessment, penalties, and interest arising out of failure to report income or the disallowance of deductions. Sharon agrees to indemnify and hold Cole harmless against any assessments, penalties and interest for which he may be liable under this paragraph and for expenses, including but not limited to reasonable accountant's and attorneys fees

arising out of or in connection with failure to make prompt payment of the sums for which she is liable under this paragraph.

In the event, and to the extent, that the same has not been caused by the aforesaid failure or neglect of Sharon, Cole agrees to indemnify and hold Sharon harmless against any assessments, penalties, and interest and any expenses, including but not limited to reasonable accountant's and attorneys fees arising out of or in connection with failure to make prompt payment of the sums for which she is liable under this paragraph.

Each party agrees to notify the other promptly and cooperate fully with the other in the event of any audit or examination by a taxing authority of any joint income tax returns of the Parties and agrees to furnish to the party being examined or to his or her designees, promptly and without charge, such papers, records, documents, consents and other information as may be reasonably appropriate in connection with any audit or examination.

Each party shall have the right to attend, personally or by designees, all audit conferences, hearings, and proceedings and to participate therein to protect his or her respective interests. The expense for such additional participation on the part of a party shall be borne solely by that party.

3. **GENERAL PROVISIONS**

3.1 **Contingent Upon Court Review and Incorporation Into Decree of Dissolution** All of the stipulations, conditions and agreements herein contained are contingent upon the Circuit Court of St. Louis City finding that this Agreement is not

q:\4448.001\Separatn.Agr:08/20/98(9:21am)

unconscionable. The Parties agree that the provisions of this Agreement shall be incorporated into a decretal order of the Court.

3.2     **Provisions for Failure to Perform Obligations with Notice Required** In the event that either party to this Agreement brings an action for failure to perform any of the obligations imposed by the Agreement on him or her, or for enforcement or clarification of the Agreement, the prevailing party in such action shall have the right to recover his or her attorney's fees and litigation costs reasonably expended in prosecuting or defending the action. However, no attorney fees shall be so recovered by a party filing an action unless that party seeking to recover said attorney fees and costs shall have mailed to the breaching party written notice of the alleged failure to perform, and said alleged failure was not cured within ten (10) days after the date of mailing said notice by certified mail to the alleged breaching party's business or residence address. This provision of this Agreement is both contractual in nature and an expression of the Parties' agreement as to any sums authorized to be awarded under provisions of Section 452.355 R.S.Mo. (1994). No fees or costs authorized by this paragraph shall be recovered except as determined and awarded by the Court in an action brought for enforcement, breach or clarification of the Agreement.

3.3     **Mutual Releases** Subject to the provisions of this Agreement, each party has remised, released and forever discharged and, by these presents, does for himself and herself and for his or her legal representatives, executors, administrators and assigns remise, release and forever discharge the other of and from all cause or causes of action, claims, rights or demands whatsoever in law or in equity, which either party hereto ever had or now has against the other, except any and all cause or causes of