action for dissolution of marriage or rights arising from this Agreement or subsequent court order.

3.4  **Mutual Waiver of Rights in Estates**  Except as otherwise provided in this Agreement, each party shall have the right to dispose of his or her property of whatsoever nature, real or personal, and each party, for himself or herself, respectively, and for their respective heirs, legal representatives, administrators Personal Representatives and assigns, hereby waives any right of election which he or she may have or hereafter acquire regarding the estate of the other or to take against any Last Will and Testament of the other or any codicil thereto, whether heretofore or hereafter executed, as provided for in any law now or hereinafter effective of this state or any other state or territory of the United States or any foreign country and renounces and releases all interest, right or claim of distributive share or intestate succession or dower or curtesy, or community property or statutory exemption or allowance or otherwise, that he or she now has or might otherwise have against the other or the estate of the other, or the property of whatsoever nature, real or personal, of the other party under or by virtue of the laws of any state or any country.  Nothing contained in this particular paragraph, however, shall affect any obligation undertaken in the other paragraphs of the Agreement by either party.

3.5  **Disposal of Property**  Each of the Parties shall, from and after the date of this Agreement, have the right to dispose of his or her property by inter vivos conveyance, gift, last will or otherwise, as though a single person.

3.6  **No Modification by Court**  The Parties acknowledge, warrant and confirm each to the other that their contractual relationship is as evidenced hereunder, and,

q:\4448.001\Separatn.Agr.08/20/98(9:21am)

except for provisions of maintenance shall not be subject to modification, amendment or alteration by the Circuit Court of St. Louis City, Missouri, or by any other court or tribunal at any time, for any reason, including, but not limited to, future change of conditions of either party; the remarriage of either party; the increase or decrease of the net worth, assets, income or affluence of either party; the dependence of others, including other spouses, children or grandchildren, upon either party; the change in the economy or increased or diminished need of the Parties regardless of the cause thereof.

3.7  **Severability**  In the event that any paragraph(s), sentence(s), clause(s), or phrase(s) of this Agreement shall be found invalid, void and/or unenforceable, for any reason, neither this Agreement generally nor the remainder of this Agreement shall thereby be rendered invalid or void. The remainder of this Agreement shall be construed and implemented in order to give effect to the intent of the Parties, as if such invalid, void or unenforceable provisions had not been a part hereof.

3.8  **Voluntary Agreement**  Each of the Parties hereby affirms that he or she is entering into this Agreement freely and voluntarily; that he or she has ascertained and weighed all the facts and circumstances likely to influence his or her judgment herein; that he or she has given due consideration to such provisions in question; that he or she has sought independent advice of counsel and has been afforded such advice in regard to all details and particulars of the Agreement; and that he or she clearly understands and assents to all the provisions hereof.

3.9  **Waiver of Discovery**  Each party acknowledges that due to his or her specific directions to his or her respective counsel, neither party has engaged in any form of formal discovery (e.g., interrogatories, requests for production of documents,

depositions or issuance of witness subpoenas). Each party understands that without this information his or her attorney is unable to advise him or her as to the fairness and appropriateness of the Settlement Agreement. However, each party, in consideration of each party's respective station in life, familiarity with financial matters, knowledge and understanding of each party's respective financial holdings and interests, and other factors, has directed his or her counsel to proceed with the settlement of this matter without such discovery, having been advised of the risks of such action. Each party acknowledges that his or her counsel has not conducted any investigation or analysis that would permit his or her counsel to make a determination of the extent or the value of the parties' marital property or to be able to distinguish or identify any marital component of separate property. The settlement has been based on the personal knowledge and/or limited review of documents and Statement of Income and Expenses and Statement of Property.

    3.10 **Living Apart** The Parties shall continue to live separate and apart and from the date of this Agreement, free from any interference by the other, as if fully unmarried, and further, neither will molest, malign, annoy or trouble the other in any manner.

    3.11 **Execution of Papers** Each party shall, at any time and from time to time hereafter, take any and all steps necessary to execute, acknowledge and deliver to the other any and all instruments and assurances that the other party may reasonably require or find convenient, expedient or businesslike for the purpose of giving full force and effect to the provisions of this Agreement.

3.12  <u>Choice of Law</u>  This Agreement shall be construed in accordance with the laws of the State of Missouri.

3.13  <u>Attorney Fees and Costs</u>  Cole has paid prior bills of Paule, Camazine & Blumenthal, P.C. and shall pay to Paule, Camazine and Blumenthal, P.C. the sum of $ 1,500.00 as and for additional attorney's fees, which obligation shall be satisfied by payment to Paule, Camazine and Blumenthal, P.C. and which obligation may be enforced by Paule, Camazine and Blumenthal, P.C. in its own name. Cole shall also be responsible for the costs of court expended herein.

IN WITNESS WHEREOF, the Parties hereto have executed this instrument in counterparts, with the intention that each executed copy shall be as effective as the original, effective on the date of execution by the last to sign.

_____  
Sharon D. Campbell, Petitioner

_____  
Charles Cole Campbell, Respondent

August 11, 1998  
Date

August 13, 1998  
Date