Aimee P. Levine (AL-4386)
James M. Lenaghan (JL-6473)
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10005
(212) 971-3175

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
METROPOLITAN LIFE INSURANCE           :    **ECF FILING**
COMPANY,                              :
                                      :    Civil Action No. 07:7310 (GBD)
                                      :
                Plaintiff,            :    Honorable George B. Daniels
                                      :
        - against-                    :
                                      :
KATHRYN CLAIRE CAMPBELL,               :
CATHERINE LEE WERNER, AND             :
SHARON CAMPBELL,                      :
                                      :
                Defendants.           :
-----------------------------------------------------------X

**MEMORANDUM OF LAW SUBMITTED (1) IN OPPOSITION TO MOTION BY DEFENDANTS KATHRYN CLAIRE CAMPBELL AND SHARON CAMPBELL TO DISMISS OR STAY THE COMPLAINT OF THE PLAINTIFF IN INTERPLEADER AND (2) IN SUPPORT OF CROSS-MOTION FOR INJUNCTION AGAINST STATE COURT ACTION AND TO DEPOSIT FUNDS IN INTERPLEADER**

## I. INTRODUCTION

Plaintiff in Interpleader METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") filed its Complaint in Interpleader on August 15, 2007. The lawsuit falls squarely within the ambit of 28 U.S.C. §1335. That statute states that the District Courts "shall have original jurisdiction" over Complaints in Interpleader where there are two or more Claimants of diverse citizenship seeking benefits under an insurance policy in excess of $500. In this instance, Plaintiff MetLife has its home office at 200 Park Avenue in this

District. Defendants are from North Carolina, New York at the time the case was filed, and Missouri respectively. None of the parties live in Nevada.

Defendants are seeking $307,968.77 (plus applicable interest, if any), which is well over the jurisdictional amount. MetLife timely paid the 70% of the proceeds, plus interest due to Defendant Catherine Werner on the death of her husband, Cole Campbell. Because of conflicting factual and legal claims over the percentages assigned by Decedent Campbell to the three Defendants, MetLife could not determine which Defendants were entitled to the remaining 30% of the proceeds. As a courtesy to the parties and to preserve the available funds from depletion by litigation and costs, MetLife gave Defendants ample time to avoid litigation and substantial legal fees that would deplete the estate.

The governing law makes this Court the appropriate forum to adjudicate the interpleader in question. In fact, Ms. Werner has filed an Answer, Cross-Claim and Counterclaim in this Court on November 2, 2007. The case at bar falls directly in the ambit of 28 U.S.C. §2361, which allows a district court to "issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action…"

For the above reasons, Plaintiff seeks an Order denying the September 7, 2007 Motion to Dismiss or stay this action filed by Defendants Kathryn Claire Campbell and Sharon Campbell ("the moving Defendants"). In addition, Plaintiff seeks an Order for a permanent injunction against any of the Defendants proceeding with the case involving the same disputed proceeds in CV07-1631 in State of Nevada, Washoe County, Second Judicial District Court ("the Nevada action") or any other action involving the proceeds in the case at bar. The Nevada action was filed on July 20, 2007, but under no circumstances will be decided prior to the trial

assignment date of August 11, 2008. Contrary to the argument of the moving Defendants, the disposition of this case will not delay the Nevada action. Therefore, no stay of the case at bar is appropriate, warranted by law or in the interests of judicial economy.

None of the Defendants now reside in Nevada, moving Defendant Kathryn Claire Campbell was a resident of New York when this lawsuit was filed upon information and belief recently moving to North Carolina, and MetLife is a resident of New York and the 30% of the proceeds are therefore in New York. Although moving Defendants claim a Nevada nexus by alleging that the Cole Campbell estate is being probated in Washoe County, Nevada, Campbell's estate *has made no claim* for the 30% share at issue. The dispute is between the individual Defendants, none of whom reside in Nevada, and fulfills the statutory requirements for a federal interpleader action.

In addition to the injunction of the Nevada action, Plaintiff MetLife requests an Order permitting it to deposit the amount of the group life insurance benefits at issue in this interpleader action into this Court. Further, Plaintiff MetLife is statutorily entitled to the attorneys' fees and costs related to defending against the Defendants' claims and in bringing this Complaint in Interpleader. Plaintiff will submit an accounting of said attorneys' fees and costs at the direction of this Court.

## II. FACTUAL AND LEGAL DISCUSSION

### A. THE FACTUAL SITUATION CALLS FOR AN INTERPLEADER

Decedent Cole Campbell died on January 5, 2007 from injuries sustained in an automobile accident in Nevada. Decedent's last change of beneficiary form on file, dated March 10, 2003, stated that his current wife Catherine Werner was entitled to 70% of the

$1,026,000 proceeds on a life insurance policy issued by MetLife and initially sponsored by Pulitzer Publishing Company. MetLife promptly paid those proceeds with interest to Ms. Werner.

However, Defendants in this action then filed conflicting claims to the remaining 30% of the policy proceeds. Moving Defendants Kathryn Claire Campbell and Sharon Campbell, the daughter and ex-wife respectively of decedent, relied on the March 10, 2003 designation of beneficiary form to claim 20% and 10% respectively of the remaining proceeds of the policy. Defendant Catherine Werner cited an alleged conversation with Cole Campbell about his review of the website regarding the policy and statements by financial advisors of Cole Campbell to make her claim for the remaining 30% of the policy.

Under the circumstances, MetLife could not determine who was entitled to the remaining 30% of the policy proceeds without exposure to possible multiple liabilities. MetLife then gave the parties substantial time to resolve the dispute among themselves. After several months, MetLife sent its June 26, 2007 letter (Exhibit A) encouraging the parties to resolve the matter or MetLife would have to file an interpleader. Instead, on July 20, 2007 Kathryn Claire Campbell sued the other two individual Defendants and MetLife in the Nevada action. On August 15, 2007, Plaintiff MetLife filed this Complaint in Interpleader to enjoin the Nevada action. At the time the Complaint was filed, both Plaintiff MetLife and Defendant Kathryn Claire Campbell were residents of New York. On September 7, 2007, moving Defendants filed their Motion to Dismiss or Stay this action.

Attempting to avoid the waste of judicial resources, MetLife continued to encourage the parties to resolve their dispute. After two extensions of time were granted by this Court, the parties could still not resolve the dispute before responding to the Motion to Dismiss.

Further, Defendant Catherine Werner filed a Counterclaim in this action against MetLife, the disinterested stakeholder of the 30% share. These pleadings assert that Decedent although he filed a change of beneficiary form was filed on March 10, 2003 and filed a change of address form thereafter without changing the beneficiaries was somehow misled by the MetLife website as to whether Defendant Werner was entitled to the remaining 30%. MetLife filed an Answer to protect itself in the pending Nevada action, urging the parties to settle the matter before being forced to seek the equitable relief available under 28 U.S.C. § 1335 and 2361. Defendant Werner's counsel has told Plaintiff's counsel that this Court, not the Nevada State Court, should decide the dispute.

**B. THE PRIMARY DECISION CITED BY MOVING DEFENDANTS SUPPORTS THE DENIAL OF THE MOTION TO DISMISS OR STAY THIS ACTION AND A PERMANENT INJUNCTION OF THE NEVADA ACTION**

The governing case law cited by moving defendants in this action clearly establishes that their motion to dismiss or stay should be denied. In *NYLife Distributors, Inc. v. The Adherence Group, Inc., et al.*, 72 F. 3d 371 (3rd Cir. 1995), the Appellate Court actually *reversed* the district court's grant of the exact relief that the moving Defendants seek here – dismissal of a federal interpleader action. *Id.* at 372. The Third Circuit was confronted with a dispute over monies being held by NYLife in mutual fund accounts. One of the claimants, The Adherence Group, Inc. ("TAG"), filed a lawsuit in New Jersey State Court with respect to the same mutual funds. TAG filed a motion to dismiss a federal interpleader action that NYLife had filed in New Jersey Federal District Court. The District Court granted that motion to dismiss.

In ***reversing the District Court's dismissal***, the Third Circuit noted that the "federal interpleader statute, *28 U.S.C. 1335 (1993)*, is a remedial device which enables a person

5

holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action..." *Id.* at 374. As moving Defendants state, *NYLife* states that whether a district court should proceed with interpleader is in the discretion of this court while exercising the language of the governing statutes. However, moving Defendants mischaracterize the tests espoused by the Third Circuit for district courts to employ. *Id.* at 382-383.

Contrary to moving Defendants' assertions, examining the *NYLife* factors individually leads to the conclusion that this Court is a more appropriate forum than the Nevada state court to decide the dispute over the 30% of the proceeds. The two actions are parallel in that they both involve a dispute over the same 30% share.

The relief and theories available in federal court as governed by the interpleader statutes are more appropriate to an interpleader matter involving citizens of three states than are the various alleged state law actions designed primarily for Nevada based litigants. Catherine Werner lives in Missouri, Sharon Campbell in North Carolina, and Kathryn Claire Campbell lived in New York at the time of filing and service of the interpleader (upon information and belief she has now moved to North Carolina). None of the parties live in Nevada and the disputed funds are in the possession of Plaintiff, a New York corporation. Decedent's estate which is located in Nevada has made <u>no claim</u> to the life insurance proceeds. Thus, no Nevada nexus supports the Nevada action. All parties are represented by counsel in the New York action.

As suggested by the *NYLife* decision, the New York Federal Court forum will protect the stakeholder more effectively while offering "a more efficient, convenient, and expeditious vehicle..." in which to settle the matter. *Id.* at 383. Finally, contrary to moving

Defendants' view that the Nevada action should control, the *NYLife* decision stated explicitly that "the district court should bear in mind that neither the mere pendency of a parallel state court action nor the mere presence of state law issues in this case would support dismissal..." *Id.* at 382.

As to "forum shopping", it is moving Defendants, not Plaintiff, who are engaged in that activity. Starting in February, 2007, the Defendants and/or their counsel sent conflicting letters in support of their claims. As discussed above, after months of telephone conversations and communications to discuss the conflicting claims by Defendants, on June 26, 2007 Plaintiff MetLife sent a letter (Exhibit A hereto) offering Defendants 30 days in which to resolve the action among themselves, which would preserve the available funds by avoiding litigation fees and costs. MetLife stated that, absent such a resolution, an interpleader action to deposit the funds would be filed. Instead of providing a negotiated resolution, and before the thirty (30) days had expired, moving Defendant Kathryn Claire Campbell "forum shopped" by filing the Nevada action on July 20, 2007. Plaintiff promptly filed this action in New York Federal District Court on August 15, 2007.

Finally, there is nothing to be gained by a stay of the New York action pending the Nevada action. The simple fact is that prosecution of this New York action under the federal interpleader statute designed for such a controversy would result in a more expeditious resolution than would the Nevada action. The first possible trial date in that Nevada lawsuit is not until August 11, 2008. Through the upcoming December 4, 2007 Status Conference and other federal court rules and/or mediations, the maintenance of the action in New York is likely to produce a quicker result.

## C. THE GOVERNING CASE LAW IN THE SECOND CIRCUIT AND IN THIS COURT SUPPORTS THE DENIAL OF THE MOTION TO DISMISS OR STAY THIS ACTION AND A PERMANENT INJUNCTION OF THE NEVADA ACTION

In addition to the support given to Plaintiff MetLife by *NYLife*'s reversal of the District Court's dismissal of a federal interpleader action, many federal court cases in this Circuit support the exercise of interpleader jurisdiction in the case at bar. For instance, in *Ashton v. Paul*, 918 F.2d. 1065 (2nd Cir. 1990), the Second Circuit held that the District Court was correct in enjoining a Florida state probate court dispute between an interested foundation and the executors of an estate. The Court held that the federal interpleader statutory design of 28 U.S.C. §1335 and 2361 provides stakeholders "a method by which they can deposit a stake subject to adverse claims with the court so that ownership can be adjudicated and the stakeholder can avoid being subjected to inconsistent judgments in different fora..." *Id.* at 1068. In addition, the Court noted that 28 U.S.C. § 2361 "expressly authorizes injunctions in aid of federal interpleader and is the result of a deliberate federal balancing between state and federal interests..." *Id.* at 1072.

The Second Circuit expressed this strong support for federal interpleader despite a general tendency of federal courts to consider the expertise of the state courts in probate matters. Another applicable federal appellate decision is *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2nd Cir. 1983). The Second Circuit held that the District Court had jurisdiction to decide an interpleader matter involving insurance proceeds. In addition, the Appellate Court suggested that the District Court could exercise jurisdiction over related claims for consequential damages. In this case, defendant Catherine Werner has filed Cross-Claims against the other Defendants and a Counterclaim against Plaintiff. The Cross-Claims and Counterclaim are clearly related to the disposition of the proceeds at issue

8

in the interpleader. Therefore, this Court would have supplemental jurisdiction to decide the entire matter under 28 U.S.C. §1367 and the rationale of prior Second Circuit opinions.

The Second Circuit decision cited by moving defendants, *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17 (2nd Cir. 1997), involved claims against the insurer for liability coverage beyond the policy limits and duty to defend issues arising out of a fatal airplane accident. In declining to exercise full federal jurisdiction, the Second Circuit specifically noted that an interpleader action like the case at bar would present a variable scenario for federal jurisdiction:

> National Union's action is not a typical interpleader action...Ordinarily, in an interpleader action the insurer is subject to conflicting claims to a policy, such as when two or more persons are claiming to be policy beneficiaries.... To the extent that National Union seeks to adjudicate the allocation of its $5 million policy limit among the several claimants whose claims amount to more than the policy limit, and to obtain a declaration of non-coverage against the pilot's estate, its arguments against abstention based on the allegedly 'pure' nature of its interpleader action are less tenable. *Id.* at 21.

In summary, the ruling in *National Union* does not support moving Defendants in their effort to defeat the federal interpleader statute. Instead, the applicable precedents support Plaintiff's position that the motion to dismiss or stay this action should be denied, and this Court should permanently enjoin the improperly commences Nevada action.

## III. CONCLUSION

For the above reasons, and as stated in the Complaint, Plaintiff MetLife respectfully requests that the motion by Defendants Kathryn Claire Campbell and Sharon Campbell to dismiss the Complaint in Interpleader be denied. Further, Plaintiff respectfully requests that this Court enjoin the Nevada action in its entirety pursuant to 28 U.S.C. §§ 1335 and 2361. Plaintiff further requests that it be permitted to deposit the 30% of the proceeds in this Court and leave the defendants to resolve the dispute among them. Finally, Plaintiff requests permission to submit an accounting and factual and legal arguments in favor of its claim for recovery of legal fees and costs incurred in this action.

Dated:  November 9, 2007

Respectfully Submitted,

**d'ARCAMBAL, LEVINE & OUSLEY, LLP**

By: Aimee P. Levine (AL-4386)
James M. Lenaghan (JL-6473)
40 Fulton Street, Suite 1005
New York, New York 10005
(212) 971-3175

Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that copies of the within Memorandum of Law were served by first class mail on John T. Morin and Sean O'Leary, Esquires and Eugene Killian, Jr. and Ryan Milun, Esquires, Counsel for Defendants, on November 9, 2007.

_____
James M. Lenaghan

Exhibit A

190 Carondelet Plaza
St. Louis, MO 63105

**MetLife®**

June 26, 2007

Ms. Catherine Lee Werner
4955 Aberfeldy Road
Reno, NV 89519
Via Federal Express

(800) 846-0124
(314) 756-4502 FAX

Ms. Sharon D. Campbell
106 Channing Lane
Chapel Hill, NC 27516
Via Federal Express

Natalie Reed, Esq.
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, NV 89503
Via Fax: 775-329-7941

Re:  Insured:            Campbell, Cole C. ("decedent")
     Group and No.:      Pulitzer Publishing Co./0103061E
     Amount:             $307,800 (30% of the total benefit)(GVUL)
     Ms. Reed's Client:  Ms. Kathryn Claire Campbell

Dear Ms. Werner, Ms. Campbell and Ms. Reed:

We have thoroughly reviewed your claims for the referenced benefits, which constitute 30% of the total benefit amount of $1,026,000. As you know, the remaining 70% of the benefit amount is not at issue, and has been previously paid to Ms. Catherine Lee Werner.

Unfortunately, Kathryn Claire Campbell's claim for 20% of the total benefit [$205,200] and Sharon D. Campbell's claim for 10% of the total benefit [$102,600], both based on the latest beneficiary designation on file; and Ms. Catherine Lee Werner's claim, based on documentary and other evidence that the decedent intended that Ms. Werner be sole primary beneficiary and receive 100% of the total benefit, and he believed the latest beneficiary designation on file so provided, are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing MetLife to the danger of double liability.

The certificate of insurance provides that the beneficiary is "The person named in the application or by later designation to receive the proceeds in the event of the insured's death." It further provides, in relevant part, that "During the insured's lifetime you may change the ownership and beneficiary designations, subject to any restrictions as stated in the Owner or Beneficiary provisions. You must make the change in written form satisfactory to us."

Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell rely on the latest beneficiary designation on file, which name them as beneficiaries for 20% and 10%, respectively, of the total benefit amount. As noted above, Ms. Catherine Lee Werner is named as the beneficiary for the remaining 70% of the total benefit amount, which is not at issue and has been paid. However, Ms. Werner has also submitted a claim for the remaining 30% of the total benefit amount, and in support of her claim has submitted to MetLife documentary and other evidence, including a sworn affidavit from the decedent's financial

ML 0348

June 26, 2007
Page 2

planner, an income worksheet prepared by the decedent shortly before his death, and a letter from a financial services professional. The evidence submitted by Ms. Werner raises both factual and legal issues regarding the decedent's intent with respect to the remaining 30% of the total benefit at issue. More specifically, the documentation and information provided by Ms. Werner raises factual issues as to whether the decedent intended that the entire 100% of the benefit amount be paid to Ms. Werner; and whether the decedent believed that Ms. Werner was in fact named as the sole primary beneficiary for 100% of the benefit amount. We cannot tell whether a court would find that the documentation and information provided by Ms. Werner is factually and legally sufficient to evidence the decedent's intent that the remaining benefit be paid to her. If a court were to so find, then the benefits would be payable to Ms. Werner. If a court were to find the evidence insufficient, then the benefits would be payable to Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell, in accordance with the percentages indicated in the beneficiary designation on file.

Thus, it is unclear whether Ms. Werner is the proper beneficiary, or Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell are the proper beneficiaries. Consequently, MetLife is presented with questions of fact and/or law that it cannot resolve without exposing it to the danger of double liability.

MetLife is therefore required by law to initiate what is called an interpleader action to permit a court to decide between the claims. Before doing so, however, MetLife will give you the opportunity to try to resolve the matter in order to preserve the proceeds from litigation costs and fees. Please inform this office in writing within thirty days of the date of this letter whether you believe you will be able to reach an amicable compromise of these claims. If you cannot reach an agreement, or you do not timely contact this office in writing, you will be notified of the lawsuit in due course. If you can reach an agreement, you may submit a duly-executed settlement agreement setting forth the details of your compromise regarding the referenced benefit plan sufficient to permit MetLife to draw the checks correctly, and also releasing any and all claims against MetLife. If these documents are acceptable to MetLife, the proceeds will be paid in accordance with your compromise. If they are not, we may ask you to sign an additional release.

If you have any questions, you may contact the undersigned at 314-719-5339.

Sincerely,

*Andrea White*

Andrea White
Customer Relations Specialist / Claims
Group Life Products - GVUL
Registered Representative