James M. Lenaghan (JL 6473)
Aimee P. Levine (AL 4386)
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
METROPOLITAN LIFE INSURANCE
COMPANY,                                              :     Civil Action No. 07CV7310
                                                      :
                       Plaintiff,                     :
                                                      :
        -against-                                     :
                                                      :
KATHRYN CLAIRE CAMPBELL,                              :
CATHERINE LEE WERNER, and SHARON                      :
CAMPBELL,                                             :
                                                      :
                       Defendants.                    :
------------------------------------------------------------X

**RESPONSE BY PLAINTIFF AND COUNTERCLAIM DEFENDANT METROPOLITAN
LIFE INSURANCE COMPANY TO COUNTERCLAIM BY DEFENDANT AND
<u>COUNTERCLAIM PLAINTIFF CATHERINE LEE WERNER</u>**

Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, d'Arcambal, Levine & Ousley, LLP, in Response to the Counterclaim by Defendant and Counterclaim Plaintiff Catherine Lee Werner ("Werner"), states as follows:

**Response by Plaintiff and Counterclaim Defendant Metropolitan Life Insurance Company
to Paragraphs in Catherine Lee Werner's Cross-Claim**

1.    No answer is required as the allegations regarding subject matter jurisdiction are not directed against Counterclaim Defendant MetLife, and no answer is required as the allegations call for a legal conclusion.

2. No answer is required as the allegations regarding venue are not directed against Counterclaim Defendant MetLife, and no answer is required as the allegations call for a legal conclusion.

3. Counterclaim Defendant MetLife admits the allegations of this paragraph.

4. Counterclaim Defendant MetLife admits the allegations of this paragraph.

5. Counterclaim Defendant MetLife admits the allegations of this paragraph, except to state that Kathryn Claire Campbell resided in New York at the time that this lawsuit was filed.

6. Counterclaim Defendant MetLife admits the allegations of this paragraph.

7. Counterclaim Defendant MetLife admits that Decedent owned a life insurance policy with the face amount of $1,000,000, but denies the remaining allegations as stated since the policy was ported.

8. Counterclaim Defendant MetLife admits the allegations of this paragraph.

9. Counterclaim Defendant MetLife admits that it paid Werner 70% of the proceeds of the policy as to which there was no dispute and that Werner has made claim to the other 30%. MetLife denies the remaining allegations of this paragraph, as because of the dispute over the proceeds and as a disinterested stakeholder MetLife properly filed this Complaint in Interpleader as to the remaining 30%.

10. Denied, as MetLife does not have sufficient information to form a belief as to the truth thereof.

11. Admitted as to the date of issue of the policy, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 11 of the Cross-Claim.

12. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12.

13. Admitted.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14.

15. Admitted.

16. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16.

17. Admits that the MetLife GVUL Services website was designed for change of address and beneficiaries and other related insurance transactions, and that Cole Campbell used the website to change his beneficiaries in March, 2003 and to change his address in July, 2005, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 17 of the Cross-Claim.

18. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Cross-Claim.

19. Denied.

20. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Cross-Claim.

21. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Cross-Claim.

22. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Cross-Claim.

23. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Cross-Claim.

24. Counterclaim Defendant MetLife admits the allegations of this paragraph.

25. Counterclaim Defendant MetLife admits the allegations of this paragraph, and adds that this Court has jurisdiction to make that determination over this Complaint in Interpleader.

26. Counterclaim Defendant MetLife repeats its responses to the prior allegations of paragraphs 1-25.

27. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Cross-Claim.

28. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Cross-Claim.

29. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the Cross-Claim.

30. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Cross-Claim.

31. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Cross-Claim.

**Response by Plaintiff and Counterclaim Defendant Metropolitan Life Insurance Company to Paragraphs in Catherine Lee Werner's Counterclaim**

1. No answer is required as this paragraph calls for a legal conclusion, but MetLife denies that Catherine Werner's Counterclaim states a valid claim upon which relief can be granted.

4

2. No answer is required as this paragraph calls for a legal conclusion, but MetLife denies that Catherine Werner's Counterclaim states a valid claim upon which relief can be granted.

3. MetLife denies that "MetLife's GVUL division is located in Missouri", and admits the remainder of the paragraph.

4. MetLife repeats its responses to paragraphs 3-31 of Catherine Werner's cross-claim.

### RESPONSE TO FIRST CLAIM FOR RELIEF

5. MetLife repeats its responses to the prior allegations of this Counterclaim.

6. Denied.

7. Admitted, and MetLife adds that as a disinterested stakeholder it has properly filed this Complaint in Interpleader with respect to the disputed proceeds.

8. Denied.

### RESPONSE TO SECOND CLAIM FOR RELIEF

9. MetLife repeats its responses to the prior allegations of this Counterclaim.

10. No response is necessary as the allegation is a conclusion of law.

11. Denied.

12. Denied.

13. Denied, and MetLife notes that it has paid the undisputed 70 percent share due Ms. Werner and properly interpled the remaining 30 percent of the proceeds.

14. Denied.

### RESPONSE TO THIRD CLAIM FOR RELIEF

15. MetLife repeats its responses to the prior allegations of this Counterclaim.

16. Denied, except that MetLife states that it did have proper and correct information regarding decedent's policy on its website.

17. Denied.

18. Denied.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

18. (Response to the duplicate paragraph number 18 as numbered in the Counterclaim itself). MetLife repeats its responses to the prior allegations of this Counterclaim.

19. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Counterclaim, and MetLife further states that the information on the eServices system was portrayed accurately.

20. Admitted, and MetLife notes that decedent last changed his beneficiary designation on March 10, 2003.

21. Denied.

22. Denied.

23. Denied.

### AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim is barred by federal law.

3. The Counterclaim is barred by the doctrine of unclean hands.

4. The Counterclaim is barred by the doctrine of laches.

5. The Counterclaim is barred by the applicable statute of limitations.

6. The Counterclaim is barred by the statute of frauds.

7. The Counterclaim is barred by the parol evidence rule.

8. The Counterclaim is barred by the doctrines of waiver and estoppel.

9. The Counterclaim is barred by the doctrine of collateral estoppel.

10. The Counterclaim is barred by accord and satisfaction.

11. The claim for punitive damages is barred by New York law and by the 8th and 14th Amendments of the United States Constitution.

12. The claims for compensatory damages are barred by the Counterclaimant's failure to establish either wrongdoing or proximate cause, and because the injuries and damages purportedly incurred by Counterclaimant are not the result of any acts, omissions, or other conduct of MetLife.

13. Counterclaimant's claims are barred and/or precluded, in whole or in part, by virtue of Counterclaimant's and/or decedent's ratification, adoption, authorization and/or acquiescence in the actions and/or omissions complained of.

14. The Counterclaim is barred by the Counterclaimant's and/or the decedent's contributory negligence.

15. MetLife has no common law duty as alleged by the Counterclaimant, and did not breach any such alleged duty.

16. Counterclaimant's claims fail in whole or in part because MetLife properly discharged and fully performed all of its contractual duties in connection with the policy at issue, and, at all times, acted in good faith and in strict accordance with the terms and conditions of the policy under which Counterclaimant makes claim, and was guided by and strictly observed all of its legal duties and obligations imposed by the policy, by operation of law, or otherwise.

17. As the Interpleader sounds in equity, no jury trial is available.

18. MetLife reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined by complete and full discovery.

**WHEREFORE**, with respect to the First, Second, Third and Fourth Claims for Relief in the Counterclaim, MetLife respectfully requests judgment in its favor as follows;

A. Dismissal of all of the Claims in the Counterclaim with Prejudice, including dismissal with prejudice of all claims for compensatory and punitive damages;

B. Recovery of the reasonable attorneys' fees and costs that MetLife incurred in defending this Counterclaim;

C. The Interpleader and Injunctive Relief sought in the Complaint in Interpleader filed in the case at bar; and

D. Recovery of the reasonable attorneys' fees and costs incurred by MetLife in filing and pursuing relief to which it is entitled under 28 U.S.C. §§ 1335 and 2361 and as requested in its Complaint in Interpleader.

Dated: New York, New York
November 16, 2007

Respectfully submitted,

**d'ARCAMBAL, LEVINE & OUSLEY, LLP**

/s/ James M. Lenaghan
By: James M. Lenaghan (JL-6473)
Aimee P. Levine (AL-4386)

40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175

Attorneys for Plaintiff and
Counterclaim Defendant
Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

I certify that copies of the within Opposition and Cross-Motion were served by first class mail on John T. Morin and Sean O'Leary, Esquires and Eugene Killian, Jr. and Ryan Milun, Esquires, Counsel for Defendants, on November 16, 2007.

/s/ James M. Lenaghan
James M. Lenaghan