UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
:
METROPOLITAN LIFE INSURANCE          :
COMPANY,                              :          **DECLARATION OF SEAN T.**
                                     :          **O'LEARY IN SUPPORT OF**
                Plaintiff,           :          **MOTION TO DISMISS OR**
                                     :          **STAY ACTION**
                                     :
        -against-                    :          07 CV 7310 (GBD)
                                     :
KATHRYN CLAIRE CAMPBELL,              :          **ECF CASE**
CATHERINE LEE WERNER and              :
SHARON CAMPBELL,                      :
                                     :
                Defendants.          :
                                     :
----------------------------------------------------------------X

SEAN T. O'LEARY, being duly sworn, deposes and says:

1.      I am an attorney associated with the law firm of Wormser, Kiely, Galef & Jacobs

LLP, attorneys for the Defendants, Kathryn Claire Campbell and Sharon Campbell (the

"Defendants"). I am admitted to practice in the United States District Court for the Southern

District of New York, and make this Declaration in support of the Defendants' Motion to dismiss

the Complaint of the Plaintiff, Metropolitan Life Insurance Company (the "Plaintiff"), or to stay

this action pending resolution of the concurrent and parallel action pending in Nevada.

2.      I respectfully direct this Court's attention to the Defendants' Memorandum of

Law in support of their Motion to dismiss the Complaint or to stay this action, which

Memorandum of Law details the legal bases in support of the Motion.

3.      For this Court's reference, attached hereto as Exhibit A is a true copy of a

Complaint of Kathryn Claire Campbell, dated July 20, 2007, and filed in the Second Judicial

District Court of the State of Nevada, County of Washoe, on July 20, 2007.

4.    Attached hereto as Exhibit B is a true copy of an Answer of Metropolitan Life Insurance Company, dated August 31, 2007, in the Second Judicial District Court of the State of Nevada, County of Washoe.

5.    Attached hereto as Exhibit C is a true copy of an Answer of Catherine Werner, dated August 9, 2007, in the Second Judicial District Court of the State of Nevada, County of Washoe.

6.    Attached hereto as Exhibit D is a true copy of the Interpleader Complaint of Metropolitan Life Insurance Company, dated August 15, 2007, and filed with this Court on August 15, 2007.

**WHEREFORE,** for the reasons stated in its Memorandum of Law, the Defendants request that this Court dismiss the Complaint of the Plaintiff, Metropolitan Life Insurance Company, or stay this action pending resolution of the concurrent and parallel action pending in Nevada, and/or direct such other and further relief as this Court deems just and proper.

Dated: New York, New York
        September 7, 2007

                                        _____/S/_____
                                        Sean T. O'Leary (SO-4542)

2

**Exhibit A**

$1425
BARRY L. BRESLOW, ESQ.
Nevada State Bar No. 3023
NATALIE J. REED, ESQ.
Nevada State Bar No. 7495
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, Nevada 89503
Telephone:   (775) 329-3151
Facsimile:   (775) 329-7169
Attorneys for Plaintiff Kathryn Claire Campbell

FILED

2007 JUL 20  PM 3: 58

RONALD A. LONGTIN, JR.

BY____D. Jaramillo
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

KATHRYN CLAIRE CAMPBELL,

      Plaintiff,

vs.

CATHERINE WERNER; SHARON
D. CAMPBELL; METROPOLITAN
LIFE INSURANCE COMPANY, a
Foreign corporation; and DOES I-V,

      Defendants.

CASE NO.   CV07 01631

DEPT.   1

**COMPLAINT FOR DECLARATORY RELIEF**
**(EXEMPTION FROM ARBITRATION REQUESTED)**

    For her Complaint, Plaintiff Kathryn Claire Campbell (hereinafter "Plaintiff")

alleges as follows:

**PARTIES**

    1.    Plaintiff is a resident of the State of New York, and the named

beneficiary of a twenty percent (20%) interest in life insurance policy number

0000003220 issued by Defendant Metropolitan Life Insurance Company

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

1    (hereinafter "MetLife") on the life of Cole C. Campbell (hereinafter "the life

2    insurance policy").

3        2.    Upon information and belief, Defendant Catherine Werner ("Werner")

4    
5    is a resident of Washoe County, Nevada and a named beneficiary of a seventy

6    percent (70%) interest in the life insurance policy.

7        3.    Upon information and belief Defendant Sharon D. Campbell

8    (hereinafter "Defendant Campbell") is a resident of North Carolina and a named

9    
10   beneficiary of a ten percent (10%) interest in the life insurance policy.

11       4.    Upon information and belief, MetLife is a Foreign corporation qualified

12   and doing business in the State of Nevada with its principal place of business in St.

13   Louis, Missouri.

14       5.    Defendants DOES I - V, inclusive, are the fictitious names of

15   
16   Defendants who are the agents, representatives, and/or employees of the named

17   Defendants who are equally responsible for Plaintiff's damages as alleged herein,

18   in either a representative capacity or by virtue of independent acts or omissions.

19   When the true names and identities of these DOE Defendants are ascertained,

20   
21   Plaintiff will seek leave to amend this Complaint to insert their true names and

22   identities.

23                    **FACTUAL ALLEGATIONS**

24       6.    Cole C. Campbell (hereinafter the "Decedent") died February 5, 2007,

25   in Washoe County, Nevada.

26   
27       7.    Plaintiff is the Decedent's daughter.

28       8.    Defendant Werner is the Decedent's surviving spouse.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

2

9.  Defendant Campbell is the Decedent's ex-wife.

10.  Plaintiff received a letter from Defendant MetLife dated January 19, 2007, stating that Plaintiff was a named beneficiary of the Decedent's life insurance policy.  A true and correct copy of that letter is attached hereto as Exhibit A.

11.  Plaintiff filed a claim with Defendant MetLife to receive her twenty percent (20%) share of the Decedent's life insurance policy.

12.  Upon information and belief, Defendant Werner has filed a written objection with MetLife to the distribution of Plaintiff's twenty percent (20%) share of the Decedent's life insurance policy.

13.  Upon information and belief, Defendant Werner has also filed a written objection with MetLife to the distribution of Defendant Campbell's ten percent (10%) share of the Decedent's life insurance policy.

14.  As of this date, Plaintiff has not received her twenty percent (20%) share of the Decedent's life insurance policy from MetLife as a result of Defendant Werner's actions.

15.  Upon information and belief, Defendant Campbell has not received her ten percent (10%) share of the Decedent's life insurance policy from MetLife as a result of Defendant Werner's actions.

16.  Although Plaintiff has demanded that MetLife release the Plaintiff's twenty percent (20%) interest in the Decedent's life insurance policy to Plaintiff, Defendant MetLife has refused, and continues to refuse, to do so.

17.  Upon information and belief, although Defendant Campbell has

ROBISON
BELLAUSTEGUI
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
1ND, NEVADA 89502
TELEPHONE
(775) 329-3151

3

demanded that MetLife release Defendant Campbell's ten percent (10%) interest in

the Decedent's life insurance policy to Defendant Campbell, Defendant MetLife has

refused, and continues to refuse, to do so.

### FIRST CLAIM FOR RELIEF
#### (Declaratory Relief Against All Defendants)

18. Plaintiff incorporates the allegations contained in paragraphs 1 through

17 of her Complaint as though set forth herein.

19. A dispute exists as to whether Plaintiff is entitled to her twenty

percent (20%) interest in the Decedent's life insurance policy. Plaintiff maintains

that she is entitled to a twenty percent (20%) interest, and Defendant Werner

maintains that Plaintiff is not entitled to that twenty percent (20%) interest.

20. Upon information and belief, a dispute exists as to whether Defendant

Campbell is entitled to her ten percent (10%) interest in the Decedent's life

insurance policy. Upon information and belief, Defendant Campbell maintains that

she is entitled to a ten percent (10%) interest, and Defendant Werner maintains

that Defendant Werner is not entitled to that twenty percent (20%) interest.

21. Defendant MetLife is unwilling to release to Plaintiff her twenty

percent (20%) interest in the Decedent's life insurance policy without a judicial

determination of Plaintiff's rights.

22. Accordingly, Plaintiff seeks a declaratory judgment from the Court

pursuant to NRCP 57 and NRS Chapter 30 that she is entitled to a twenty percent

(20%) distribution of the Decedent's life insurance policy, notwithstanding the

objection of any Defendant hereto.

23. Plaintiff further asserts that there is no just cause or other legal

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

impediment to a distribution of her twenty percent (20%) interest in the

Decedent's life insurance policy, and asks the Court to so hold.

24. Due to Defendant Werner's action, Plaintiff has incurred legal fees

and costs associated with prosecuting this action, and seeks reimbursement

therefore to the extent allowed under Nevada law.

WHEREFORE, Plaintiff prays for relief as follows:

1. For declaratory relief in the form of an Order by this Court finding her

the beneficiary of twenty percent (20%) of Cole C. Campbell's MetLife Insurance

Policy with accrued interest from the date of the Decedent's death, and ordering

distribution to her by MetLife immediately;

2. For costs of court and attorney's fees incurred;

3. For such other and further relief as the Court finds just and proper.

DATED this ___20___ day of July, 2007.

ROBISON, BELAUSTEGUI, SHARP & LOW
A Professional Corporation
71 Washington Street
Reno, Nevada 89503

BARRY L. BRESLOW
NATALIE J. REED
Attorneys for Kathryn Claira Campbell

J:\WPData\NJR\25090.001-CAMPBELL Probate\P-Complaint.NJR.7.20.07.wpd

5

**Exhibit B**

1   1130
    WILLIAM D. NAEVE, ESQ.
2   Nevada Bar No. 7837
    AMY E. JONES, ESQ.
3   Nevada Bar No. 8517
    COTKIN & COLLINS
4   A PROFESSIONAL CORPORATION
    701 Bridger Avenue, Suite 700
5   Las Vegas, Nevada 89101
    Telephone (702) 384-1722
6
    Attorneys for Defendant,
7   METROPOLITAN LIFE INSURANCE COMPANY

8

9        IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

10              IN AND FOR THE COUNTY OF WASHOE

11

12   KATHRYN CLAIRE CAMPBELL,         )   CASE NO.: . CV 07 01631
                                      )   DEPT.: I
                  Plaintiff,          )
13                                    )
         vs.                          )
14                                    )
     CATHERINE WERNER; SHARON D.      )
15   CAMPBELL; METROPOLITAN LIFE      )
     INSURANCE COMPANY, a Foreign     )
16   corporation; and DOES I-V,       )
                                      )
17              Defendants.           )
     _____)

18

19      **DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S**

20       **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**

21

22       Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter

23   "Defendant" or "METLIFE") by and through its attorneys of record, William D. Naeve

24   and Amy E. Jones, of the law firm of Cotkin & Collins, and in answer to the Complaint

25   for Declaratory Relief filed by Plaintiff KATHRYN CLAIRE CAMPBELL

26   ("Plaintiff") in the above-captioned matter, does herein admit, deny, and allege as

27   follows:

28   ///

36381-1.wpd

1       1.      In response to paragraph 1, this answering Defendant denies each and
2  every allegation contained in said paragraph because, although a beneficiary form on
3  file identifies this 20% share, Defendant CATHERINE WERNER ("WERNER") is
4  contesting this share based on factual and legal disputes as to the entitlement to the
5  funds.

6       2.      In response to paragraph 2, this answering Defendant admits that plaintiff
7  is a named beneficiary of a 10% interest in the life insurance policy which serves as the
8  subject matter of this declaratory judgment action.  This answering Defendant alleges
9  that it does not have sufficient information and belief in order to enable it to ascertain
10 the veracity of the remaining allegations contained within this paragraph, and based
11 upon such lack of information and belief denies, both generally and specifically, each
12 and every remaining allegation contained therein, and the whole thereof.

13      3.      In response to paragraph 3, this answering Defendant admits that
14 Defendant SHARON D. CAMPELL is a resident of North Carolina.  Except as is
15 expressly admitted herein above, this answering Defendant denies, both generally and
16 specifically, each and every remaining allegation contained in said paragraph because
17 although a beneficiary form on file identifies this 10% share, Defendant WERNER is
18 contesting this share based on factual and legal disputes as to the entitlement to the
19 funds.

20      4.      In response to paragraph 4, this answering Defendant admits that
21 METLIFE is a foreign corporation qualified to do business in Missouri and Nevada.
22 This answering Defendant denies the remainder of this paragraph.

23      5.      In response to paragraph 5, this answering Defendant denies each and
24 every allegation contained in said paragraph because no DOES would be appropriate
25 defendants in this case.

26      6.      In response to paragraph 6, this answering Defendant denies, both
27 generally and specifically, each and every allegation contained therein, and the whole
28 thereof.

36381-1.wpd

7.    In response to paragraphs 7, 8, and 9, this answering Defendant admits same.

8.    In response to paragraph 10, this answering Defendant denies each and every allegation contained in said paragraph in that the letter speaks for itself.

9.    In response to paragraph 11, this answering Defendant admits that Plaintiff claimed entitlement to 20% of the life insurance proceeds.  This answering Defendant denies the reminder of this paragraph.

10.    In response to paragraph 12, this answering Defendant admits that Defendant WERNER has submitted writings in opposition to the distribution of the 20% share to Plaintiff.

11.    In response to paragraph 13, this answering Defendant admits that Defendant WERNER has submitted writings in opposition to the distribution of the 10% share to Defendant SHARON D. CAMPBELL.

12.    In response to paragraph 14, this answering Defendant admits that METROPOLITAN LIFE INSURANCE COMPANY has not paid the 20% share because of the conflicting claims of Defendant WERNER and Plaintiff which necessitated the filing of a Complaint in Interpleader in the United States District Court for the Southern District of New York.  This answering Defendant denies the remainder of this paragraph

13.    In response to paragraph 15, this answering Defendant admits that METROPOLITAN LIFE INSURANCE COMPANY has not paid the 10% share because of the conflicting claims filed by Defendants WERNER and SHARON D. CAMPBELL, and each of them, which necessitated the filing of a Complaint in Interpleader in the United States District Court for the Southern District of New York. This answering Defendant denies the remainder of this paragraph.

14.    In response to paragraphs 16 and 17, this answering Defendant denies each and every allegation contained in said paragraphs, and further adds that METLIFE

///

1  is withholding the proceeds and has filed a Complaint in Interpleader under 28 U.S.C.

2  § § 1335 and 2361 in the Southern District of New York Federal Court because there

3  are factual and legal disputes as to who should receive the proceeds.

4

5  ## FIRST CLAIM FOR RELIEF
   **(Declaratory Relief Against All Defendants)**

6

7      15.   In response to paragraph 18, this answering Defendant repeats and

8  realleges its answers to the allegations contained within paragraphs 1 through 17 of

9  Plaintiff's Complaint as if the same were more fully set forth herein.

10      16.   In response to paragraphs 19 and 20, this answering Defendant

11  admits same.

12      17.   In response to paragraph 21, this answering Defendant denies, both

13  generally and specifically, each and every allegation contained within said paragraph as

14  phrased.

15      18.   In response to paragraph 22, this answering Defendant denies each and

16  every allegation contained in said paragraph in that the proper jurisdiction to issue such

17  a Declaratory Judgment and provide the relief sought within plaintiff's instant

18  Complaint is through the Complaint in Interpleader filed by this answering Defendant

19  in the United States District Court for the Southern District of New York.

20      19.   In response to paragraphs 23 and 24, this answering Defendant denies

21  each and every allegation contained in said paragraphs, which are conclusions of law,

22  and Defendant METLIFE adds that the proper jurisdiction to issue such a Declaratory

23  Judgment and provide the relief sought within plaintiff's instant Complaint is through

24  the Complaint in Interpleader filed by this answering Defendant in the United States

25  District Court for the Southern District of New York.

26  ///

27  ///

28  ///

36381-1.wpd

## AFFIRMATIVE DEFENSES

1.     The Federal Court for the Southern District of New York has the jurisdiction to decide the conflicting claims, pursuant to 28 U.S.C. § § 1335 and 2361.

2.     Defendant METLIFE has filed a statutory interpleader action pursuant to 28 U.S.C. § 1335 and will seek a restraining order pursuant to 28 U.S.C. § § 1335 and 2361 to enjoin the instant action.

3.     Defendant METLIFE has no liability beyond the 30% share to be divided between Plaintiff KATHRYN CLAIRE CAMPBELL, and Defendants CATHERINE WERNER and SHARON D. CAMPBELL.

4.     Defendant METLIFE is entitled to a dismissal with prejudice of all claims submitted by all parties to this matter and any of their assignees and representatives.

5.     This Court should abate prosecution of this action and refuse to exercise its equitable jurisdiction herein in light of the interpleader action pending in the United States District Court for the Southern District of New York.

6.     Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of estoppel.

7.     Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of waiver.

8.     Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of unclean hands.

9.     Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of laches.

10.     Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint inasmuch as the equities do not preponderate in her favor but, rather, preponderate in favor of this answering Defendant.

///

///

///

36381-1.wpd

1    **WHEREFORE**, this answering Defendant, METROPOLITAN LIFE

2  INSURANCE COMPANY, prays for relief as follows:

3        1.    For declaratory relief enjoining this action because the Federal Court for

4  the Southern District of New York will decide the conflicting claims pursuant to

5  28 U.S.C. § § 1335 and 2361.

6        2.    For a declaratory judgment affirming and recognizing the decision of the

7  Federal Court for the Southern District of New York as resolving the dispute over the

8  remaining 30% of the proceeds and releasing it from all claims by Plaintiff KATHRYN

9  CLAIRE CAMPBELL, and Defendants CATHERINE WERNER and SHARON D.

10  CAMPBELL and any of their assignees and representatives;

11        3.    For reimbursement of its costs of court and attorneys' fees;  and

12        4.    For such other and further relief as the Southern District of New York and

13  this Court find just and proper.

14

15  DATED: August 31, 2007

16                                  COTKIN & COLLINS
                                    A PROFESSIONAL CORPORATION

17

18                                  #9610
                         By:          for
19                                  WILLIAM D. NAEVE, ESQ.
                                    Nevada Bar No. 7837
20                                  AMY E. JONES, ESQ.
                                    Nevada Bar No. 8517
21                                  COTKIN & COLLINS
                                    701 Bridger Avenue, Suite 700
22                                  Las Vegas, Nevada 89101
                                    (702) 384-1722
23
                                    Attorneys for Defendant, METROPOLITAN
24                                  LIFE INSURANCE COMPANY

25

26

27

28

36381-1.wpd

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 31st day of August 2007, I served a copy of the **DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF** upon each of the parties by depositing a copy of same in a sealed envelope in the United States Post Office, first-class postage fully prepaid, and addressed to those counsel of record:

Barry L. Breslow, Esq.
Natalie J. Reed, Esq.
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, NV 89503

Counsel for Plaintiff
KATHRYN CLAIRE CAMPBELL
Tel: (775)329-3151
Fax: (775)329-7941

Sandra G. Lawrence, Esq.
Paul Cotsonis, Esq.
DYER, LAWRENCE, PENROSE
FLAHERTY & DONALSON
2805 North Mountain Street
Carson City, NV 89703

Counsel for Defendant and Cross-Claimant
CATHERINE WERNER
Tel: (775) 885-1896
Fax: (775) 885-8728

Lance N. McKenzie, Esq.
AVANSINO, MELARKEY, KNOBEL & MULLIGAN
4795 Caughlin Pkwy, Suite 100
Reno, NV 89509

Counsel for Defendant and Cross-Claimant
SHARON D. CAMPBELL
Tel: (775)333-0300
Fax: (775)330-0305

Dawn Allen, an employee of
COTKIN & COLLINS

36381-1.wpd

**Exhibit C**

1 | 1137
Sandra G. Lawrence, NV Bar No. 2737
2 | Paul Cotsonis, NV Bar No. 8786
Dyer, Lawrence, Penrose
3 | Flaherty & Donaldson
2805 Mountain Street
4 | Carson City, NV 89703
Telephone: (775) 885-1896
5 | Attorneys for Defendant Catherine Werner

6 | IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7 | IN AND FOR THE COUNTY OF WASHOE

8 | KATHRYN CLAIRE CAMPBELL,                CASE NO.: CV07 01631

9 |                    Plaintiff,            ANSWER TO COMPLAINT FOR
                                           DECLARATORY RELIEF; and
10 | vs.                                     CROSS CLAIM

11 | CATHERINE WERNER; SHARON D.
CAMPBELL; METROPOLITAN LIFE
12 | INSURANCE COMPANY, a Foreign
Corporation; and, DOES I-V,
13 |
                     Defendants,
14 |
and
15 |
CATHERINE LEE WERNER,
16 |
                     Cross Claimant,
17 | vs.

18 | METROPOLITAN LIFE INSURANCE
COMPANY, a Foreign Corporation; and
19 | DOES I-V,

20 |                   Cross Defendants

21 |

22 |         Defendant, Catherine Lee Werner, (hereinafter "Defendant Werner") in answer to

23 | the complaint for declaratory relief, filed in the above-captioned matter, does herein admit,

24 | deny, and allege as follows:

25 |         1. Answering paragraph 1, Defendant Werner admits, based on information and

26 | belief, that Plaintiff is a resident of the State of New York. Defendant Werner further

27 | admits the existence of a life insurance policy number 0000003220 issued by Defendant

28 | ///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

Metropolitan Life Insurance Company (hereinafter "MetLife") on the life of Cole C. Campbell (hereinafter the "Life Insurance Policy"). Defendant Werner denies the remaining allegations in paragraph 1.

2. Answering paragraph 2, Defendant Werner admits that she received a seventy percent (70%) interest in the proceeds of the Life Insurance Policy as a named beneficiary of that policy, but denies the remaining allegations in paragraph 2. Defendant Werner herein alleges that her domicile is in the State of Missouri.

3. Answering paragraph 3, Defendant Werner admits, based on information and belief, that Defendant Sharon D. Campbell (hereinafter "Defendant Campbell") is a resident of North Carolina but denies the remaining allegation in paragraph 3.

4. Answering paragraph 4, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 4, and therefore denies such allegation.

5. Answering paragraph 5, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies such allegations.

6. Answering paragraph 6, Defendant Werner admits the allegation in paragraph 6, except that Cole C. Campbell (hereinafter "Decedent") died on January 5, 2007, not on February 5, 2007, as averred in the Complaint.

7. Answering paragraph 7, Defendant Werner admits the allegation in paragraph 7.

8. Answering paragraph 8, Defendant Werner admits the allegation in paragraph 8.

9. Answering paragraph 9, Defendant Werner admits the allegation in paragraph 9.

10. Answering paragraph 10, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore denies such allegations.

Dyer, Lawrence, Pearce, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 2 -

11. Answering paragraph 11, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 11, and therefore denies such allegation.

12. Answering paragraph 12, Defendant Werner admits that she has filed a written objection with MetLife in regard to the distribution of a portion of the life insurance proceeds under the terms of the policy, but denies the remaining allegation in paragraph 12.

13. Answering paragraph 13, Defendant Werner admits that she has filed a written objection with MetLife in regard to the distribution of a portion of the life insurance proceeds under the terms of the policy, but denies the remaining allegation in paragraph 13.

14. Answering paragraph 14, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 14, and therefore denies such allegation.

15. Answering paragraph 15, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 15, and therefore denies such allegation.

16. Answering paragraph 16, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 16, and therefore denies such allegation.

17. Answering paragraph 17, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 17, and therefore denies such allegation.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief Against All Defendants)

18. Answering paragraph 18, Defendant Werner incorporates by reference each admission and denial made by her in answer to paragraphs 1 through 17, inclusive.

///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 3 -

19. Answering paragraph 19, Defendant Werner admits that a dispute exists as to whether plaintiff is entitled to any interest in decedent's life insurance policy. Defendant Werner denies the remaining allegations.

20. Answering paragraph 20, Defendant Werner admits that a dispute exists as to whether Defendant Campbell is entitled to any interest in decedent's life insurance policy. Defendant Werner denies the remaining allegations.

21. Answering paragraph 21, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 21, and therefore denies such allegation.

22. Answering paragraph 22, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 22, and therefore denies such allegation.

23. Answering paragraph 23, Defendant Werner is without information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 23, and therefore denies such allegation.

24. Answering paragraph 24, Defendant denies the allegation in paragraph 24.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to set forth a claim upon which relief can be granted against Defendant Werner based on a number of reasons, including, but not limited to, (1) Defendant Werner is not responsible for MetLife's refusal to pay, if it is obligated to do so, (2) MetLife is not an agent under the control of Defendant Werner and, therefore, Defendant Werner is not liable for the actions or inactions of MetLife, and/or (3) the intention of Decedent was that his spouse Defendant Werner receive all the proceeds of his life insurance Policy, in their entirety.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint should fail for lack of jurisdiction over the subject matter pled.

///
///

- 4 -

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint should fail for lack of jurisdiction over the person of Defendant Werner.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to set forth a claim upon which legal fees and costs can be awarded against Defendant Werner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint as to any claims raised on behalf of Defendant Campbell should fail as Plaintiff has no right to raise such claims on behalf of Defendant Campbell.

### SIXTH AFFIRMATIVE DEFENSE

Defendant MetLife should be estopped from claiming it has no obligation to pay the remaining life insurance proceeds to Defendant Werner in light of the misrepresentations MetLife made to Decedent regarding Decedent's Policy, including but not limited to, inaccurate or misleading information on its eServices web site that indicated that Defendant Werner was Decedent's sole primary beneficiary.

### SEVENTH AFFIRMATIVE DEFENSE

As to any alleged right of Defendant Sharon D. Campbell to the life insurance proceeds, such right arose out of an alimony obligation owed by Decedent under a Decree of Divorce and said obligation has been satisfied. Therefore there has been accord and satisfaction for said obligation and it would be unjust enrichment for Defendant Campbell to receive any insurance proceeds from Decedent.

WHEREFORE, Defendant Werner prays for judgment in its favor and against Plaintiff as follows:

1. That Plaintiff take nothing by way of her complaint and that the same be dismissed;

2. That the Complaint be dismissed for lack of subject matter jurisdiction;

///

///

- 5 -

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

3. That the Complaint be dismissed for lack of in personam jurisdiction over Defendant Werner;

4. For an order declaring the that Defendant Catherine Werner is entitled to the remaining life insurance proceeds of the Policy and not Plaintiff or Defendant Campbell;

5. That the Court issue a briefing schedule for the parties to brief the declaratory judgment issues raised in this Complaint;

6. For costs of suit herein incurred;

7. For reasonable attorney's fees; and

8. For such other and further relief as the Court may deem just and proper.

## CROSS CLAIM

Comes now, Cross Claimant, Catherine Werner (hereinafter "Werner"), by and through her attorneys, Dyer, Lawrance, Penrose, Flaherty & Donaldson and files this Cross Claim against Cross Defendant METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, d.b.a. MetLife, Inc. as follows:

## PARTIES

1. Werner resides in Saint Louis, Missouri.

2. Werner is the widow of Cole C. Campbell (hereinafter "Decedent"), who died in Reno, Nevada, on January 5, 2007.

3. Based upon information and belief, Cross Defendant METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, d.b.a. MetLife, Inc., (hereinafter "MetLife") is believed to be a foreign corporation qualified to do business in the State of Nevada and in the State of Missouri, and its principle place of business is in Saint Louis, Missouri.

## STATEMENT OF FACTS

4. At the time of his death, Decedent was the owner of a $1,000,000.00 Metropolitan Life Insurance, Flexible Premium Life Policy, Group: MetLife GVUL ACH Group, Policy Number 0000003220 (hereinafter the "Policy").

///

- 6 -

Dyer, Lawrance, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

5. After Decedent's death, Werner filed a claim with MetLife for the proceeds under the Policy, and was informed by MetLife that she would receive only 70% of the Policy proceeds. MetLife has distributed 70% of the Policy proceeds to Werner. Werner is contesting the remaining distribution of the 30 % Policy proceeds.

6. Decedent intended Werner to be the sole primary beneficiary of Decedent's Policy.

7. In 2001, Decedent complied with MetLife's requirement to provide written authorization for MetLife to accept and process electronic transaction requests via MetLife's eServices web site (hereinafter the "eServices").

8. In 2003 and 2005, Decedent used and relied upon the eServices system to administer and make authorized changes to his Policy information, including the designation of beneficiaries.

9. In 2005 MetLife represented to Decedent, on the eServices system, that Werner was the sole Primary Beneficiary of Decedent's Policy.

10. On more than one occasion in 2005 and 2006, Decedent informed Werner that she was the sole beneficiary of his Policy.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

11. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10 of this Cross Claim as if each were fully set forth herein.

12. Werner is a person who may sue for a declaratory judgment under NRS 30.040.

13. A declaration of Werner's rights and status under Decedent's Policy is necessary to determine whether Werner is entitled to the remaining proceeds of the Decedent's Policy.

///
///

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2801 Mountain Sreet
Carson City, Nevada 89703
(775) 885-1896

**SECOND CLAIM FOR RELIEF**

(Breach of Contract; Breach of Implied Covenant)

14. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Cross Claim as if each were fully set forth herein.

15. The Policy is a contract between MetLife and Decedent. The law implies in every contract a covenant of good faith and fair dealing wherein each party promises to perform the terms and conditions of the contract in good faith and to deal fairly with the other parties to the contract.

16. Werner was a third-party beneficiary of the contact between MetLife and Decedent .

17. MetLife had a legal, contractual and fiduciary obligation to provide accurate and complete information to Decedent regarding his Policy under the eServices system, so that Decedent was able to review, consider, and make changes in the terms of his Policy, including the name(s) of the primary beneficiary.

18. If there are additional primary beneficiaries under Decedent's Policy, then MetLife's eServices system and procedure was or is flawed, and amounted to a breach of MetLife's legal, contractual, or fiduciary obligations to Decedent, to the detriment and injury of Decedent's intended beneficiary, Werner.

19. By failing to provide accurate and correct information to Decedent and refusing to pay the remaining Policy proceeds to Werner, MetLife breached the covenant of good faith and fair dealing that they entered into with Decedent.

20. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

///
///
///
///

- 8 -

## THIRD CLAIM FOR RELIEF

### (Negligence/Misrepresentation)

21. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Cross Claim as if each were fully set forth herein.

22. At all times relevant to this Cross Claim, MetLife was under a duty to provide Decedent accurate and correct information regarding his Policy on the eServices system. MetLife breached this duty by failing to exercise due care in regard to the information it placed on the eServices system. The actions of MetLife constitute misrepresentation or negligence.

23. Alternatively, if the eServices representation showing Werner as the sole Primary Beneficiary was a mistake, error, or misrepresentation then Werner was damaged as a consequence of that mistake, error, or misrepresentation.

24. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

## FOURTH CLAIM FOR RELIEF

### (Promissory Estoppel)

25. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 of this Cross Claim as if each were fully set forth herein.

26. MetLife knew or should have known that Decedent would rely on information present on the eServices system regarding his Policy and his beneficiary designations because MetLife intended, in creating the eServices system, that it be used for that purpose by policyholders using eServices.

27. Decedent was not aware of the true state of the facts of his Policy information because of the inaccurate, incorrect, or omitted information placed on the eServices system by MetLife regarding Decedent's choice of a primary beneficiary.

///

-9-

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

28. Decedent relied, to his detriment, on the information on eServices and as a result of his reliance on that information, Werner was been damaged because she did not receive the full Policy proceeds intended by the Decedent.

29. Based on the intent, use and application of the eServices system in relation to Decedent's account, MetLife should be estopped from asserting that Werner is not the primary beneficiary of the remaining thirty percent (30%) of the Policy.

30. Werner has been harmed by the actions of MetLife and said harm has resulted in damages to Werner.

### FIFTH CLAIM FOR RELIEF
#### (Nonfeasance; Misfeasance)

31. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Cross Claim as if each were fully set forth herein.

32. MetLife's failure to provide accurate information on its eServices system regarding Decedent's policy is nonfeasance or in the alternative is misfeasance.

33. As a result of (1) the nonfeasance or (2) the misfeasance of MetLife by failing to provide accurate information on its eServices system regarding Decedent's Policy, Werner has been harmed and said harm has resulted in damages to Werner.

### SIXTH CLAIM FOR RELIEF
#### (Damages)

34. Werner hereby alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 of this Cross Claim as if each were fully set forth herein.

35. Werner has been damaged by MetLife's actions. Said damages include, but are not limited to the value of the remaining proceeds of the Policy, the loss of the use of those proceeds, attorneys fees and costs, and general damages in excess of Ten Thousand Dollars ($10,000.00).

///

- 10 -

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

WHEREFORE, Cross Claimant Werner prays for judgment in its favor and against Cross Defendant MetLife as follows:

1. For Judgment in favor of Cross Claimant Werner and against Cross Defendant MetLife on each and every allegation and claim of this Cross Claim;

2. For Judgment in favor of Cross Claimant Werner and against all Cross Defendants for damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

3. For an order declaring that Cross Claimant Werner is entitled to the remaining life insurance proceeds of the Policy;

4. That the Court issue a briefing schedule for the parties to brief the declaratory Judgment issues raised in this Cross Claim;

5. For costs of suit herein incurred;

6. For reasonable attorney's fees; and

7. For such other and further relief as the Court may deem just and proper.

DATED this 9th day of August, 2007.

Dyer, Lawrence, Penrose
Flaherty & Donaldson

By: _____
Sandra G. Lawrence
Attorneys for Defendant
Catherine Werner

Dyer, Lawrence, Penrose, Flaherty & Donaldson
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

- 11 -

**Exhibit D**

## JUDGE DANIELS

James M. Lenaghan (JL 6473)
Aimee P. Levine (AL 4386)
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

**07 CV 7310**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

METROPOLITAN LIFE INSURANCE
COMPANY,

                Plaintiff,

    -against-

KATHRYN CLAIRE CAMPBELL,
CATHERINE LEE WERNER, and SHARON
CAMPBELL,

                Defendants.

-------------------------------------------x

Civil Action No.

**COMPLAINT IN
INTERPLEADER**

Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys,

d'Arcambal, Levine & Ousley, LLP, for its interpleader complaint, alleges as follows:

### PARTIES

1.    Interpleader plaintiff MetLife is an insurance company organized and existing

under the laws of the State of New York with its principal place of business in New York, New

York. MetLife is duly licensed to do business in the State of New York.

2.    Upon information and belief, defendant Catherine Lee Werner ("Werner") is the

spouse of Cole Campbell (the "Decedent"). She resides in St. Louis, Missouri (having recently

moved there from Nevada).

3.    Upon information and belief, defendant Kathryn Claire Campbell ("K. Campbell") is a surviving daughter of the Decedent. She resides in Brooklyn, New York.

4.    Upon information and belief, defendant Sharon D. Campbell ("S. Campbell") is an ex-spouse of the Decedent. She resides in Chapel Hill, North Carolina.

### JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967).

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) (the district where the claim substantially arose).

7.    Nationwide service of process is authorized under 28 U.S.C. § 2361.

### CAUSE OF ACTION IN INTERPLEADER

8.    The Decedent was insured under Plaintiff's Certificate Number 0000003220 under a group variable universal life insurance policy sponsored by Pulitzer Publishing Company. The death benefit under the policy was $1,026,000.

9.    Upon information and belief, the Decedent was a resident of Nevada on the date of his death.

10.    On January 5, 2007, the Decedent died. A true and correct copy of the certified death certificate is attached hereto as *Exhibit A*.

2

11.     On the most recent designation of beneficiary form on file, one beneficiary of record was Werner for 70% of the proceeds. Other beneficiaries of record were K. Campbell for 20% of the proceeds and S. Campbell for 10% of the proceeds. A true and correct copy of the printout of said March 10, 2003 beneficiary designation is attached hereto as *Exhibit B*.

12.     As a consequence of the Decedent's death, $1,026,000 in life insurance benefits became available in total to the beneficiaries.

13.     Werner as beneficiary of 70% of the policy proceeds has been paid her claim for that percentage of the policy proceeds.

14.     However, a dispute has arisen for the remaining 30% of the policy proceeds. K. Campbell claims 20% of the policy proceeds ($205,200) and S. Campbell claims 10% of the policy proceeds ($102,600). Their claims are based primarily on the shares listed in the March 2003 designation of beneficiary form. Further, K. Campbell has filed a civil lawsuit with the number CV07 01631 in the Second Judicial District Court for Washoe County, Nevada ("the Nevada lawsuit") seeking payment of 20% of the proceeds. A true and correct copy of the Nevada lawsuit is attached hereto as *Exhibit C.*

15.     Werner also claims this remaining 30% share of the proceeds. She bases her claim on several items, including an affidavit from the Decedent's financial planner, an income worksheet, prepared by the Decedent shortly before his death, and a letter from a financial services professional. A true and correct copy of a letter from MetLife to Werner, S. Campbell, and Natalie Reed, the attorney for K. Campbell, and reciting the factual dispute in detail is attached hereto as *Exhibit D*. Further, in the Nevada lawsuit Werner has filed a cross-claim against MetLife seeking entitlement to the proceeds and other amounts in costs, fees and potential damages. A true and correct copy of that cross-claim is attached hereto as *Exhibit E.*

3

16. Given this factual dispute and the pendency of the Nevada lawsuit and cross-claim, MetLife cannot determine whether the respective 20% and 10% shares of the policy proceeds may be safely paid to K. Campbell and S. Campbell as the designated beneficiaries, or whether Werner should receive the remaining 30% of the proceeds.

17. By reason of the actual or potential claims of the interpleading defendants, MetLife is, or may be, exposed to multiple liability.

18. MetLife, as a mere stakeholder, has no interest (except to recover its attorneys fees and costs of this action) in the total benefits payable, and respectfully requests that this Court determine to whom said benefits should be paid.

19. MetLife accordingly will deposit into the Registry of the Court the current value of the 30% of the policy proceeds which is due and owing in accordance with the terms of the insurance contract for disbursement in accordance with the judgment of this Court.

20. MetLife has not brought this Complaint in Interpleader at the request of any or all of the claimants; there is no fraud or collusion between MetLife and any or all of the claimants; and MetLife brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

21. Until this Court rules on the issue of whether Werner, or, in the alternative K. Campbell and S. Campbell, are entitled to the remaining proceeds in question, MetLife cannot safely determine the proper recipient(s) of the policy proceeds without risking exposure to multiple liability.

4

**WHEREFORE,** MetLife demands judgment as follows:

    i.    Restraining each of the defendants by Order and Injunction of this Court from instituting or pursuing any action, including but not limited to the Nevada lawsuit and cross-claim, against MetLife for the recovery of any proceeds under the policy pursuant to 28 U.S.C. § 2361;

    ii.    Requiring the defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject proceeds in this action;

    iii.    Enjoining each of the defendants from instituting or prosecuting any proceeding in any state or United States court, including but not limited to the Nevada lawsuit, affecting the policy proceeds or interest involved in this Interpleader action pursuant to 28 U.S.C. § 2361;

    iv.    Requiring that defendants settle and adjust among themselves, or upon their failure to do so, that this Court settle and adjust the claims and determine to whom the remaining policy proceeds should be paid;

    v.    Permitting MetLife to deposit the amount of said proceeds, $307,800 (plus applicable interest, if any), into the Registry of this Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

    vi.    Dismissing MetLife with prejudice and discharging MetLife and Decedent's employer Pulitzer Publishing Co. from any further liability upon payment of the aforementioned proceeds into the Registry of this Court or as otherwise directed by this Court and dismissing with prejudice this action as to MetLife as well as the Nevada lawsuit and cross-claim;

    vii.    Awarding MetLife its costs and attorneys fees;

    viii.    Awarding MetLife any other and further relief that this Court deems just and proper.

5

Dated: August 15, 2007
New York, New York

d'ARCAMBAL, LEVINE & OUSLEY, LLP

By: _____ _____

James M. Lenaghan
Aimee P. Levine

40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Interpleader Plaintiff
Metropolitan Life Insurance Company

6