UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
METROPOLITAN LIFE INSURANCE            :
COMPANY,                               :                ECF FILING
                                       :
              Plaintiff,               :                07 CV 7310 (GBD)
                                       :
      -against-                        :
                                       :
KATHRYN CLAIRE CAMPBELL,               :
CATHERINE LEE WERNER and               :
SHARON CAMPBELL,                       :
                                       :
              Defendants.              :
                                       :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANTS, KATHRYN CLAIRE CAMPBELL AND SHARON CAMPBELL, TO DISMISS THE COMPLAINT OF THE PLAINTIFF, METROPOLITAN LIFE INSURANCE COMPANY, OR TO STAY THIS ACTION PENDING RESOLUTION OF THE CONCURRENT AND PARALLEL ACTION

WORMSER, KIELY, GALEF & JACOBS LLP
825 Third Avenue
New York, New York 10022
(212) 687-4900

Attorneys for Defendants
Kathryn Claire Campbell and Sharon Campbell

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 2

II. STATEMENT OF RELEVANT FACTS ....................................................................... 2

III. ARGUMENT ................................................................................................................. 4

    A. This Court Has Discretion to Dismiss or Stay This Action Under the Abstention Doctrine. .................................................................................................................. 4

    B. The Second Circuit Adopts the Discretionary Standard for Interpleader Actions. .. 5

        1. The Interpleader and the Nevada Lawsuit are Concurrent and Parallel. ....... 7

        2. The Interpleader Action is Better Adjudicated in Nevada. ............................ 7

        3. The Nevada Lawsuit Will Adequately Protect the Plaintiff. ......................... 9

    C. Having Already Been Served with Process from Nevada, the Plaintiff's Motives for Filing the Interpleader are Suspect. ................................................................. 10

    D. If This Court Declines to Dismiss the Interpleader, Then a Stay Should Issue. .... 10

IV. CONCLUSION ............................................................................................................ 10

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
METROPOLITAN LIFE INSURANCE                                 :
COMPANY,                                                    :         ECF FILING
                                                            :
                        Plaintiff,                          :         07 CV 7310 (GBD)
                                                            :
        -against-                                           :
                                                            :
KATHRYN CLAIRE CAMPBELL,                                    :
CATHERINE LEE WERNER and                                    :
SHARON CAMPBELL,                                            :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANTS, KATHRYN CLAIRE CAMPBELL AND SHARON CAMPBELL, TO DISMISS THE COMPLAINT OF THE PLAINTIFF, METROPOLITAN LIFE INSURANCE COMPANY, OR TO STAY THIS ACTION PENDING RESOLUTION OF THE CONCURRENT AND <u>PARALLEL ACTION</u>

The Defendants, Kathryn Claire Campbell ("Claire") and Sharon Campbell ("Sharon") (collectively, the "Defendants"), by and through their attorneys, Wormser, Kiely, Galef & Jacobs LLP, respectfully submit this Memorandum of Law in support of their Motion to dismiss the Complaint in Interpleader of the Plaintiff, Metropolitan Life Insurance Company (the "Plaintiff") (collectively, the "Interpleader"), or alternatively, to stay this action pending resolution of the concurrent and parallel action filed in the Second Judicial District Court of the State of Nevada, Case Number CV07-01631 (the "Nevada lawsuit").

## I. INTRODUCTION

The Plaintiff's Interpleader should be dismissed. This Court should abstain from exercising jurisdiction over this matter because it is clear that the Nevada lawsuit is better suited to adjudicate the Plaintiff's claims.

The Interpleader is parallel to, and concurrent with, the previously filed Nevada lawsuit. The Nevada lawsuit and the Interpleader both arise out of the same transaction and they involve the same parties. The Interpleader asks this Court to adjudicate issues already in litigation in the Nevada lawsuit. As shown below, the "interests of conservation of judicial resources and comprehensive disposition of litigation" militate in favor of abstention and dismissal. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Alternative to dismissal, this Court should stay the Interpleader pending resolution of the Nevada lawsuit.

## II. STATEMENT OF RELEVANT FACTS

Claire is the daughter of Cole Campbell ("Cole"), who died from injuries sustained in a motor-vehicle accident in Washoe County, Nevada on January 5, 2007. (<u>See</u> attached Affidavit of Barry L. Breslow, Esq., at ¶ 4). At the time of his death, Cole was covered under a group variable life-insurance policy (the "Policy") underwritten by the Plaintiff. (<u>See id.</u>, at ¶ 5). Claire was a designated beneficiary of twenty percent of the proceeds of Cole's $1,026,000 Policy, while Sharon, Cole's ex-wife, was a designated beneficiary of ten percent of the proceeds of the Policy. (<u>See id.</u>, at ¶ 6). The Defendant, Catherine Werner ("Catherine"), was Cole's spouse at the time of his death and was a designated beneficiary of seventy percent of the proceeds of the Policy. (<u>See id.</u>, at ¶ 7). Upon Cole's death, both Claire and Sharon filed claims with the Plaintiff to receive their designated percentage of the proceeds, as provided for by the terms of the Policy. (<u>See id.</u>, at ¶ 8). Meanwhile, Catherine sent the Plaintiff a written objection to the Plaintiff's proposed distributions to Claire and Sharon. (<u>See id.</u>, at ¶ 9). Apparently, Catherine

2

believes that Cole mistakenly neglected to remove Claire and Sharon as beneficiaries of the proceeds of the Policy. (See id., at ¶ 10). As a result of Catherine's written objections, the Plaintiff refused, and continues to refuse, to distribute to Claire and Sharon their rightful percentage of the proceeds of the Policy. (See id., at ¶ 11).

In response to the Plaintiff's refusal to pay Claire her percentage due under the Policy, Claire filed the Nevada lawsuit on July 20, 2007, seeking an order declaring her to be the rightful beneficiary of twenty percent of the proceeds of the Policy. (See id., at ¶ 12). The Plaintiff, Sharon, and Catherine are the named defendants in the Nevada lawsuit. (See id., at ¶ 12-13). The Plaintiff, Sharon and Catherine each individually answered Claire's Nevada lawsuit, and Catherine filed a cross-claim against the Plaintiff for, among other things, negligence and breach of contract. (See id., at ¶ 13). Each of Catherine's cross-claims arises out of the dispute over the proceeds of the Policy. (See id., at ¶ 14). (Pleadings in the Nevada lawsuit – including Claire's Complaint, Metropolitan Life Insurance Company's Answer, and Catherine's Answer/Cross-Claim – are annexed to the Declaration of Sean T. O'Leary, as respectively, Exhibits A, B and C.) The Nevada lawsuit is poised to commence discovery in early September 2007. (See id., at ¶¶ 15-17).[1]

Notwithstanding the existence of the Nevada lawsuit, the Plaintiff commenced this Interpleader action on August 15, 2007. (See id., at ¶ 18). The Plaintiff seeks to interplead the proceeds of the Policy and indicated an intent to seek an injunction prohibiting the parties from proceeding with the Nevada lawsuit. (See id., at ¶ 19). (The Plaintiff's Interpleader Complaint is annexed to the Declaration of Sean T. O'Leary as Exhibit D.) Claire and Sharon respectfully ask that this Court abstain from exercising jurisdiction over this Interpleader action and dismiss the

---

[1] Pursuant to Rule 16.1 of the Nevada Rules of Civil Procedure, a mandatory meet and confer discovery conference is set for September 11, 2007, at which time counsel will exchange documents, list potential witnesses, and formulate a discovery plan. (See id., at ¶ 17).

3

Interpleader Complaint. (See id., at ¶ 20). Alternatively, Claire and Sharon ask that this Court stay this Interpleader action pending resolution of the Nevada lawsuit. (See id.).

### III.   ARGUMENT

This Court should dismiss the Plaintiff's Interpleader because the Plaintiff's claims can be satisfactorily adjudicated in the Nevada lawsuit. The Interpleader is duplicative, and proceeding with this action is a waste of judicial resources. As shown below, this Court has wide discretion in declining to extend jurisdiction to an interpleader action in light of a concurrent and parallel state court action.

> A.   This Court Has Discretion to Dismiss or Stay This Action Under the Abstention Doctrine.

Typically, the mere existence of a similar action in state court will not require, or sometimes even permit, a federal court from refusing to hear an action that was properly within its jurisdiction. McClellan v. Carland, 217 U.S. 268, 281-82, 30 S.Ct. 501, 504-05 (1910). Generally, parallel state and federal actions will go forward until one of them results in a judgment that may be asserted as res judicata in the other. Id. The primary rationale underlying this rule is that the federal district court has a "virtually unflagging obligation" to exercise its jurisdiction when properly presented. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). However, in certain circumstances, the district court may decline to exercise jurisdiction when doing so will "avoid duplicative litigation and is premised on considerations which concern the efficient administration of judicial resources and the comprehensive disposition of cases." NYLife Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 376 (3d Cir. 1995) (citing Colorado River, 424 U.S. at 818, 96 S.Ct. 1236, 47 L.Ed.2d 483). Utilizing this "abstention doctrine," a district court may dismiss a case by declining to exercise jurisdiction, or alternatively, a district court may stay the case, pending resolution of the concurrent state action.

Ordinarily, in actions for damages, the district court should not abstain from exercising jurisdiction unless "exceptional circumstances" exist. Known as <u>Colorado River</u> abstention, the district court examines six factors in determining whether exceptional circumstances exist: (1) whether abstention will avoid piecemeal litigation; (2) whether the federal action is more or less advanced than the state action(s); (3) whether the plaintiff's federal rights will be protected in the state action(s); (4) whether federal or state law provides the rule of decision; (5) whether one forum is more convenient than the other; and (6) whether the controversy involves property over which one of the courts has assumed jurisdiction. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); <u>De Cisneros v. Younger</u>, 871 F.2d 305, 307 (2d Cir. 1989). Typically, the <u>Colorado River</u> factors will be examined when the district court is asked to abstain. However, in actions for declaratory relief, the Supreme Court announced a different standard. Specifically, the Supreme Court held in <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282-88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), that a "discretionary standard," rather than the <u>Colorado River</u> "exceptional circumstances test," governs a federal court's decision to stay or dismiss a declaratory judgment action during the pendency of parallel state court proceedings.

B.    <u>The Second Circuit Adopts the Discretionary Standard for Interpleader Actions.</u>

That discretionary standard for declaratory actions has now been expressly extended to interpleader actions by the Second Circuit Court of Appeals. This is crucial to the pending case because the Plaintiff has, in its Interpleader Complaint before this Court and in its Answer in the Nevada lawsuit, announced its intention to seek to enjoin the Nevada lawsuit pursuant to 28 U.S.C. §2361.

While this section of Title 28 is a statutory exception to the federal anti-injunction statute, 28 U.S.C. §2283, the Second Circuit has made clear that this exception is by no means mandatory and that this Court must address the question whether the injunctive relief will be

5

granted based on a discretionary standard.

Thus, in National Union Fire Ins. Co. v. Karp, the Second Circuit Court of Appeals, relying on Wilton, held that a district court has discretion to "decline adjudicating issues raised in an interpleader action that can be 'fairly adjudicated' in state court." See 108 F.3d 17, 22 (2d Cir. 1997). Such is the case here.

National Union did not discuss the six-factor test of Colorado River, instead applying the factors enunciated in Wilton. The Court said that while Wilton "did not set out an exclusive list of factors governing the district court's exercise of [its] discretion, it did provide some useful guidance in that regard." Id. The Court also noted that "specifically, the district court's inquiry should examine the scope of the pending state court proceeding and the nature of the defenses open there . . . and should entail consideration of, inter alia, whether the claims of all parties in interest can satisfactorily be adjudicated in the pending state court proceeding." Id.

National Union did not discuss any additional factors that a district court should review in deciding whether to abstain, although the Third Circuit Court of Appeals, in an expansive and thorough opinion, directed the district courts more specifically. See NYLife, 72 F.3d 371.

In NYLife, the Court held that the district court (1) should determine whether the state action is indeed "parallel," (2) "must remain cognizant of the purpose of the interpleader . . . ultimately determining where the competing claims . . . can be better settled," in the state court proceeding, (3) "evaluate which forum will protect the stakeholder [interpleader plaintiff] more effectively while providing the claimants with the more efficient, convenient, and expeditious vehicle to settle their dispute to the fund," and (4) "evaluate the conduct of the parties in litigating both the federal and state actions to ensure that procedural fencing, forum shopping or gamesmanship is not rewarded." Id. at 382-83. The NYLife Court noted that the aforementioned factors were not intended to be comprehensive, and that it was to be at the discretion of the district court to consider any other factors it finds relevant. Id.

Applying the guidance of National Union and NYLife here, it is clear that abstention is warranted and the Interpleader should be dismissed, or alternatively, stayed pending resolution of the Nevada lawsuit.

### 1. The Interpleader and the Nevada Lawsuit are Concurrent and Parallel.

There can be no genuine dispute that the Nevada lawsuit and the instant Interpleader are concurrent and parallel actions. (See attached Affidavit of Barry L. Breslow, Esq., at ¶ 21). National Union directed that federal and state proceedings are parallel for abstention purposes when the "two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." 108 F.3d at 22.

The issues presented in this Interpleader are deeply intertwined in the already existing Nevada litigation. Claire's Nevada lawsuit seeks declaration as to only two things: (i) the rightful beneficiaries of Cole's Policy proceeds, and (ii) the percentages of the Policy proceeds to which the beneficiaries are entitled. The Interpleader action seeks the same substantive relief. The only transaction that gave rise to both the Nevada lawsuit and the Interpleader was Cole's death and the Plaintiff's attempt to distribute the proceeds of the Policy. The amount of the Policy proceeds is not in dispute, and the named parties are identical in both actions. This is clearly a case of parallel and concurrent state and federal actions.

### 2. The Interpleader Action is Better Adjudicated in Nevada.

The issues raised by the instant Interpleader action are better suited to adjudication in the Nevada lawsuit. First, the parties have already appeared in that action and the Nevada court has obtained personal jurisdiction over the parties. The Nevada lawsuit is poised to begin discovery (and set a trial date) in early September, and there is no indication that the Nevada lawsuit will progress at an unsatisfactory rate. Further, with the exception of the Plaintiff, the parties are already involved, to various degrees, in the division of Cole's estate which is probated in Washoe County, Nevada. Lastly, the Nevada court is plainly a competent jurisdiction and is

capable of deciding each of the Plaintiff's Interpleader issues. And, unlike many of the abstention questions presented in federal courts with respect to foreign tribunals, the Nevada court is one of competent jurisdiction.

The fact that the Policy proceeds might have been deposited with this Court[2] is not dispositive. First, the interpleader action is inherently an in personam action. Humble Oil & Refining Co. v. Copeland, 398 F.2d 364, 368 (4th Cir. 1968). Where one court holds property in its custody, another court may "adjudicate rights in that property" so long as it does not interfere with the custodial court's possession of the property except to the extent that the custodial court "is bound by the judgment to recognize the right adjudicated by the" non-custodial court. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946). Notwithstanding any deposit of the Policy proceeds with this Court, the Nevada lawsuit may adjudicate rights in that property without interfering with this Court's jurisdiction over any res or property.

Additionally, Nevada – not New York – is the forum in which the events in suit took place. Cole was a resident of Washoe County, Nevada at the time of his death. He paid the premiums on the Policy from Nevada. Catherine and Cole were domiciled in Washoe County until his death, and Cole's estate is being probated in Washoe County. Further, Claire, who is now a resident of New York, was a Nevada resident and retained Nevada counsel to pursue her rights to the Policy proceeds. Nothing of substantive legal significance occurred in New York.

Lastly, upon information and belief, only the Plaintiff prefers to litigate these issues in New York. Each of the other parties has retained Nevada counsel. Claire and Sharon have prepared to litigate this matter in Nevada, and, upon belief of counsel Breslow, Catherine is in agreement that Nevada is a more convenient venue to litigate these issues. The Defendants have now been forced to expend additional costs in responding to the Plaintiff's Interpleader action.

---

[2] It is unclear at the time of filing this Motion whether any funds have been deposited with the Registry of the Court.

This has significantly increased the costs, and now requires the Defendants to fight identical issues on both ends of the country, thereby creating a financial hardship for the movants. (See attached Affidavit of Barry L. Breslow, Esq., at ¶ 23). This Court should prevent further unnecessary costs to the parties by dismissing this Interpleader.

In the event that this Court agrees to dismiss the Interpleader, Claire will stipulate to an order of the Nevada court that will provide for the disputed thirty percent of the proceeds of the Policy to be placed in an interest bearing account until the matter is resolved, and thereafter paid out in accordance with the determination of the Nevada District Court. (See attached Affidavit of Barry L. Breslow, Esq., at ¶ 24).

### 3.   The Nevada Lawsuit Will Adequately Protect the Plaintiff.

There is no indication that the Plaintiff will not be able to achieve its goals in the Nevada lawsuit. The Plaintiff's purpose in filing the Interpleader action was undoubtedly to relieve itself of the duty of "determining at his peril the merits of competing claims and shield[ing] himself from the prospects of multiple liability." NYLife, 72 F.3d. at 374. Such a purpose may be accomplished in the Nevada lawsuit.[3] Indeed, were the two parallel cases to go forward unchecked, they would each attempt to determine the rightful beneficiaries of the Policy proceeds. As discussed in the Colorado River elements, such piecemeal litigation is highly disfavored. Regardless of the outcome of this Motion, the Plaintiff will still be obligated to appear in Nevada and defend itself from Catherine's cross-claims. This Interpleader action will not dispense of that obligation. If this Court dismisses this Interpleader action, the Plaintiff will then be able to both defend itself against the cross-claims, and interplead the Policy proceeds with the Nevada court. This is clearly preferable to proceeding with identical litigation in two

---

[3] Counsel for Claire has served on the parties to the Nevada lawsuit a Notice to Set Trial, which setting will take place on September 11, 2007, immediately following the Rule 16.1 conference. It is believed that this matter will be set for trial to commence sometime in late summer of 2008. (See attached Affidavit of Barry L. Breslow, Esq., at ¶16).

separate venues.

    C.    <u>Having Already Been Served with Process from Nevada, the Plaintiff's Motives for Filing the Interpleader are Suspect.</u>

The Plaintiff inexplicably filed the Interpleader action after having already been served with the Nevada lawsuit, and after having been contacted by Claire's counsel regarding the same. Filing the Interpleader after having been brought into the Nevada lawsuit reeks of gamesmanship, procedural fencing, and forum shopping, all of which are highly disfavored. <u>See</u> <u>NYLife</u>, 72 F.3d. at 383. Clearly, the Plaintiff is attempting to deprive Claire of her opportunity to adjudicate her rights in her forum of choice – a forum to which none of the parties other than the Plaintiff, which has nothing to do with either forum apart from depositing funds, objects. There can be no other explanation for the Plaintiff's instant lawsuit. Claire and Sharon respectfully urge this Court to examine the Plaintiff's conduct and intent in filing the Interpleader action in light of the identical Nevada lawsuit.

    D.    <u>If This Court Declines to Dismiss the Interpleader, Then a Stay Should Issue.</u>

It has been discussed by the authorities examining abstention that a suitable alternative to dismissal is a stay of the federal proceeding pending a suitable resolution of the state court matter. <u>See</u>, <u>e.g.</u>, <u>NYLife</u>, 72 F.3d at 383. A stay, as opposed to dismissal, "will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." <u>Wilton</u>, 515 U.S. at 288, n2. If this Court were to find that dismissal were not warranted, Claire respectfully requests that this Court stay this matter pending resolution of the related interpleader issues in the Nevada lawsuit.

## IV.   CONCLUSION

This Court has discretion to refuse to hear the Interpleader action. This Court need not

10

find exceptional circumstances to avoid exercising jurisdiction here. Rather, this Court need only find that "the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." National Union, 108 F.3d at 22. The Nevada lawsuit is already dealing with the Plaintiff's interpleader issues; the two cases are identical in the issues presented and the parties involved. The Nevada lawsuit was first-in-time, and, thus, it has proceeded faster and further than the Interpleader action. Nevada is a more convenient forum for the Defendants, as they have each already retained Nevada counsel who are prepared to litigate in Washoe County. There is no indication that the Plaintiff cannot achieve its goals by interpleading the Policy proceeds in the Nevada lawsuit. Dismissing the Interpleader will prevent piecemeal litigation. Lastly, the Plaintiff should not be rewarded by engaging in procedural fencing, forum shopping, and/or gamesmanship. This Court should dismiss the Interpleader and allow the Nevada lawsuit to proceed unencumbered. Alternatively, this Court should stay the Interpleader pending a suitable result in Nevada.

Dated: New York, New York
September 7, 2007

                Respectfully submitted,

                WORMSER, KIELY, GALEF & JACOBS LLP

                By: _____/S/_____
                      John T. Morin (JM-0390)
                      Sean T. O'Leary (SO-4542)

                      825 Third Avenue
                      New York, New York 10022
                      (212) 687-4900

                      Attorneys for Defendants
                      Kathryn Claire Campbell and Sharon Campbell