KILLIAN & SALISBURY, P.C.
Eugene Killian, Jr. (EK-9972)
77 Brant Avenue
Suite 115
Clark, NJ   07066
732-827-8600
*Attorneys for Defendant, Catherine Lee Werner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

METROPOLITAN LIFE INSURANCE
COMPANY,

                              *Plaintiff,*

v.

KATHRYN CLAIRE CAMPBELL,
CATHERINE LEE WERNER, and
SHARON CAMPBELL,

                              *Defendants.*

---

Civil Action No. 07 CV 7310 (GBD)

---

### DEFENDANT CATHERINE LEE WERNER'S BRIEF IN OPPOSITION TO DEFENDANTS KATHRYN AND SHARON CAMPBELL'S MOTION TO DISMISS AND IN OPPOSITION TO METLIFE'S CROSS-MOTION FOR INJUNCTION AGAINST STATE ACTION AND TO DEPOSIT FUNDS IN INTERPLEADER

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    a.   Background regarding the dispute over the remaining life insurance proceeds . . . 4

    b.   Misstatements of facts by Kathryn and Sharon Campbell in their Motion to Dismiss and in the Affidavit of Barry Breslow . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    I.   Werner joins MetLife's opposition to defendants Kathryn and Sharon Campbell's motion to dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.   Werner opposes MetLife's cross-motion to the extent it seeks dismissal of MetLife after the funds are interplead into the New York Federal Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    III.   Werner opposes MetLife's cross-motion to the extent it seeks recovery of fees and costs for this interpleader action as MetLife is not an innocent stakeholder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    IV.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1335 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 2361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1711 (3d ed.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fidelity Brokerage Services, LLC v. Bank of China, 192 F. Supp.2d 173 (S.D.N.Y. 2002) . . . . 12

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente, No. 98 Civ. 1756, 2001 WL11070 (S.D.N.Y. Jan. 4, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

New York Life Insurance Co. v. Connecticut Development Authority, 700 F.2d 91 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Royal School Laboratories, Inc. v. Town of Watertown, 358 F.2d 813 (2d Cir. 1966) . . . . . . . . 13

Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675 (2d Cir.1989) . . . . . . . . . . . . . 13

State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523 (1967) . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

## INTRODUCTION

MetLife has opposed the motion of Kathryn and Sharon Campbell to dismiss or stay this properly filed interpleader action and Werner joins in that opposition. However, MetLife has also filed a cross-motion seeking its dismissal and an award of reasonable attorney's fees for the cost of bringing this interpleader action. Because it was MetLife's negligence and breaches of contract that have resulted in the dispute over the remaining proceeds of Cole Campbell's life insurance policy, Werner opposes MetLife's cross-motion and believes that MetLife should not be dismissed, nor is it entitled to an award of attorney's fees.

## STATEMENT OF FACTS

The relevant facts are set forth in detail in the declaration of Catherine Lee Werner filed with this brief.

### a.    Background regarding the dispute over the remaining life insurance proceeds

The dispute in this case is based on the disagreement between the parties as to who is entitled to the remaining proceeds from the life insurance policy of Werner's husband, Cole C. Campbell ("Cole"), who died in Reno, Nevada on January 5, 2007. Cole was the owner of a life insurance policy with a face amount of $1,000,000.00. The policy was a Flexible Premium Life Policy, Group: MetLife GVUL ACH Group, Policy No. 0000003220.

After Cole's death from injuries sustained in a car accident, Werner filed a claim with MetLife for the proceeds under the policy. At that time Werner was informed by MetLife that she would only receive 70% of the proceeds under the policy and that the remaining 30% would be distributed in the following manner: 20% to Kathryn Claire Campbell (Cole's daughter) and 10% to Sharon Campbell (Cole's ex-wife). Werner immediately contacted MetLife to contest the

distribution of 30% of the proceeds of the policy to Kathryn Claire Campbell and Sharon Campbell. Werner also sent correspondence to Kathryn and Sharon Campbell to explain that Cole intended that she should be the sole beneficiary under the policy. To date, Werner has been paid 70% of the proceeds of the Cole's policy as there is no dispute as to this amount; however, MetLife has refused to pay Werner the remaining 30%.

Cole intended that Werner should be the sole, 100% beneficiary under his policy, which was issued on August 1, 1996, with a maturity date of August 1, 2049. Cole had a daughter from his first marriage to Kathryn Newsome Ahlport. Cole's daughter's name is Kathryn Claire Campbell.  In 1996, Cole was married to his second wife, Sharon Dennis Campbell (a.k.a. Sharon Kilby Campbell). Cole got a divorce from his second wife Sharon Dennis Campbell and a settlement was reached that included a fixed alimony payment and a requirement that he provide for Sharon Dennis Campbell in his life insurance policy until such time as his alimony payments were satisfied.  On February 16, 2001, Cole provided written authorization to Paragon Life Insurance Company, a MetLife Company, to accept electronic transaction requests via Paragon's eServices website.  On March 11, 2003, Cole used the eServices website to change his primary beneficiaries on his Policy to 70% to Werner; 20% to his then only child, Kathryn Claire Campbell; and 10% to Sharon Campbell.  At this time, Cole also changed his address to reflect his new home with Werner in Chicago, Illinois.  Cole was required to provide for Sharon Campbell because of the settlement agreement after their divorce; however, Cole's alimony and divorce obligations to his ex-wife Sharon Dennis Campbell were satisfied completely in May 2004 and so was his obligation to provide for her in his life insurance policy.

On February 13, 2005, Cole and Werner had a son, Clarke Werner Campbell.  At the time,

Werner, Cole, and their son were living in Reno, Nevada after having moved there from Chicago, Illinois. Following the birth of their son in February 2005, Cole revised his Last Will and Testament. The Will, executed on August 6, 2005, stated in Article Four that: "I expressly leave no money to Kathryn Newsome Ahlport (August 19, 1954) or Sharon Kilby Campbell (December 13, 1939)." In his will, Cole also expressly provided for Werner and his two children, Clarke Werner Campbell and Kathryn Claire Campbell.

On July 29, 2005 Cole went to the MetLife website for accessing his policy in order to make changes to the terms of the policy. The MetLife GVUL eServices website was established by MetLife for its insurance policyholders so that the owner of an insurance policy could effectively make certain changes to the policy online. Changing beneficiaries was one of the changes policyholders were permitted to make using the eServices system. When Cole reviewed the "Primary Beneficiary Information," Werner was the only person listed as a primary beneficiary under the policy and she was the only person appearing on the "Primary Beneficiary Information." Although there was space on the screen for additional beneficiaries, neither Kathryn Claire Campbell nor Sharon Campbell's names were listed as a primary beneficiary. Upon seeing MetLife's online records showing that Werner was the only primary beneficiary, Cole did not make any changes in this area of the screen.

On several occasions in 2005 and 2006 Cole confirmed that Werner was supposed to be the only beneficiary under the policy. For example, following the birth of Clarke Werner Campbell, Werner was not working and was financially dependent on Cole's salary. Cole's other child, Kathryn Claire Campbell, was married and had been employed and independent of Cole for several years. Naturally, the policy proceeds would be used to care for their son, Clarke, in the event of

Cole's untimely death.

In addition, Cole had meetings and communications with Brian Stallcop, associated with Edward Jones, to plan and discuss the financial needs and assets to raise their infant son. During the summer and fall of 2006, Cole had also had discussions with a New York Life Insurance agent, Michael Norman, to try and secure more cost effective life insurance. In a meeting on August 15, 2006, Cole's verbal answers regarding how Cole intended to provide for Werner should she be a surviving spouse, were written on a "Survivor Income Needs Worksheet." Question Number 3 and Cole's response were as follows: "How much of your current life insurance would be available to generate monthly income? $1,000,000." The response to this question confirms Cole's intention that Werner was to receive the entire proceeds from the policy.

Also in the fall of 2006, Cole completed paperwork and submitted himself to a physical with the purpose of obtaining a replacement to his current life insurance policy. When Cole applied for a New York Life insurance policy, Werner was listed as the 100% primary beneficiary.

On March 26, 2007, after Cole's death and after learning that she would not be paid the entire proceeds of the policy, Werner sent correspondence to MetLife informing them that she was disputing the payment of 30% of the policy proceeds to Kathryn and Sharon Campbell and the reasons therefor. In response, MetLife sent correspondence to Werner and Kathryn and Sharon Campell on June 26, 2007 stating that "it is unclear whether Ms. Werner is the proper beneficiary, or Ms. Kathryn Claire Campbell and Ms. Sharon D. Campbell are the proper beneficiaries. Consequently, MetLife is presented with questions of facts and/or law that it cannot resolve without exposing itself to the danger of double liability." MetLife further stated that it is "required by law to initiate what is called an interpleader action to permit a court to decide between the claims."

In the June 26th letter, MetLife suggested that before the interpleader action is filed, the parties should spend 30 days to try and come to an amicable resolution of the claims to preserve the 30% proceeds from litigation costs and fees. Accordingly, within the 30-day time frame Werner sent settlement proposals to both Kathryn and Sharon Campbell in an effort to resolve the matter short of litigation. Rather then discussing the possible settlement of the claims, Kathryn and Sharon Campbell, filed an action in Nevada on July 20, 2007, in spite of the knowledge that MetLife intended on filing an interpleader action in New York, but had refrained from doing so specifically to provide the parties time to negotiate a settlement. This tactic by Kathryn and Sharon Campbell appears to have been done simply as a means of forum shopping and to win the "race to the court."

On August 15, 2007, MetLife, as it stated it would do, filed its Complaint in Interpleader naming Werner, Kathryn Claire Campbell, and Sharon Campbell as defendants. On September 7, 2007, defendants Kathryn Claire Campbell and Sharon Campbell filed their Motion to Dismiss Complaint or Stay Action.

### b.   Misstatements of facts by Kathryn and Sharon Campbell in their Motion to Dismiss and in the Affidavit of Barry Breslow

Within the papers of Kathryn and Sharon Campbell's motion are many misstatements and misrepresentations, which must be cleared up. Specifically, on page 2, Kathryn and Sharon Campbell claim they are entitled to 20% and 10% of the insurance proceeds, respectively. As described above however, Cole intended that Werner be the primary beneficiary and believed that was to be the case when he proceeded to make changes to his policy on July 29, 2005. Therefore, at a minimum there is a genuine dispute as to who is entitled to the remaining proceeds.

Kathryn and Sharon also claim that "[Cole] mistakenly neglected to remove Claire and Sharon as beneficiaries." The truth of the matter was that Cole relied on MetLife's eServices system

which showed that Werner was the only beneficiary. This designation was consistent with Cole's intentions so he did not take any steps to address or change the beneficiary designation. Further, Werner was informed by a MetLife representative that Cole, by viewing the print screens alone, would not have been able to see any other persons that MetLife would have had as listed beneficiaries and in order to find out the other named beneficiaries, Cole would have had to "second guess" what he saw on the eServices screen and phone MetLife. If true, a requirement to pursue additional information via phone or otherwise would constitute a contradiction of the intended purposes of the eServices system.

At page 7, section 2, Kathryn and Sharon Campbell claim that the interpleader action is better suited in Nevada claiming that the parties have appeared in that action and the court has obtained personal jurisdiction over the parties. The only reason the suit was filed in Nevada first was because Kathryn and Sharon took advantage of the time MetLife gave the parties to try and negotiate a settlement, despite having the knowledge that MetLife planned on filing an interpleader in New York. Further, Kathryn and Sharon only obtained personal jurisdiction over Werner when they knew she was in the middle of moving from Nevada to Missouri. Kathryn and Sharon rushed to serve Werner prior to her leaving Nevada though technically speaking, at the time Werner was served with the Nevada lawsuit she was already a resident of Missouri having closed on her Missouri home in early July. In fact, some of Cole's property that Kathryn has requested by stipulation is actually located in Missouri.

On page 8, Kathryn and Sharon Campbell claim that Nevada is the location where the events in the suit take place; this is also a misstatement. Cole first obtained the life insurance policy while living in Missouri. The changes to the policy, which took place in 2003 were made while Cole was

living in Illinois.  The only events that took place in Nevada was in 2005 when Cole relied on the eServices website and accordingly did not change the beneficiary designation on the policy because he believed it accurately reflected his intent and Cole's untimely death in 2007.  At this time, none of the parties are living in or anywhere near Nevada, which makes Nevada a particularly inconvenient forum.

Further, on page 8, Kathryn and Sharon make the completely incorrect statement that Werner is in agreement that Nevada is the more convenient forum to litigate these matters.  Not only has Werner never made these statements, so it is unclear as to where Kathryn and Sharon Campbell formulated the belief that this was the case, but the exact opposite is true.  Litigating in Nevada is not convenient for Werner at all and presumably it is not convenient for the other defendants as well as they do not live anywhere near Nevada.  (Further, Werner would prefer to litigate this case in the Missouri federal court and reserves her right to have the case transferred to a more convenient and appropriate forum.)

Finally, on page 10 of the motion Kathryn and Sharon incorrectly state that no parties object to Nevada as the forum of choice.  This is once again a mischaracterization as Werner is clearly opposed to Nevada as the forum and has therefore joined in MetLife's opposition to Kathryn and Sharon's motion to dismiss.

In addition to the misstatements in the Motion to Dismiss there are also various misstatements and misrepresentations in the Affidavit of Barry Breslow.  Specifically, paragraphs 6 and 7 of the Breslow Affidavit are not currently accurate as there is quite obviously a dispute as to who is entitled to the remaining 30% of the life insurance proceeds.  As stated above, it was Cole's clear intent to have Werner as the sole beneficiary under the policy.  And finally, Paragraph

JOINDER AND OPPOSITION TO METLIFE'S CROSS-MOTION - 10

10 also falsely claims that Werner believes Cole mistakenly neglected to remove Kathryn and Sharon as beneficiaries under the policy; as described above however, it was Cole's reliance on MetLife's eServices website that resulted in Cole's failure to change the beneficiary designation as he believed it accurately reflected his intent.

## ARGUMENT

**I.    Werner joins MetLife's opposition to defendants Kathryn and Sharon Campbell's motion to dismiss**

Werner joins in the well-reasoned opposition, filed on November 12, 2007 by MetLife, to the motion of Kathryn and Sharon Campbell to dismiss or stay this interpleader action. This Court is a much more convenient forum then the Nevada Court; and the Nevada action should be stayed pending the resolution of the interpleader action. Unlike the Nevada State Court, this Court has nationwide jurisdiction for service of subpoenas in an interpleader action, making it more convenient. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1711 (3d ed.2001); see State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 529 n.3 (1967). As noted in MetLife's opposition, none of the parties reside in Nevada - MetLife is a New York Corporation, Kathryn and Sharon Campbell reside in North Carolina and Werner resides in Missouri. Further, the Nevada action was filed after Kathryn and Sharon Campbell already knew that MetLife intended to file an interpleader action in New York. Kathryn and Sharon took advantage of the time MetLife gave the parties to attempt a resolution of this case to file the Nevada action and win the "race to the court."

**II.    Werner opposes MetLife's cross-motion to the extent it seeks dismissal of MetLife after the funds are interplead into the New York Federal Court**

Under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader

involving money or property worth $500 or more where two or more adverse claimants, of diverse

citizenship as defined in 28 U.S.C. § 1332[1], "are claiming or may claim to be entitled to such money

or property," if the plaintiff has deposited the money or property with the court." In such an action,

the court is to "hear and determine the case, and may discharge the plaintiff from further liability,"

may enter a permanent injunction restraining the claimants from proceeding in any state or United

States court in a suit to affect the property, and may "make all appropriate orders to enforce its

judgment." 28 U.S.C. § 2361. Normally an interpleader action is concluded in two stages, the first

determining that the requirements of § 1335 are met and relieving the plaintiff stakeholder from

liability, and the second adjudicating the adverse claims of the defendant claimants; this bifurcation

is not mandatory, however, and the entire action may be disposed of at one time. New York Life

Insurance Co. v. Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir. 1983); see Fidelity

Brokerage Services, LLC v. Bank of China, 192 F. Supp.2d 173, 178 (S.D.N.Y. 2002).

 Werner does not object to the disputed funds being interplead into this Court and has

therefore joined in MetLife's opposition to Kathryn and Sharon Campbell's motion to dismiss;

however, Werner is opposed to the dismissal of MetLife after the funds have been deposited. The

approach in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente, No. 98 Civ. 1756, 2001

WL11070 (S.D.N.Y. Jan. 4, 2001)[2] is instructive in this case. In Merrill Lynch, the stakeholder had

met the requirements for a valid interpleader action and claimed no interest in the funds at issue,

however one of the claimants made a counterclaim alleging an independent basis for liability based

---

 [1] The requisite diversity exists if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder. See State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31,(1967).

 [2]A copy of the Merrill Lynch case is attached for the Court's reference.

JOINDER AND OPPOSITION TO METLIFE'S CROSS-MOTION - 12

on breach of contract and conversion. Id. at *5-7. The Court sustained the interpleader and discharged the stakeholder from liability [for the funds interplead only], but did not dismiss the stakeholder from the case. Id. at *7. Notably, the Second Circuit has approved an approach for handling situations in which counterclaims are filed against an interpleader plaintiff. In Royal School Laboratories, Inc. v. Town of Watertown, 358 F.2d 813, 817 (2d Cir. 1966), the court held that the district court should first resolve which claimant was entitled to the funds in the second stage of interpleader and then, if necessary, turn to a claimant's counterclaim in tort.

Werner has answered MetLife's complaint in interpleader and has simultaneously filed both a cross-claim against Defendants Kathryn and Sharon Campbell as well as a counterclaim against MetLife alleging various causes of action, including for a declaratory judgment; breach of contract; negligence; and promissory estoppel. Werner has filed her claims against Kathryn and Sharon Campbell and against MetLife in order to complete the second stage of the interpleader action and "adjudicate the adverse claims" to the life insurance proceeds. Because it was MetLife's negligence and breaches of contract that resulted in the dispute regarding the proceeds of Cole Campbell's insurance policy MetLife is a necessary party and must not be dismissed.

## III.    Werner opposes MetLife's cross-motion to the extent it seeks recovery of fees and costs for this interpleader action as MetLife is not an innocent stakeholder

To recoup attorney's fees and costs, a court must find (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir.1989).

MetLife cannot meet the requirements to recoup attorney's fees. While MetLife is a disinterested stakeholder with respect to the funds to be interplead in that MetLife does not have any claim to those funds, MetLife's negligence in the maintenance and operation of its eServices website

resulted in this dispute regarding the remainder of Cole's life insurance proceeds. Cole Campbell visited the eServices website on July 29, 2005 in order to make certain changes to his policy. Once on the site, Cole saw that the only beneficiary designated was Werner, which was consistent with his intent. Cole would have had to second guess the information on the eServices website to conclude that Werner was not the only beneficiary. This is the reason Cole did not change the beneficiary designation. Had MetLife provided the proper information on the eServices website, Cole would have known that there was more than one beneficiary under the policy and would have made the appropriate changes to the beneficiary designations. MetLife should not be "discharged from liability" and therefore is not entitled to its fees and costs in this interpleader action.

## IV.    Conclusion

Werner has joined in MetLife's opposition to Kathryn and Sharon Campbell's motion to dismiss because New York is more appropriate forum then Nevada for the adjudication of this action. MetLife's negligence, however, caused this dispute in the first place. Werner requests that this Court deny MetLife's cross-motion to the extent it seeks both a dismissal of MetLife and an award of attorney's fees and costs for bringing this interpleader action.

Respectfully submitted,

KILLIAN & SALISBURY, P.C.
*Attorneys for Plaintiff*

Dated: November 26, 2007          By:

Eugene Killian, Jr.