1.2   **Waiver of Immediate Wage Withholding**  The parties agree that there shall not be an immediate wage withholding for maintenance for the following reasons:

- that the obligor has made timely payments in the past for maintenance.

- that the parties feel it will be an inconvenience to obligor's employer that the parties do not want to impose on the employer and for the further reason that the withholding may have a negative impact on obligor's future employment relationship with the employer.

- that obligor's employer may impose a fee to cover the costs of the withholding and the parties believe that their income should be  used to cover necessary living expenses and not go to unnecessary administrative expenses.

The parties further agree that if obligor becomes delinquent in an amount equal to one month's maintenance, then, upon application by the obligee or the Missouri Division of Maintenance Enforcement of the Department of Social Services, the obligor's wages or other income shall be subject to an immediate withholding without further notice.  The parties agree that the withholding shall be for the current maintenance and shall include an additional amount, equal to fifty percent of one month's maintenance, which additional withholding shall continue until the delinquency is paid in full.

1.3   **Right to Income Tax Deduction**  It is contemplated by, and the intention and agreement of, the Parties that the amounts payable by Cole to Sharon under this Section shall be deductible on Cole's federal and state income tax returns and shall constitute income to Sharon for Federal and state income tax purposes.  In the event that any amounts so paid are determined not to constitute income to Sharon, then the amount payable to Sharon shall be reduced by the amount of Federal and state income

taxes saved by her as a result of such determination, and if Cole has made payment under this Section prior to such determination, Sharon agrees to fully cooperate with Cole and to do all things reasonable and necessary to enable and allow Cole to collect a refund from any applicable taxing agency of the taxes so saved by her, including, but not limited to, providing Cole with copies of all relevant documents necessary to pursue and obtain said refunds including, but not limited to, powers of attorney, claims for refund, court petitions and other documents, as are prepared by counsel for Cole and are satisfactory in form and content to lawyers for Sharon, which approval by Sharon's lawyers shall not be unreasonably withheld. Any such filing of a claim for refund or lawsuit and any proceedings related thereto are to be conducted by Cole, at his expense in Sharon's name. Sharon agrees to promptly pay to Cole the amount of taxes saved within ten days after receipt of her refund of such taxes.

1.4 **General Agreement to Fairness of Maintenance** The Parties acknowledge that the sum which the Cole is required to pay hereunder is a fair, suitable and proper sum to be paid to Sharon for her support and maintenance; that it is commensurate with the financial means and social position of the Parties; that it will enable the Sharon to maintain her accustomed standard of living; and that it is within Cole's ability to pay.

## 2. DIVISION OF PROPERTY AND DEBTS

During the marriage, the Parties have accumulated property and assets considered as marital property, and it is understood and agreed that such property and assets have been accumulated through the joint efforts of the Parties, that both Parties have materially aided in the accumulation of such property and assets, and that both

Parties have a vested interest in said property and assets. The Parties hereby agree to the following division of marital assets, thereby creating no taxable gain or loss to either party.

2.1    **Real Estate**  The Parties acknowledge that Cole has purchased and titled real estate at 5262 Waterman Blvd., St. Louis, Missouri 63108 in his sole name, the legal description of which is attached hereto, marked Exhibit A, and incorporated herein by reference.

The parties acknowledge Sharon signed a marital waiver and quit claim deed incident to Cole's purchase of this real estate. Said real estate shall be Cole's sole and exclusive property.

2.2    **Bank and Other Financial Accounts**  Sharon shall receive as her sole and exclusive property the following checking, savings and other bank accounts currently held in her name individually or jointly with another:

Harbor Federal #2130001236013, with an approximate balance of $300.00

Cole shall receive as his sole and exclusive property the following checking, savings and other bank accounts currently held in his name individually or jointly with another:

NationsBank Acct. #005045274935 in the approximate amount of $ 2,000.00

NationsBank Acct. #000096277180 in the approximate amount of $ 5,000.00

2.3    **Motor Vehicles**  Sharon shall receive as her sole and exclusive property the 1994 Plymouth Voyager, VIN 2P4GH453944583149, which is currently in her possession.  Sharon shall pay and be responsible for any and all outstanding loan