balances due and owing on said automobile and shall indemnify and hold harmless Cole thereon.

Cole shall receive as his sole and exclusive property the 1992 Infinity G20, VIN #JNXOP0125NP301615, which is currently in his possession. Cole shall pay and be responsible for any and all outstanding loan balances due and owing on said automobile and shall indemnify and hold harmless Sharon thereon.

### 2.4.a Pension Plans

Sharon shall receive as her sole and exclusive property any and all pension and retirement accounts presently held in her name at her place of employment.

Cole shall receive as his sole and exclusive property any and all pension plans presently held in his name, including the following:

    A.) Pulitzer Publishing Pension Plan

    B.) Landmark Pension Plan

### 2.4.b Retirement Accounts

Sharon shall receive as her sole and exclusive property the following retirement accounts:

Aetna 403(b) in the name of Sharon with an approximate balance of $26,000.00

Signature IRA in the name of Cole with an approximate balance of $120,000.00

Cole shall receive as his sole and exclusive property the following retirement accounts:

Pulitzer Publishing Savings Plan with an approximate balance of $8,270, the vested portion of which is $6,249.

Landmark Communications, Inc. Retirement Plus Plan with an annual benefit of $14,305, beginning when Cole reaches age 65.

2.5  **Securities**. Sharon shall receive as her sole and exclusive property the Signature Financial Management account #85055-11 with an approximate balance of $191,000.00.

2.6  **Insurance Policies**

a.  Sharon shall receive the following life insurance policy currently in full force and effect insuring her life. The Parties acknowledge that this policy is Sharon's separate property.

| Company | Face Amount | Cash Surrender Value |
|---|---|---|
| Principal Mutual Life Insurance | $ 15,000.00 | $ 1,800.00 |

b.  Cole shall receive the following life insurance policies currently in full force and effect insuring his life:

| Company | Face Amount | Cash Surrender Value |
|---|---|---|
| Pulitzer Publishing Co. Paragon GVUL Plan | $ 750,000.00 | -0- |
| Banker's Life & Casualty | 5,000.00 | |
| Provident Mutual Life | 2,500.00 | |

2.7  **Stock Options**. Cole shall receive as his sole and exclusive property the stock options in his name through Pulitzer Publishing Company.

2.8  **Personal Property**. The Parties hereto have, before the execution of this Agreement, physically divided and taken into their respective personal possession all personal property in which either party hereto has an interest. Each party does hereby transfer and quitclaim unto the other party all of the personal property now in that party's possession. It is understood and agreed that each of the Parties shall retain all the

q:\4448.001\Separatn.Agr:08/20/98(9:21am)

- 8 -

personal property that is in the possession of either of them as his or her sole and exclusive property, as the case may be.

Each party shall herewith deliver to the other all documents (if any) evidencing ownership of property which, by the terms of this Agreement, are to remain or become the property of the other.

2.9   **Cash on Hand**  Each Party hereby warrants and represents that he or she has no more than $250.00 in cash on hand on the date of his or her execution of this Agreement and shall retain that cash presently in his or her possession.

2.10   **Non-Marital Property**  The Parties agree that there is no non-marital property (Pursuant to Section 452.330.2 R.S.Mo.) to be set over to either party by the Court other than those items specifically set forth above.

2.11   **All Property Divided**  The Parties state that there remains no other or further property to be divided by the Court and that all property has been divided between them pursuant to the terms of this Agreement.

Each Party warrants and represents that he or she has no interest in any property not specifically mentioned herein and that there is no indebtedness or other liability associated with the property allocated to the other except as identified herein.

2.12   **Debts**

a.   Each party agrees to pay and be responsible for any and all debts incurred by him or her individually since the date of separation of the Parties, July 1, 1997, and to indemnify and hold harmless the other party thereon.

b.   Sharon and Cole hereby agree to indemnify and hold harmless the other and to defend him or her from and against all claims, demands and liabilities and

q:\4448.001\Separatn.Agr:08/20/98(9:21am)

- 9 -