

New York Life Insurance Company
50 W. Liberty St., Ste. 500
Reno, NV 89501
T 775 325 2211 C 775 722 7788
manorman@nyl.com
www.mikenorman.nylagents.com

Michael A. Norman, CLU
Financial Services Professional
Ca. Ins. Lic. # 0752084

*The Company You Keep®*

February 26, 2007

Mrs. Catherine L. Werner
4955 Aberfeldy Rd.
Reno, NV 89519

RE: Recap of Our Meeting on February 15, 2007

Dear Catherine:

We have forwarded your request to change the beneficiary arrangement for your policy to our service center for processing. Upon completion, you will receive a confirmation of the changes.

During my discussion with you and your parents, you expressed your surprise to learn that you were not the only beneficiary listed on Cole's MetLife policy. We all learned of the multiple beneficiaries for the first time when I reported Cole's death to MetLife.

In my meeting with you and Cole back in September we discovered that his Metlife policy might require significant funding increases in order to maintain the coverage throughout Clarke's childhood years. For that reason, Cole agreed to apply for a new policy with me at the same time you were applying for your new policy. Cole's responses to the questions on the "Survivor Needs Analysis" form left me with the impression that the entire proceeds were available to provide for you in the event of his death.

In completing Cole's New York Life application, he listed you as the sole primary beneficiary. He signed a replacement form indicating his intent to replace his MetLife group life policy. The replacement would only occur if the new policy premiums were not excessive. Cole received a "select standard" rating making the policy fairly expensive so he elected not to take this new insurance at the time. It was my understanding that Cole was going to explore the funding options necessary to maintain his MetLife policy for the foreseeable future.

I hope this clarifies what I believed to be the case as it related to the beneficiary matter. Please call upon me anytime I may be of service.

Sincerely,

Michael A. Norman, CLU

Licensed Agent
New York Life Insurance Company
New York Life Insurance and Annuity Corporation
(A Delaware Corporation), New York, NY

Registered Representative offering
securities through NYLIFE Securities Inc.
Member, NASD/SIPC

50 W Liberty St, Ste 500,
Reno, NV 89501
775 323 0751

# Exhibit H

RP314714

**IMPORTANT NOTICE: REPLACEMENT OF LIFE INSURANCE OR ANNUITIES**
This document must be signed by the applicant and the producer, and a copy left with the applicant.

You are contemplating the purchase of a life insurance policy or annuity contract. In some cases the purchase may involve discontinuing or changing an existing policy or contract. If so, a replacement is occurring. Financed purchases are also considered replacements.

A replacement occurs when a new policy or contract is purchased and, in connection with the sale, you discontinue making premium payments on the existing policy or contract, or an existing policy or contract is surrendered, forfeited, assigned to the replacing insurer, or otherwise terminated or used in a financed purchase.

A financed purchase occurs when the purchase of a new life insurance policy involves the use of funds obtained by the withdrawal or surrender of or by borrowing some or all of the policy values, including accumulated dividends, of an existing policy, to pay all or part of any premium or payment due on the new policy. A financed purchase is a replacement.

You should carefully consider whether a replacement is in your best interest. You will pay acquisition costs and there may be surrender costs deducted from your policy or contract. You may be able to make changes to your existing policy or contract to meet your insurance needs at less cost. A financed purchase will reduce the value of your existing policy or contract and may reduce the amount paid upon the death of the insured.

We want you to understand the effects of replacement before you make your purchase decision and ask that you answer the following questions and consider the questions on the reverse side of this form.

1. Are you considering discontinuing making premium payments, surrendering, forfeiting, assigning to the insurer, or otherwise terminating your existing policy or contract?   ☑ yes   ☐ no
2. Are you considering using funds from your existing policies or contracts to pay premiums due on the new policy or contract?   ☐ yes   ☑ no
3. Is the policy for which you are applying, to be the result of a 1035 exchange?   ☐ yes   ☑ no

If you answered "Yes" to any of the above questions, list each existing policy or contract you are contemplating replacing. Also identify for each policy whether it will be replaced, used as a source of financing or replaced in conjunction with a 1035 exchange. (If additional space is required, complete another form.)

| Name of Insurance Company: MET LIFE | Policy or Contract #: _____ 222 |
| Name of Insured: COLE C. CAMPBELL | ☑ Replaced   ☐ 1035 Exchange   ☐ Financed |

| Name of Insurance Company: _____ | Policy or Contract #: _____ |
| Name of Insured: _____ | ☐ Replaced   ☐ 1035 Exchange   ☐ Financed |

| Name of Insurance Company: _____ | Policy or Contract #: _____ |
| Name of Insured: _____ | ☐ Replaced   ☐ 1035 Exchange   ☐ Financed |

| Name of Insurance Company: _____ | Policy or Contract #: _____ |
| Name of Insured: _____ | ☐ Replaced   ☐ 1035 Exchange   ☐ Financed |

Make sure you know the facts. Contact your existing company or its agent for information about the old policy or contract. At your request, an in-force illustration, policy summary or available disclosure documents must be sent to you by the existing insurer. Ask for and retain all sales material used by the agent in the sales presentation. Be sure that you are making an informed decision.

The existing policy(ies) or contract(s) is/are being considered for replacement because _RATES ARE INCREASING TOO FAST_

**Producer Acknowledgement**

By reason of this transaction, is replacement involved?   ☑ yes   ☐ no   (If yes, give details below.)
GROWTH UL THAT IS OUT OF CASH VALUE MAKING PREMIUM EXPENSIVE

**I certify that the responses herein are, to the best of my knowledge, accurate.**

Applicant's Signature: _[signature]_       Applicant's Name (Printed): COLE C. CAMPBELL       Date: _____

Producer's Signature: _[signature]_       Producer's Name (Printed): MICHAEL A. MORMAN       Date: _____

I do not want this notice read aloud to me. _____   (Applicant must initial only if they do not want the notice read aloud.)

22190.74 (02/04)        **CUSTOMER COPY**