KILLIAN & SALISBURY, P.C.
Eugene Killian, Jr. (EK-9972)
77 Brant Avenue
Suite 115
Clark, NJ  07066
732-827-8600
*Attorneys for Defendant, Catherine Lee Werner*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>KATHRYN CLAIRE CAMPBELL, CATHERINE LEE WERNER, and SHARON CAMPBELL,<br><br>*Defendants.* | Civil Action No. 07 CV 7310 (GBD) |

**OPPOSITION TO DEFENDANTS KATHRYN AND SHARON CAMPBELL'S MOTION TO DISMISS COMPLAINT OR STAY ACTION**

## INTRODUCTION

Kathryn and Sharon Campbell ("the Campbells") filed and served on November 16, 2007 a notice of motion to dismiss the complaint or stay this action, with respect to the cross-claims filed by defendant Catherine Lee Werner alleging causes of action for a declaratory judgment and unjust enrichment. The Campbells have simply reiterated the arguments in their original motion to dismiss against MetLife, and have asserted those exact same arguments against Werner. On November 26, 2007, Werner filed a joinder to MetLife's opposition to the Campbells' motion to dismiss the complaint or stay this action. Werner joins in the arguments made by MetLife in its opposition, filed November 12, 2007, and asserts those same arguments in response to this motion to dismiss.[1] This case does not belong in Nevada, and this Court has proper jurisdiction over the dispute.

## STATEMENT OF FACTS

The facts of this case are set forth in detail in the declaration of Catherine Lee Werner in support of her opposition to the Campbells' motion to dismiss, and in opposition to MetLife's cross-motion for an injunction and to deposit funds in interpleader.

## ARGUMENT

**As stated in MetLife's papers, there is no basis to stay this case in favor of "forum shopping" in Nevada.**

This Court is a far more convenient forum then the Nevada Court,[2] and the Nevada action

---

[1] MetLife's opposition to the Campbells' motion to dismiss complaint or stay action; Werner's brief in opposition to the Campbells' motion to dismiss and in opposition to MetLife's cross-motion; and the declaration of Catherine Lee Werner in opposition to the Campbells' motion to dismiss and in opposition to MetLife's cross-motion have all been filed with the Court. At the Court's request, Werner will provide additional courtesy copies of these documents.

[2] Werner may prefer to litigate this case in the Missouri federal court, however, and reserves her right to move to have the case transferred to that forum at the appropriate time.

should be stayed pending the resolution of all stages of this interpleader action. As noted in MetLife's opposition, none of the parties reside in Nevada. MetLife is a New York corporation; the Campbells reside in North Carolina; and Werner resides in Missouri. The Campbells filed the Nevada action when they already knew that MetLife intended to file an interpleader action in New York. The Campbells simply took advantage of the time MetLife gave the parties to attempt to reach a resolution of this case to run to the Nevada court and make this case as inconvenient as possible to litigate. Werner properly filed her cross-claims against the Campbells in her answer to the MetLife complaint in interpleader and these claims should not be dismissed. See, e.g., Priority Records, Inc. v. Bridgeport Music, Inc., 907 F.Supp. 725, 731-732 (S.D.N.Y. 1995) (counterclaims related to main causes of action in interpleader complaint are properly before the Court); Provident Mut. Life Ins. Co. of Philadelphia v. Camerlin, 534 F.Supp. 318, 320 (W.D.Pa.1982) (exercise of jurisdiction over counterclaims to interpleader complaints is proper where the plaintiff was a stakeholder and a single federal trial of assorted claims resulted in substantial judicial economy).

## Conclusion

This Court is the far more convenient forum for the resolution of this dispute, and the cross-claims against the Campbells were properly raised by Werner in her answer to MetLife's complaint in interpleader. Therefore, Werner requests that this Court deny the Campbells' motion to dismiss or stay this action.

Respectfully submitted,

KILLIAN & SALISBURY, P.C.
*Attorneys for Plaintiff*

Dated: November 29, 2007        By: _____
                                    Eugene Killian, Jr.