James M. Lenaghan (JL 6473)
Aimee P. Levine (AL 4386)
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
METROPOLITAN LIFE INSURANCE            :
COMPANY,                               :        Civil Action No. 07CV7310 (GBD)
                                       :
                        Plaintiff,     :
                                       :
            -against-                  :
                                       :
KATHRYN CLAIRE CAMPBELL, et al.        :
                                       :
                        Defendants.    :
-----------------------------------------------------------X

**RESPONSE BY PLAINTIFF AND COUNTERCLAIM DEFENDANT METROPOLITAN
LIFE INSURANCE COMPANY TO REPLY BY DEFENDANTS KATHRYN CLAIRE
CAMPBELL AND SHARON CAMPBELL**

## I. INTRODUCTION

Plaintiff and Counterclaim Defendant Metropolitan Life Insurance Company ("MetLife")
submits this Response to the December 7, 2007 Reply Memorandum by Defendants Kathryn
Claire Campbell and Sharon Campbell ("the Campbell Defendants") and in further support of its
cross-motion for injunction of a state court action and to deposit the funds in interpleader. None
of the factual assertions or legal contentions by the Campbell Defendants defeats the jurisdiction
of this Court over this interpleader action. Further, it is notable that the Defendant and
Counterclaim Plaintiff Catherine Lee Werner ("Werner"), the only party in the case to have once

resided in Nevada (subsequently moving to Missouri), supports this New York federal court lawsuit going forward as stated pursuant to 28 U.S.C. §§ 1335 and 2361.

Under the authorities cited both by MetLife and by the Campbell Defendants, this Court should enjoin the Nevada state court action pursuant to Federal Rule of Civil Procedure 22, 28 U.S.C. § 1335, and 28 U.S.C. § 2361. MetLife also respectfully refers this Court to its earlier decision in another interpleader matter denying the motion to dismiss. That motion was based on the alleged potential existence of another fund that could be at issue. In denying the defendants' motion to dismiss, this court stated: "The complaint may be dismissed only if it 'appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief..." [and] "the interpleader statute 'is remedial and should be liberally construed'..." *Bear Stearns Security Corp. v. 900 Capital Services, Inc., et al.*, 204 F. Supp. 2d 538, 540-541 (S.D.N.Y. 2002) (citing *Hoover v. Ronwin*, 466 U.S. 559, 587 (*1984*) and *State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)).

Plaintiff MetLife also has consistently encouraged all the Defendants and their counsel to make efforts to resolve the dispute over the contested funds and allow MetLife to meet its policy obligations free from the possibility of duplicative claims. Defendants have failed to do so. Should this Court order a mediation, MetLife will appear promptly. In any case, the Court's August 17, 2007 Order sets this case for trial call on July 10, 2008. The trial would precede any trial of the Nevada lawsuit, which could not proceed until August 8, 2008 at the earliest. Thus, because of the strong federal policy as decreed in the federal interpleader statutes and case law, this case should proceed and the Nevada lawsuit should be permanently enjoined.

## II. DISCUSSION

### A. the Campbell Defendants ' Reply Misstates and/or Ignores the Relevant Facts Supporting the Complaint and the Injunction of the Nevada Lawsuit

MetLife filed this lawsuit because, in order to avoid duplicate liability claims, it had no choice but to interplead the disputed 30% share of Cole Campbell's life insurance policy. Cole died in a January 5, 2007 automobile accident in Reno, Nevada. MetLife initially and promptly paid Werner over $700,000 as the undisputed 70% beneficiary of the policy. A dispute then arose over the remaining 30% share.

The Campbell Defendants relied on the March 10, 2003 beneficiary designation, the last one on file by decedent Cole Campbell, to claim Kathryn Claire's 20% and Sharon's 10% share. In response to Werner's counterclaim, which includes an allegation that she contracted Bell's palsy as a result of the interpleader, MetLife has noted that Cole Campbell entered the MetLife website in 2005 to change his address. Despite the fact that the website had a link allowing him to change beneficiaries, Cole did not make any such change at that time. Instead, he continued to keep the 20% and 10% shares for the respective Campbell Defendants.

Werner based her claim on affidavits and other documents alleging that the decedent intended to make her the 100% beneficiary and exclude his daughter Kathryn Claire and ex-wife Sharon from any of the proceeds. Werner submitted third party affidavits from a financial planner, her own statements as to Cole's alleged intention, and other financial and personal documents. In considering Werner's claim, MetLife did take into account the fact that Cole Campbell was an educated man and at his death was a Dean at the University of Nevada at Reno. It is very doubtful that Cole was misled in any way by the MetLife's e-services website, which

Cole affirmatively used to change his beneficiaries in 2003 and to change his address without changing beneficiaries in 2005. However, given the extraneous documentary evidence regarding Cole's intent, MetLife was required by law to interplead the funds to avoid potential double liability from the conflicting claimants.

The Reply by the Campbell Defendants contains numerous misleading allegations of fact. MetLife will respond to some of those misstatements herein, and also address them at the January 10, 2008 oral argument.

First, the Reply states at pages 2 and 4 that the "the entire dispute arises from acts and events that occurred in Nevada..." In fact, the most relevant acts or events are the conflicting claims made to Plaintiff MetLife, a New York insurance company, by the three Defendants who reside in states other than Nevada. The claims are for proceeds of a policy payable by a New York insurance company. This case does not involve any wrongful death claim relating to Cole Campbell's fatal accident, so its Nevada location is of no significance to the selection of the proper judicial forum. Further, no claim is being made by Cole Campbell's estate, so its probate in Nevada is of absolutely no relevance to the determination of who will receive the disputed funds. Given the strong presumption in favor of federal jurisdiction of interpleaders involving minimally diverse defendants under 28 U.S.C. §§ 1335 and 2361, this Court based in New York is the legally proper jurisdiction.

Second, the Campbell Defendants at page 4 wrongly critique the decision process used by MetLife in interpleading the funds. MetLife, as a courtesy to preserve the funds from legal fees and other litigation costs, did give the defendants thirty days to decide on a division of the appropriate 30% share before filing an interpleader. Had they done so, the parties would have saved substantial attorneys fees and costs and the estate would have been substantially larger.

Kathryn Claire filed the Nevada state court lawsuit before those 30 days had expired and before giving MetLife the opportunity to file the interpleader as promised. Within less than a month thereafter, on August 15, 2007, MetLife filed this Complaint in interpleader in the appropriate jurisdiction.

Third, the Campbell Defendants falsely claim that MetLife did not assert "an interpleader claim in the Nevada lawsuit…" In fact, as shown in the Nevada answer attached as Exhibit A, throughout that pleading MetLife asserts that the claims should be interpleaded – and that this Court is the proper Court to determine that interpleader. See Responses to Paragraphs 12, 13,14, 18 and 19 and Affirmative Defenses 1, 2, and 3 in Exhibit A.

Fourth, the Campbell Defendants falsely assert that the Nevada action can proceed more efficiently than the case at bar. One basis for that argument is that defendants have counsel in Nevada. This specious justification ignores the fact that the Campbell Defendants' *New York* counsel filed the Motion to Dismiss, the Reply, and other pleadings – and that MetLife and Werner are also already represented by New York counsel. Further, the Campbell Defendants cite a Case Conference Report and a document exchange as a reason to keep the case in Nevada and delay the trial *beyond* the July 10, 2008 date set by this Court's pretrial Order. Plaintiff has consistently reserved its rights in the Nevada court, stating that this Court is the proper jurisdiction. For instance, in the Joint Case Report to which the Campbell Defendants refer as signed by MetLife, MetLife referenced the Complaint in this case and specifically stated at page 3: "Metropolitan Life Insurance Company is of the position that the dates contained in this Joint Case Conference Report are without prejudice to its opinion that the New York case should dispose of this matter and should enjoin the Nevada lawsuit…" See Exhibit B.

Finally, the exchange of documents cited by the Campbell Defendants is the only discovery that has taken place in Nevada. MetLife stands ready to produce those documents again in this Court at the January 10, 2008 status conference or at any other time that this Court may order. Further, the other dates set forth in this Court's August 17, 2007 Order will allow the trial date call on July 10, 2008 - prior to the scheduled August 8, 2008 Nevada trial date call. Going forward with this New York case will expedite the discovery process and certainly the trial, as opposed to proceeding with the later scheduled Nevada lawsuit.

## B. The Campbell Defendants' Reply Ignores the Applicable Law Supporting the Complaint and the Injunction of the Nevada lawsuit.

In their Reply, the Campbell Defendants misinterpret the rulings in the decisions cited by Plaintiff – and in the cases on which they rely. These decisions support this Court's exercise of jurisdiction over this Complaint – and the injunction of the conflicting Nevada state court lawsuit.

First, the Campbell Defendants assert at pages 6 and 7 that this lawsuit is somehow not a "pure" interpleader – primarily because Werner has filed a Counterclaim and Cross-Claims. They ignore the applicable federal law of supplemental jurisdiction under 28 U.S.C. § 1367. This Court applies the doctrine directly to interpleader complaints which include counterclaims for breach of contract, such as exists in the case at bar. For instance, in *Prudential Ins. Co. v. Rowson, et al.*, 1994 U.S. Dist. LEXIS 11710 (S.D.N.Y. 1994) (attached as Exhibit C), a defendant in an interpleader case involving a dispute over the validity of a designation sued the insurance company for breach of contract. This Court took jurisdiction over the interpleader and agreed to decide the counterclaim: "This court has supplemental jurisdiction over such counterclaims pursuant to 28 U.S.C. § 1367...7 *Wright and Miller* section 1715 at 592... [The]

proposed counterclaim clearly arises out of the same transaction and occurrence that gave rise to this interpleader action, and thus there is no procedural bar to its assertion here..." Opinion at 10.

Similarly, with respect to *NYLife Distributors, Inc. v. The Adherence Group, Inc.*, 72 F.3d 371 (3d Cir. 1995) – a case cited by the Campbell Defendants - no subsequent rationales offered by the Campbell defendants can alter the Court's ruling supporting federal interpleader jurisdiction. The Third Circuit *reversed* the dismissal of a federal interpleader action in lieu of a conflicting New Jersey state action – and therefore denied the precise relief that plaintiffs are seeing here. In its initial Response, MetLife addressed why the *NYLife Distributors* factors support the denial of the motion to dismiss and further support enjoining the Nevada action. Further, in a ruling supporting this Court's also assuming jurisdiction over Werner's counterclaim and the cross-claims between Defendants in the case at bar, the Third Circuit stated "the district court erred when it also dismissed Gerasolo's cross-claims under 28 U.S.C. § 1367 (c) (3) (1993)..." 72 F.3d at 375.

The Reply by the Campbell Defendants also improperly relies on the Supreme Court decision in *Wilton, et al. v. Seven Falls Co., et al.*, 515 U.S. 277 (1995). That case did not involve an interpleader, but instead an insurance coverage dispute involving oil and gas properties. Further, the dispute revolved around a state court monetary judgment which had gone to a full trial before the federal court coverage action was ever commenced. Simply put, the *Wilton* case did not involve the federal interpleader statutes 28 U.S.C. §§ 1335 and 2361 which provide for federal court jurisdiction of interpleader and injunctions of state court actions. Its rulings therefore does not govern the federal interpleader case at bar.

Instead, this Court and the Second Circuit have followed the Supreme Court's oft-quoted words in *State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967) that the federal

interpleader statute should be "liberally construed..." For instance, in *Amex Assurance Co. v. Carpides, et al.*, 316 F.2d 154 (2d Cir. 2003), the Second Circuit affirmed the district court's disposition of an interpleader action involving a beneficiary designation dispute. In so doing, the Court assumed and disposed of a fraud-based counterclaim against plaintiff under supplemental jurisdiction (28 U.S.C. § 1367) like that which the case at bar contemplates. See also *Bear Stearns Security Corp. v. 900 Capital Services, Inc., et al.*, 204 F. Supp. 2d 538, 540-541 (S.D.N.Y. 2002); *Prudential Ins. Co. v. Rowson, et al.*, 1994 U.S. Dist. LEXIS 11710 (S.D.N.Y. 1994); and *Metropolitan Life Ins. Co. v. Bigelow*, 283 F.3d 436 (2d Cir. 2002) for representative cases in which this Court has assumed interpleader jurisdiction.

Further, the attempt by the Campbell Defendants to distinguish the case authority cited by Plaintiff is unavailing. In *Ashton v. Paul*, 918 F.2d 1065 (2d Cir. 1990), the Second Circuit made a very strong statement in favor of federal interpleader jurisdiction – even enjoining a state probate accounting lawsuit that typically is decided by a state court. The Court, distinguishing the interpleader situation from the declaratory judgment context of *Wilton*, observed: "[T]he case for exercising federal jurisdiction...is stronger in interpleader actions than in ordinary diversity cases..." 918 F.2d at 1072. The Campbell Defendants argue erroneously that the possibility of an inconsistent Florida state court result posited by the *Ashton* decision is a distinction from the case at bar. To the contrary there are many substantial differences between Nevada law, if it were to be applied to any degree in the Nevada lawsuit, and the law of this Court and the Second Circuit. These include different precedents on causes of action and interpretations as to availability of extracontractual damages that vary between the respective state and federal court systems. As with the Florida courts and this Court and the Second Circuit in *Ashton v. Paul,* this Court will face the same potential for conflicting decisions on choice of law involving the

complaint, the counterclaim, or cross-claims. Thus, the *Ashton* decision supports the injunction of the Nevada lawsuit under federal interpleader jurisdiction.

The Campbell Defendants also misinterpret the Court's holding in *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91 (2d Cir. 1983). In fact, that decision supported the injunction against a separate state law claim for tort damages sought by an interpleader defendant in a federal court lawsuit. The Second Circuit did ask the Federal District Court to determine whether the interpleader defendant actually consented to the discontinuance of his state law claims. The Second Circuit however explicitly stated that, regardless of the need to supplement the record, "we are of the view that it would have been within the district court's power and discretion to adjudicate Sterling's claim for consequential damages arising out of New York Life's allegedly tortious withholding of the cash surrender value...and thereafter to enjoin permanently Sterling's prosecution of such claims..." 700 F.2d at 96. The *Ashton* decision therefore supports the injunctive relief sought by Plaintiff MetLife in the case at bar.

Finally, *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp, et al.*, 108 F.3d 17 (2d Cir. 1997) does not support the motion to dismiss or the opposition to injunction of the Nevada lawsuit. In *Karp*, two estates of decedents who were killed in an airplane accident sued the pilot and a student pilot. After initially refusing coverage, the insurer agreed to defend the pilot's estate. The two estates obtained awards totaling $6.5 million in jury trials. The pilot's estate then sued the insurer in state court for reimbursement of the $4.7 million judgment, statutory damages and attorneys' fees. The insurer then attempted to interplead its policy limits of $5 million in federal court and be absolved of all further liability. The Second Circuit not surprisingly held that "National Union's action was not a typical interpleader action. Ordinarily, in an interpleader action the insurer is subject to conflicting claims to a policy, such as when two or more persons

are claiming to be policy beneficiaries..." 108 F.3d at 21. That is exactly the situation in the case at bar involving the Campbell defendants and Werner – and supports this Court's exercise of federal interpleader jurisdiction. In contrast, in *Karp,* there was no established policy fund like the 30% share of Cole Campbell's insurance policy. Instead, the court would first have to decide whether or not the pilot was "covered under the policy...in order to resolve whether [an] estate was entitled to recover the $4.7 million judgment... ". The Second Circuit held that the District Court correctly deferred to the state court which had already tried the wrongful death action. In summary, the *Karp* scenario – involving a wrongful death lawsuit, insurance coverage amount, and no established insurance amount at issue - is entirely different from the interpleader situation posited by the conflicting claims of the Campbell Defendants and Werner. In such cases, with or without counterclaims and cross-claims, this court has properly exercised federal interpleader jurisdiction.

## III. CONCLUSION

For the reasons stated in its Complaint, in its Reply to the Motion to Dismiss, and in this Response, Plaintiff MetLife respectfully submits that the motion by the Campbell Defendants to dismiss should be denied.  Further, MetLife respectfully requests that the Nevada lawsuit be permanently enjoined and that MetLife be allowed to interplead the contested 30% share of Cole Campbell's life insurance policy into the registry of this Court.

Dated: December 13, 2007

Respectfully submitted,
**d'ARCAMBAL, LEVINE & OUSLEY, LLP**

/s/ James M. Lenaghan
By:  James M. Lenaghan (JL-6473)
      Aimee P. Levine (AL-4386)
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175

Attorneys for Plaintiff and
Counterclaim Defendant Metropolitan Life
Insurance Company


### CERTIFICATE OF SERVICE

I certify that copies of the within Response were served by first class mail on  John T. Morin and Sean O'Leary, Esquires and Eugene Killian, Jr. and Ryan Milun, Esquires, Counsel for Defendants, on December 13, 2007.

/s/ James M. Lenaghan
James M. Lenaghan

11

# EXHIBIT A

1  1130
   WILLIAM D. NAEVE, ESQ.
2  Nevada Bar No. 7837
   AMY E. JONES, ESQ.
3  Nevada Bar No. 8517
   COTKIN & COLLINS
4  A PROFESSIONAL CORPORATION
   701 Bridger Avenue, Suite 700
5  Las Vegas, Nevada 89101
   Telephone (702) 384-1722
6
   Attorneys for Defendant,
7  METROPOLITAN LIFE INSURANCE COMPANY

8

9      IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

10              IN AND FOR THE COUNTY OF WASHOE

11

12 KATHRYN CLAIRE CAMPBELL,      )    CASE NO.: . CV 07 01631
                                 )    DEPT.: I
13          Plaintiff,           )
                                 )
14      vs.                      )
                                 )
15 CATHERINE WERNER; SHARON D.   )
   CAMPBELL; METROPOLITAN LIFE   )
16 INSURANCE COMPANY, a Foreign  )
   corporation; and DOES I-V,    )
17                               )
            Defendants.          )
18 _____)

19     **DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S**

20      **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**

21

22      Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter

23 "Defendant" or "METLIFE") by and through its attorneys of record, William D. Naeve

24 and Amy E. Jones, of the law firm of Cotkin & Collins, and in answer to the Complaint

25 for Declaratory Relief filed by Plaintiff KATHRYN CLAIRE CAMPBELL

26 ("Plaintiff") in the above-captioned matter, does herein admit, deny, and allege as

27 follows:

28 ///

5381-1.wpd

1    1.    In response to paragraph 1, this answering Defendant denies each and

2  every allegation contained in said paragraph because, although a beneficiary form on

3  file identifies this 20% share, Defendant CATHERINE WERNER ("WERNER") is

4  contesting this share based on factual and legal disputes as to the entitlement to the

5  funds.

6    2.    In response to paragraph 2, this answering Defendant admits that plaintiff

7  is a named beneficiary of a 10% interest in the life insurance policy which serves as the

8  subject matter of this declaratory judgment action.  This answering Defendant alleges

9  that it does not have sufficient information and belief in order to enable it to ascertain

10  the veracity of the remaining allegations contained within this paragraph, and based

11  upon such lack of information and belief denies, both generally and specifically, each

12  and every remaining allegation contained therein, and the whole thereof.

13    3.    In response to paragraph 3, this answering Defendant admits that

14  Defendant SHARON D. CAMPELL is a resident of North Carolina.  Except as is

15  expressly admitted herein above, this answering Defendant denies, both generally and

16  specifically, each and every remaining allegation contained in said paragraph because

17  although a beneficiary form on file identifies this 10% share, Defendant WERNER is

18  contesting this share based on factual and legal disputes as to the entitlement to the

19  funds.

20    4.    In response to paragraph 4, this answering Defendant admits that

21  METLIFE is a foreign corporation qualified to do business in Missouri and Nevada.

22  This answering Defendant denies the remainder of this paragraph.

23    5.    In response to paragraph 5, this answering Defendant denies each and

24  every allegation contained in said paragraph because no DOES would be appropriate

25  defendants in this case.

26    6.    In response to paragraph 6, this answering Defendant denies, both

27  generally and specifically, each and every allegation contained therein, and the whole

28  thereof.

36381-1.wpd

Case 1:07-cv-07310-GBD   Document 5-3   Filed 09/07/2007   Page 3 of 7

1      7.    In response to paragraphs 7, 8, and 9, this answering Defendant admits

2  same.

3      8.    In response to paragraph 10, this answering Defendant denies each and

4  every allegation contained in said paragraph in that the letter speaks for itself.

5      9.    In response to paragraph 11, this answering Defendant admits that

6  Plaintiff claimed entitlement to 20% of the life insurance proceeds.  This answering

7  Defendant denies the reminder of this paragraph.

8      10.    In response to paragraph 12, this answering Defendant admits that

9  Defendant WERNER has submitted writings in opposition to the distribution of the

10  20% share to Plaintiff.

11      11.    In response to paragraph 13, this answering Defendant admits that

12  Defendant WERNER has submitted writings in opposition to the distribution of the

13  10% share to Defendant SHARON D. CAMPBELL.

14      12.    In response to paragraph 14, this answering Defendant admits that

15  METROPOLITAN LIFE INSURANCE COMPANY has not paid the 20% share

16  because of the conflicting claims of Defendant WERNER and Plaintiff which

17  necessitated the filing of a Complaint in Interpleader in the United States District Court

18  for the Southern District of New York.  This answering Defendant denies the remainder

19  of this paragraph

20      13.    In response to paragraph 15, this answering Defendant admits that

21  METROPOLITAN LIFE INSURANCE COMPANY has not paid the 10% share

22  because of the conflicting claims filed by Defendants WERNER and SHARON D.

23  CAMPBELL, and each of them, which necessitated the filing of a Complaint in

24  Interpleader in the United States District Court for the Southern District of New York.

25  This answering Defendant denies the remainder of this paragraph.

26      14.    In response to paragraphs 16 and 17, this answering Defendant denies

27  each and every allegation contained in said paragraphs, and further adds that METLIFE

28  ///

36381-1.wpd

Case 1:07-cv-07310-GBD    Document 5-3    Filed 09/07/2007    Page 4 of 7

1    is withholding the proceeds and has filed a Complaint in Interpleader under 28 U.S.C.

2    §§ 1335 and 2361 in the Southern District of New York Federal Court because there

3    are factual and legal disputes as to who should receive the proceeds.

4

5                        **FIRST CLAIM FOR RELIEF**
                    **(Declaratory Relief Against All Defendants)**
6

7            15.    In response to paragraph 18, this answering Defendant repeats and

8    realleges its answers to the allegations contained within paragraphs 1 through 17 of

9    Plaintiff's Complaint as if the same were more fully set forth herein.

10           16.    In response to paragraphs 19 and 20, this answering Defendant

11   admits same.

12           17.    In response to paragraph 21, this answering Defendant denies, both

13   generally and specifically, each and every allegation contained within said paragraph as

14   phrased.

15           18.    In response to paragraph 22, this answering Defendant denies each and

16   every allegation contained in said paragraph in that the proper jurisdiction to issue such

17   a Declaratory Judgment and provide the relief sought within plaintiff's instant

18   Complaint is through the Complaint in Interpleader filed by this answering Defendant

19   in the United States District Court for the Southern District of New York.

20           19.    In response to paragraphs 23 and 24, this answering Defendant denies

21   each and every allegation contained in said paragraphs, which are conclusions of law,

22   and Defendant METLIFE adds that the proper jurisdiction to issue such a Declaratory

23   Judgment and provide the relief sought within plaintiff's instant Complaint is through

24   the Complaint in Interpleader filed by this answering Defendant in the United States

25   District Court for the Southern District of New York.

26   ///

27   ///

28   ///

6381-1.wpd

Case 1:07-cv-07310-GBD    Document 5-3    Filed 09/07/2007    Page 5 of 7

# **AFFIRMATIVE DEFENSES**

1. The Federal Court for the Southern District of New York has the jurisdiction to decide the conflicting claims, pursuant to 28 U.S.C. § § 1335 and 2361.

2. Defendant METLIFE has filed a statutory interpleader action pursuant to 28 U.S.C. § 1335 and will seek a restraining order pursuant to 28 U.S.C. § § 1335 and 2361 to enjoin the instant action.

3. Defendant METLIFE has no liability beyond the 30% share to be divided between Plaintiff KATHRYN CLAIRE CAMPBELL, and Defendants CATHERINE WERNER and SHARON D. CAMPBELL.

4. Defendant METLIFE is entitled to a dismissal with prejudice of all claims submitted by all parties to this matter and any of their assignees and representatives.

5. This Court should abate prosecution of this action and refuse to exercise its equitable jurisdiction herein in light of the interpleader action pending in the United States District Court for the Southern District of New York.

6. Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of estoppel.

7. Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of waiver.

8. Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of unclean hands.

9. Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint by reason of the doctrine of laches.

10. Defendant METLIFE alleges that Plaintiff is barred from recovering the relief sought in her Complaint inasmuch as the equities do not preponderate in her favor but, rather, preponderate in favor of this answering Defendant.

///

///

///

16381-1.wpd

Case 1:07-cv-07310-GBD    Document 5-3    Filed 09/07/2007    Page 6 of 7

1    **WHEREFORE,** this answering Defendant, METROPOLITAN LIFE

2  INSURANCE COMPANY, prays for relief as follows:

3        1.      For declaratory relief enjoining this action because the Federal Court for

4  the Southern District of New York will decide the conflicting claims pursuant to

5  28 U.S.C. § § 1335 and 2361.

6        2.      For a declaratory judgment affirming and recognizing the decision of the

7  Federal Court for the Southern District of New York as resolving the dispute over the

8  remaining 30% of the proceeds and releasing it from all claims by Plaintiff KATHRYN

9  CLAIRE CAMPBELL, and Defendants CATHERINE WERNER and SHARON D.

10  CAMPBELL and any of their assignees and representatives;

11        3.      For reimbursement of its costs of court and attorneys' fees;  and

12        4.      For such other and further relief as the Southern District of New York and

13  this Court find just and proper.

14

15  DATED: August 31, 2007

16                                    COTKIN & COLLINS
                                      A PROFESSIONAL CORPORATION

17

18                                              #9610

19            By:    _____ for
                     WILLIAM D. NAEVE, ESQ.

20                   Nevada Bar No. 7837
                     AMY E. JONES, ESQ.

21                   Nevada Bar No. 8517
                     COTKIN & COLLINS

22                   701 Bridger Avenue, Suite 700
                     Las Vegas, Nevada 89101

23                   (702) 384-1722

24                   Attorneys for Defendant, METROPOLITAN
                     LIFE INSURANCE COMPANY

25

26

27

28

16381-1.wpd

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 31 day of August 2007, I served a copy of the **DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF** upon each of the parties by depositing a copy of same in a sealed envelope in the United States Post Office, first-class postage fully prepaid, and addressed to those counsel of record:

Barry L. Breslow, Esq.
Natalie J. Reed, Esq.
ROBISON, BELAUSTEGUI, SHARP
& LOW
71 Washington Street
Reno, NV 89503

Counsel for Plaintiff
KATHRYN CLAIRE CAMPBELL
Tel: (775)329-3151
Fax: (775)329-7941

Sandra G. Lawrence, Esq.
Paul Cotsonis, Esq.
DYER, LAWRENCE, PENROSE
FLAHERTY & DONALSON
2805 North Mountain Street
Carson City, NV 89703

Counsel for Defendant and
Cross-Claimant
CATHERINE WERNER
Tel: (775) 885-1896
Fax: (775) 885-8728

Lance N. McKenzie, Esq.
AVANSINO, MELARKEY, KNOBEL
& MULLIGAN
4795 Caughlin Pkwy, Suite 100
Reno, NV 89509

Counsel for Defendant
and Cross-Claimant
SHARON D. CAMPBELL
Tel: (775)333-0300
Fax: (775)330-0305

_Dawn Allen_

Dawn Allen, an employee of
COTKIN & COLLINS

16381-1.wpd

**EXHIBIT B**

1320
BARRY L. BRESLOW, ESQ.
Nevada State Bar No. 3023
NATALIE J. REED, ESQ.
Nevada State Bar No. 7495
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, Nevada 89503
Telephone:   (775) 329-3151
Facsimile:   (775) 329-7941
Attorneys for Plaintiff Kathryn Claire Campbell

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| KATHRYN CLAIRE CAMPBELL,<br><br>       Plaintiff,<br><br>       vs.<br><br>CATHERINE WERNER; SHARON D. CAMPBELL; METROPOLITAN LIFE INSURANCE COMPANY, a Foreign corporation; and DOES I-V,<br><br>       Defendants.<br>_____/ | CASE NO.  CV07-01631<br><br>DEPT.  1<br><br>**CASE CONFERENCE REPORT OF PLAINTIFF KATHRYN CLAIRE CAMPBELL AND DEFENDANTS SHARON D. CAMPBELL AND METROPOLITAN LIFE INSURANCE COMPANY (BUT NOT CATHERINE WERNER)**<br><br>DISPUTE RESOLUTION<br>CONFERENCE REQUESTED<br><br>Yes:_____   No:__X__ |

I.

PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT

A.    DATE OF FILING COMPLAINT:  July 20, 2007

B.    DATE OF SERVICE OF COMPLAINT ON EACH DEFENDANT:

Defendant Catherine Werner was served on July 20, 2007; Metropolitan Life

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

1  Insurance was served on July 24, 2007; an Acknowledgment and Acceptance of

2  Service was executed by defendant Sharon Campbell's counsel on July 24, 2007.

3      C.    IF ANY DEFENDANT HAS FILED A MOTION PURSUANT TO RULE

4  12(b)(2)-(4), LIST DATE OF ENTRY OF ORDER DENYING SUCH MOTION: None.

5

6      D.    DATE OF FILING AND SERVICE OF ANSWER BY EACH DEFENDANT:

7  Defendant Werner filed her Answer and Cross Claim on August 9, 2007; defendant

8  Sharon Campbell filed her Answer and Cross Claim on August 15, 2007; defendant

9  Werner filed her Answer to Sharon Campbell's Cross Claim on August 31, 2007;

10  Metropolitan Life Insurance filed its Answer to the Complaint and its Answers to

11  the Cross Claims filed by Sharon Campbell and Catherine Werner on August 31,

12  2007, and its Amended Answers on September 4, 2007.

13      E.    DATES OF ANY EXTENSIONS BY STIPULATION OR ORDER TO

14  ATTEND THE EARLY CASE CONFERENCE AND THE INCLUSIVE DATES OF SUCH

15  EXTENSIONS: None.

16

17      F.    DATE THAT EARLY CASE CONFERENCE WAS HELD AND WHO

18  ATTENDED:   September 11, 2007.  Barry L. Breslow, Esq. was present on behalf

19  of plaintiff; Lance McKenzie, Esq. was present on behalf of defendant Sharon

20  Campbell; Thomas A. Wilczek, Esq. appeared telephonically on behalf of defendant

21  Catherine Werner; and Amy Jones, Esq. appeared telephonically on behalf of

22  defendant Metropolitan Life Insurance Company.  Mr. James Lenaghan, Esq. and

23  Aimee Levine, Esq. both of New York participated in the conference by telephone

24  because they are counsel for Metropolitan Life in the New York litigation that is

25  discussed below in II(A).  Neither Mr. Lenaghan or Ms. Levine have moved to be

26  admitted pro hac vice in this case.  No party objected to Mr. Lenaghan and Ms.

27  Levine's participation n the conference by telephone.

28

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

2

II.

## A BRIEF DESCRIPTION OF THE NATURE OF THE ACTION AND EACH CLAIM FOR RELIEF OR DEFENSE

A.      DESCRIPTION OF THE ACTION: This case is a dispute regarding 30% of the proceeds of a $1,026,000.00 life insurance policy obtained by the late Cole Campbell. Plaintiff Kathryn Claire Campbell is designated as a 20% beneficiary, and defendant Sharon Campbell is designated as a 10% beneficiary of the policy. Cole Campbell's late wife, Catherine Werner, has already received the other 70% representing $700,000.00, as a designated beneficiary of the MetLife policy. Catherine maintains that she is entitled to the remaining 30% because her late husband meant to change the beneficiary designations, whereas plaintiff Claire (Cole's daughter) and Sharon maintain that they are the rightful beneficiaries and that Catherine has no claim to the additional 30%. Defendant MetLife has been sued by plaintiff seeking a declaration that MetLife must pay pursuant to Cole's beneficiary designations.

Metropolitan Life Insurance Company has filed a Complaint in Interpleader in the United States District Court for the Southern District of New York, Case No. 07 CV 7310. Metropolitan Life Insurance Company is of the position that the dates contained in this Joint Case Conference Report are without prejudice to its position that the New York case should dispose of the matter and should enjoin the Nevada lawsuit.

III.

## DOCUMENTS PROVIDED AT OR AS A RESULT OF THE CASE CONFERENCE AND OBJECTIONS, IF ANY, THAT SUCH DOCUMENTS ARE NOT AUTHENTIC OR GENUINE:

On September 10, 2007, Plaintiff mailed its initial disclosures required by Rule 16.1 as to production of documents, a copy of which is attached hereto as

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

3

1  Exhibit 1.

2      No other party served or made its initial disclosures, but will do so within a

3  reasonable time.

4      Plaintiff has previously served her demand upon defendants Catherine Werner

5  and Metropolitan Life Insurance Company, and they will respond within a

6  reasonable time to those demands.

7

8      **A. Documents provided at case conference by plaintiff:**

9      A list of the documents produced by plaintiff was mailed on September 10,

10  2007, a copy of which is attached as Exhibit 1.

11      **B. Documents to be provided by plaintiff as a result of case conference, and**

12  **when they will be provided:** N/A.

13      **C. Documents provided at case conference by defendants:** None

14      **D. Documents to be provided by defendants as a result of case conference,**

15  **and when they will be provided:** Defendants are in the process of assembling their

16

17  documents and will provide a written response to plaintiff's case conference

18  production demand promptly.

19                              IV.

20      **LIST OF PERSONS EXCHANGED AT CASE CONFERENCE ALONG**
    **WITH LOCATION OF THE PERSON AND A GENERAL DESCRIPTION**
21  **OF THE SUBJECT MATTER OF THAT PERSON'S TESTIMONY:**

22

23      **A. Plaintiff's List:** On September 10, 2007, plaintiff mailed the initial

24  disclosures required by Rule 16.1 as to potential witnesses, a copy of which is

25  attached hereto as Exhibit 2.

26      **B. Defendants' List:** None has yet been provided, although defendants will

27  do so within a reasonable period of time.

28

ROBISON,
BELAUSTEGUI
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

                              4

## VI.

## ADDITIONAL DISCOVERY PLAN:

**A. Proposed plan of discovery:**   The parties will proceed with formal discovery pursuant to the Nevada Rules of Civil Procedure and the discovery cut-off date will be 45 days prior to the date of trial.

**B. Schedule of additional discovery:**   All available under the Nevada Rules of Civil Procedure.

**C. Estimate of time required for discovery:**   Until 45 days prior to trial.

**D. Stipulations re: limitations or conditions on additional discovery:** N/A.

**E. Time required for trial:** 5 days.

**F. Jury demand filed:**   Defendant Catherine Werner has demanded a jury.

**G. Trial has been set to convene:**   August 11 through 15, 2008.

## VII.

## UNRESOLVED DISCOVERY QUESTIONS AT THIS TIME:

None, although the parties reserve their right to raise discovery issues after reviewing the respective disclosures.

## VIII.

## THE UNDERSIGNED ATTORNEYS AFFIRM THEY HAVE DISCUSSED POSSIBLE SETTLEMENT OF THE ACTION, AS WELL AS USE OF EXTRAJUDICIAL PROCEDURES OR ALTERNATE METHODS OF DISPUTE RESOLUTION TO RESOLVE THIS CASE

Settlement discussions have occurred, but have proven unsuccessful.

///
///
///
///

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

5

1    This report is signed in accordance with Rule 11 of the Nevada Rules of Civil

2    Procedure.

3    Dated this _____ day of _____, 2007.

4    ROBISON, BELAUSTEGUI, SHARP & LOW
5    71 Washington Street
     Reno, Nevada 89503

6

7    By:_____
8        BARRY L. BRESLOW, ESQ.
         (NSB #3023)
9        Attorneys for Plaintiffs

10   Dated this __4th__ day of _October_, 2007.

11
     COTKIN & COLLINS
12   701 Bridger Avenue, Suite 700
     Las Vegas, NV 89101
13

14   By:_____
15       AMY JONES, ESQ. (NSB #8517)
         Attorneys for Defendant
16       Metropolitan Life Insurance Co.

17
     Dated this _____ day of _____, 2007.
18
     AVANSINO, MELARKEY KNOBEL & MULLIGAN
19   4795 Caughlin Pkwy #100
     Reno, NV 89519
20

21
     By:_____
22       LANCE McKENZIE, ESQ.
         (NSB #7088)
23       Attorneys for Defendant Sharon
         Campbell

24

25
                    J:\WPData\NJR\25090.002-CAMPBELL Metlife\P-NRCP 16-1 Case Conference Report.wpd
26

27

28

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

6

**EXHIBIT C**



**LexisNexis®** *Total Research System*     Switch Client ┊ Preferences ┊ Sign Off ┊ ⟨?⟩ Help

*My Lexis*™ ▼ Search ▼ Research Tasks ▼ Get a Document ▼ *Shepard's*® ▼ Alerts ▼ Total Litigator ▼ Dossier ┊ History ┊ ⌁

Service: Get by LEXSEE®
Citation: 1994 U.S. Dist. LEXIS 11710

*1994 U.S. Dist. LEXIS 11710, \**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, v. JENNIE ROWSON, FRANCES LAWSON and LORRAINE SMITH, Defendants.

93 CIV. 7738 (KMW)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1994 U.S. Dist. LEXIS 11710

August 18, 1994, Decided
August 19, 1994, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff insurer filed an interpleader action to determine the rightful beneficiaries of the benefits payable under a group insurance policy upon the death of the insured. Defendants, the insured's aunt and cousin, filed motions for summary judgment. Defendant claimant sought leave to file an amended answer in order to file a breach of contract action against the insurer in the event the court granted the motions for summary judgment.

**OVERVIEW:** The insured's aunt and cousin were named beneficiaries of the policy. The insured then named the claimant as a beneficiary on an unsigned change form. A certificate was issued, based on the change form, acknowledging the change in beneficiary. All three beneficiaries filed claims with the insurer upon the insured's death, and the insurer filed an action seeking an order discharging it from all liability for payment of benefits under the policy. In support of their motions for summary judgment, the aunt and cousin declared they were entitled to receive one-half the proceeds each because the attempted change of beneficiary was invalid without the insured's signature. The claimant argued that even though there was no signature on the change form as required by the policy and by N.Y. Est. Powers & Trusts Law § 13.3.2(e), the court should look to the insured's intent. The court granted the motions for summary judgment and held that there was no genuine dispute as to the lack of the insured's signature on the change form, and the aunt and cousin were entitled to the proceeds of the policy as a matter of law. The claimant's motion to amend her answer was denied pending further discovery.

**OUTCOME:** The court granted the motions for summary judgment filed by the insured's aunt and cousin, and awarded the aunt and cousin the proceeds of the policy. The claimant's motion for leave to serve an amended answer was denied pending further discovery on the issue of the insurer's acknowledgment of the claimant as beneficiary.

**CORE TERMS:** beneficiary, insured, counterclaim, change of beneficiary, summary judgment, certificate, designation, decedent's, discovery, signature, insurance policy, administrator, amend, card, interpleader action, ineffective, stakeholder, unsigned, barring, notice, waive, clerk, breach of contract, renewal, naming, leave to amend, counsel stated,

contemporaneous, acknowledgement, interpleader

## LEXISNEXIS® HEADNOTES                                                    ⊟Hide

Estate, Gift & Trust Law > Trusts > Beneficiaries > General Overview
Estate, Gift & Trust Law > Wills > Beneficiaries > General Overview
Insurance Law > Life Insurance > Beneficiaries > Changes

*HN1* N.Y. Est. Powers & Trusts Law § 13.3.2(e) provides: A designation of a beneficiary
   or payee to receive payment upon death of the person making the designation
   must be made in writing and signed by the person making the
   designation.  More Like This Headnote | *Shepardize: Restrict By Headnote*

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > General Overview
Civil Procedure > Pleading & Practice > Pleadings > Cross-Claims > General Overview
Civil Procedure > Parties > Interpleaders > General Overview

*HN2* A claimant may assert a counterclaim against a stakeholder in an interpleader
   action, provided the counterclaim arises out of the same transaction or occurrence
   as those underlying the interpleader.  More Like This Headnote |
   *Shepardize: Restrict By Headnote*

**JUDGES:** [*1] Wood

**OPINION BY:** KIMBA M. WOOD

**OPINION**

MEMORANDUM OPINION AND ORDER

WOOD, D.J.

This is an interpleader action brought by plaintiff, The
Prudential Insurance Company of America ("Prudential"), to determine the rightful
beneficiaries of the benefits payable under Prudential Group Insurance Policy No. G-31681
("the Policy") upon the death of the insured, Donald Shipman ("the Insured"). Defendants
Jennie Rowson and Lorraine Smith each move for summary judgment declaring that they are
entitled to receive one-half the proceeds of the Policy. In the event that Rowson's and
Smith's summary judgment motions are granted, defendant Lawson seeks leave to file an
amended answer, in order to bring a counterclaim for breach of contract against Prudential.
For the reasons stated below, the court grants Rowson's and Smith's motions for summary
judgment. Lawson's motion for leave to amend her complaint is denied, without prejudice to
its renewal upon a showing that amendment would not be futile.

Having deposited the proceeds of the Policy into the registry of the court on November 10,
Prudential seeks an order discharging it from all liability for payment of benefits under the
Policy, and dismissing Prudential from this [*2] action. Prudential also seeks an injunction
barring defendants from bringing any other action for the proceeds of the Policy in any
forum. Prudential's request to be discharged and dismissed from this action, and its request
for an order barring other proceedings by defendants, are held in abeyance pending a
determination of the propriety of Lawson's proposed counterclaim.

**Background**

On July 18, 1991, the Insured signed a Group Insurance Enrollment Form ("the Enrollment Form") naming defendant Jennie Rowson, his aunt, and defendant Lorraine Smith, his cousin, as the beneficiaries of the Policy. The Policy provides that any change of beneficiary must be by a notice of change form satisfactory to Prudential, and shall take effect "on the date the notice was signed." Rowson's Ex. F. On or about June 26, 1992, an unsigned, undated Group Insurance Change Form (the "Change Form") was received, naming defendant Frances Lawson beneficiary of the Policy. Rowson's Ex. G; Lawson's Ex. A. On the basis of the unsigned Change Form, a certificate was issued to the Insured acknowledging the change in beneficiary. [1] Lawson's Ex. A. The Insured died on February 4, 1993. Rowson's Ex. H. All three [*3] defendants filed claims with Prudential for the proceeds of the Policy.

### FOOTNOTES

1 Lawson alleges that the Change Form was received, and the certificate issued, by Prudential. Proposed Amended Answer at P 15. At a conference before the court on November 29, 1993, Prudential's counsel stated that the Change Form was received, and the certificate issued, by Professional Pensions, Inc., the Group Administrator of the Policy. Transcript of November 29 Conference at 5. The parties have conducted no discovery on this issue.

### Analysis

A. *The Summary Judgment Motions*

Rowson and Smith argue that they are entitled to summary judgment awarding them each one-half of the proceeds of the Policy pursuant to New York's Estates, Powers and Trusts Law ("EPTL") § 13.3.2(e) (1992). The court agrees. [HN1] EPTL § 13.3.2(e) provides that "[a] designation of a beneficiary or payee to receive payment upon death of the person making the designation . . . must be made in writing and signed by the person making the designation." The New York Court [*4] of Appeals has extended § 13.3.2(e)'s signature requirement to a change of beneficiary. *Androvette v. Treadwell*, 73 N.Y.2d 746, 536 N.Y.S.2d 43, 44, 532 N.E.2d 1271 (1988) (holding that lack of contemporaneous signature by decedent rendered change of beneficiary ineffective under the plain terms of § 13.3.2(d) [now § 13.3.2(e)]); *see also Mohawk Airlines, Inc. v. Peach*, 61 A.D.2d 346, 402 N.Y.S.2d 496, 498 (4th Dep't 1978) (section 13.3.2(d) [now § 13.3.2(e)] "provides that a change in beneficiary must be made in writing and signed by the employee. . . "). Under § 13.3.2.(e), the designation of Rowson and Smith became effective on July 18, 1991, when the Insured signed the Enrollment Form. The attempted change of beneficiary to Lawson, however, was not signed, and, under the statute as interpreted by *Androvette*, never became effective. Therefore Rowson and Smith remain the beneficiaries of the Policy, and they are entitled to its proceeds.

In response, Lawson contends that both EPTL § 13.3.2(e) and the Policy's requirement that changes of beneficiary must be in writing are [*5] intended to protect the insurance company, and may be waived by the company's acceptance of a change that falls short of the statutory and contractual requirements. Citing *Kane v. Union Mutual Life Ins. Co.*, 84 A.D.2d 148, 445 N.Y.S.2d 549, 553 (2d Dep't 1981), Lawson argues that, when an insurer becomes a stakeholder by bringing an action for interpleader, it waives its right to compliance with the terms of the policy and EPTL § 13.3.2, and the question before the court becomes "what the insured apparently intended," and which claimant has "the strongest claim under existing conditions." *See also In re Estate of Morse*, 150 Misc. 2d 415, 568 N.Y.S.2d 689, 691 (Surrogate's Court, N.Y. Cty. 1991) (holding change of IRA beneficiary by will valid, although it did not comply with terms of brokerage agreement, and observing,

"since a party may waive the provisions of its contract and even a beneficial statute such as § 13.3.2, it would appear that such a party may also waive the provisions of an IRA brokerage contract"). According to Lawson, the Insured's intent was to change the beneficiary of the **[*6]** Policy to Lawson, and the court should ignore the requirements of § 13.3.2(e) and effectuate that alleged intent. I disagree.

The New York Court of Appeals rejected an argument similar to Lawson's in *Androvette, 536 N.Y.S.2d 43*, reversing a holding by the Second Department, Appellate Division. *See Androvette v. Treadwell, 137 A.D.2d 737, 525 N.Y.S.2d 56* (2d Dep't 1988). In *Androvette,* the administrator of the insurance program permitted insureds to change beneficiaries by coming to the office and advising a clerk of the proposed change. The clerk then removed the name of the old beneficiary from the Insured's original, signed, insurance card, and inserted the name of the new beneficiary. The administrator did not require that the card be signed or initialed after the change, and the insurer always accepted cards with these changes. The lower court held that this process sufficiently complied with EPTL § 13.3.2, and found that the insured's conduct clearly reflected his intention to change beneficiaries. The Court of Appeals reversed, because the insured did not sign the card **[*7]** at the time the change was made:

> Although the lower courts found that this change was made at decedent's direction and reflected his intent, the lack of a contemporaneous signature by decedent indicating his assent renders the change of beneficiary ineffective under the plain terms of EPTL § 13.3.2(d) [now § 13.3.2(e)]. The statute plainly requires that the designation of a beneficiary under a group life insurance policy "must be made in writing and signed by the person making the designation." Decedent's signature, rendered when he originally designated plaintiff as beneficiary, cannot validate his later attempt to change beneficiary.

Although *Androvette* was a stakeholder action, the Court of Appeals, significantly, did not hold that the posture of the case effected a "waiver" of the statutory requirements, such that compliance with statute became irrelevant, and the intent of the insured the sole issue before the court. I conclude that *Androvette* compels summary judgment in favor of Rowson and Smith.

Even if *Androvette* were not dispositive, the decisions relied on by Lawson to oppose Rowson's and Smith's summary judgment motions differ significantly from the **[*8]** case at bar. Each of them involves an attempt to change beneficiaries that was made in writing and signed by the insured, but that failed to comply with the terms of the insurance policy or other instrument. *See, e.g. Lopez v. Massachusetts Mutual Life Ins. Co., 170 A.D.2d 583, 566 N.Y.S.2d 359* (2d Dep't 1991) (insured changed beneficiary of insurance policy by handwritten, signed letter); *Kane, 84 A.D.2d 148, 445 N.Y.S.2d 549* (insured changed beneficiary of annuity by will signed by testator, rather than by change of beneficiary form); *Morse, 150 Misc. 2d 415, 568 N.Y.S.2d 689* (decedent changed beneficiary of IRA by valid will, rather than by written notice to custodian). Lawson cites no authority for the proposition that an *unsigned* writing purporting to change beneficiaries is effective. [2]

**FOOTNOTES**

2 For similar reasons, I reject Lawson's contention that there is a triable issue of fact as to whether the Change Form substantially complies with the requirements of § 13.3.2(e). Lawson Mem. at P 10. I find this argument foreclosed by *Androvette* and by *Mohawk Airlines, 402 N.Y.S.2d at 498* (decedent's failure to initial written memorandum summarizing changes in beneficiaries of retirement plans rendered the changes ineffective). Lawson offers no reasons in support of her substantial compliance argument, other than the unsubstantiated claim that the Change Form is in the Insured's

handwriting, and she cites no authority for the proposition that an attempt to change beneficiaries, made in writing but without signature, substantially complies with EPTL § 13.3.2(e).

[*9] I conclude that there is no genuine dispute as to any material fact, and that Rowson and Smith are entitled to the proceeds of the Policy as a matter of law.

B. *Lawson's Motion to Amend Her Answer*

Lawson argues that, even if Rowson and Smith are entitled to the proceeds of the Policy under New York law, she has a claim against Prudential for the value of those proceeds under a theory of breach of contract. Lawson claims that Prudential issued a certificate to the Insured acknowledging the change of beneficiary form naming Lawson. Proposed Amended Answer at P 15. She argues that this alleged conduct created a contract between the Insured and Prudential of which Lawson was a third-party beneficiary. Lawson alleges that, by failing to pay the proceeds of the policy to her, Prudential breached its contract with the Insured, and seeks to amend her answer to assert a counterclaim against Prudential for breach of contract.

The rule in the majority of jurisdictions is that *HN2*a claimant may assert a counterclaim against a stakeholder in an interpleader action, provided the counterclaim arises out of the same transaction or occurrence as those underlying the interpleader. See *Wasserman v. Fidelity and Deposit Co., 490 F. Supp. 564 (S.D.N.Y. 1979)*, [*10] citing *Liberty National Bank & Trust Co. v. Acme Tool Division*, 540 F.2d 1375, 1379-81 (10th Cir. 1976); see also *Bell v. Nutmeg Airways Corp.*, 66 F.R.D. 1, 4 (D.Conn. 1975); 7 *Wright and Miller*, section 1715 at 592. The court has supplemental jurisdiction over such counterclaims pursuant to 28 U.S.C. § 1367. 7 *Bell*, 66 F.R.D. at 4; 7 *Wright and Miller* section 1715 at 592. Lawson's proposed counterclaim clearly arises out of the same transaction and occurrence that gave rise to this interpleader action, and thus there is no procedural bar to its assertion here.

However, at a conference before the court on November 29, 1993, Prudential's counsel stated that Prudential did not issue a certificate acknowledging a change of beneficiary to Lawson, but that such a certificate was issued by Professional Pensions, Inc., the Group Administrator of the Policy. See supra note 1. The allegation that Prudential acknowledged Lawson as the beneficiary under the Policy appears to be a necessary element of Lawson's proposed counterclaim. Thus, if Prudential's counsel is correct, amendment [*11] of Lawson's answer may prove futile. Lawson's motion to amend her answer is therefore denied, pending additional discovery on the issue of Prudential's acknowledgement of Lawson as a beneficiary. See *Valdan Sportswear v. Montgomery Ward & Co.*, 591 F. Supp. 1188, 1190 (S.D.N.Y. 1984) (although leave to amend shall be granted freely, leave need not be granted to permit amendment embodying a plainly defective claim). Lawson may renew her motion to amend her answer by letter to the court, if amendment appears warranted after discovery. Such a letter must describe the factual basis of, and must cite legal authority for, the proposed counterclaim.

Because Lawson's proposed counterclaim constitutes a potential defense to Prudential's request to be discharged from liability for payment of the proceeds of the Policy, see *Bell*, 66 F.R.D. at 4, Prudential's request for discharge and dismissal, and for an order barring other actions by defendants relating to the proceeds of the Policy, must be held in abeyance pending the determination of the propriety of Lawson's counterclaim.

**Conclusion**

Rowson's and Smith's motions for summary **[*12]** judgment are hereby granted. The Clerk of the Court is hereby directed to enter judgment in favor of Rowson and Smith, and to pay over to Rowson and Smith the proceeds of the Policy, which were deposited with the Cashier of the Court on November 10, 1993.

Lawson's motion for leave to serve an amended answer is hereby denied, without prejudice to its renewal. The parties are directed to conduct discovery on the issue of Prudential's acknowledgement of Lawson as beneficiary. Such discovery shall be completed by October 15, 1994. Any renewal of Lawson's motion for leave to serve an amended answer must be made in accordance with the instructions set forth above, no later than October 30, 1994.

SO ORDERED.

DATED: New York, New York

August 18, 1994

Kimba M. Wood

United States District Judge

Service: **Get by LEXSEE®**
Citation: **1994 U.S. Dist. LEXIS 11710**
View: Full
Date/Time: Monday, December 10, 2007 - 2:52 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any Shepard's signal to Shepardize® that case.

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

 LexisNexis®    About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.